USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/04/2019

October 22, 2019

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern
District of New York
40 Foley Square
New York, NY 10007

*Allianz Global Investors GmbH, et al. v. Bank of America Corporation, et al.*, 1:18-cv-10364

Dear Judge Schofield:

      In accordance with the Court's Order dated October 16, 2019, Dkt. No. 311 ("Order"), we respond to Defendants' reply letter seeking production of additional consultant-related materials. *See* Dkt. No. 308 ("Reply"). Defendants continue to conflate three categories of documents.

      The first category consists of the raw data utilized to draft the complaint. In compliance with the Court's January 17, 2019 order, *see* Dkt. No. 143, Plaintiffs produced more than 15 gigabytes of data from Reuters Tick History for FX spot quotes, future trades, and future quotes, and from TickData for FX spot quotes. Defendants argue this is not *all* the data required "to recreate [Plaintiffs'] economic analyses." Reply at 1. This is misleading. The only raw data Defendants could possibly be referring to here is a small subset that Plaintiffs no longer possess because their consultants' Reuters subscription prohibited them from keeping it. Thus, there is *nothing* for the Court to resolve because Plaintiffs have no more data in their control that could be produced. But this does not mean Defendants are left in the dark—they can obtain the same data directly from Reuters. We have even offered to assist.

      The second category consists of the "assumptions, models, codes, reports, or other materials" that Plaintiffs' non-testifying consultants used to prepare their economic analyses in the complaint. Reply at 1. But these materials are pure work product. They would reveal how Plaintiffs' non-testifying consultants interpreted the raw data to produce the charts and allegations in the complaint. Given Defendants' lack of diligence in raising this dispute, it must be obvious that Defendants are seeking to piggyback off Plaintiffs' privileged efforts. Preventing such gamesmanship is one of the main reasons the work-product doctrine exists in the first place. *See, e.g.*, *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995).

      The third category is an even more egregious invasion of the privilege. Here, Defendants seek to compel us to produce expert analyses *not appearing in the complaint at all—*that is, work product regarding Plaintiffs' general investigation of the case. Specifically, Defendants seek all "materials created, used, *or considered*" by Plaintiffs' consultants. *See* Reply at 1 (emphasis

added).  This sprawling request encompasses essentially everything our consultants touched—including potentially communications with counsel.  This would not just involve a piggybacking of efforts; it would strike at the very core of the work-product doctrine by revealing attorneys' mental impressions about the potential strengths and weaknesses of this case.  *See, e.g.*, *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998).

To override a claim of work product, Defendants must show "exceptional circumstances" where (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.  *See* Dkt. No. 302 at 2 & n.2; Fed. R. Civ. P. 26(b)(4)(D); Fed. R. Evid. 502(a).  Defendants still fail to make any credible showing as to any of these elements, and the Reply fails to mention, much less distinguish, the weight of authorities protecting as work product pre-litigation analyses referenced in complaints against similar claims of "waiver."  Instead, Defendants cite *In re Symbol Technologies Inc. Securities Litigation*, even though in that case the court found a subject-matter waiver as a result of plaintiff's selective disclosure of interview memoranda during cross-examination of deponents.  2017 WL 1233842, at *14-16 (E.D.N.Y. Mar. 31, 2017).  By contrast, Plaintiffs have repeatedly stated that they do not intend to rely on the analyses in the complaint to prove their claims at trial, but instead will rely on more up-to-date analyses prepared after full discovery.[1]  Defendants will eventually get full disclosure of all relevant materials pursuant to Rule 26.  Furthermore, even if recreating the complaint's tables and charts were relevant to the case going forward, again, Defendants already have (or can get) all the data necessary to do so.  Defendants thus still fail to show any of the factors for waiver have been met, let alone justify the requested sweeping incursion into Plaintiffs' privileges.

Indeed, rather than trying to actually support their waiver argument, Defendants' Reply is instead full of pleas to the Court to ignore the complaint's allegations because "Plaintiffs' analyses lack any indicia of reliability."  Reply at 1.  This confirms the pending "motion to compel"—strategically timed in belated fashion months after the underlying conferrals ended—was never really about obtaining discovery.  It has always been a thinly disguised attempt to make improper arguments regarding Defendants' flailing motions to dismiss.

Respectfully submitted,

*/s/ Daniel L. Brockett*_____
Daniel L. Brockett

For substantially the reasons stated in Plaintiffs' letters at Dkt. Nos. 302 and 317, Defendants' letter motion to compel is DENIED.  Principles of fairness do not require production; even had Defendants had access to Plaintiffs' attorney work product prior to moving to dismiss and accordingly incorporated objections to Plaintiffs' analyses into their arguments, the Court is required to proceed on the assumption that the Complaint's factual allegations are true "[e]ven if their truth seems doubtful."  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).  And, as Plaintiffs have disclaimed future reliance on the at-issue analyses, Defendants will not be prejudiced moving forward.

Dated: November 4, 2019
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com

Anthony Alden (pro hac vice)
Jeremy D. Andersen (pro hac vice)
Chris R. Barker (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
anthonyalden@quinnemanuel.com
jeremyandersen@quinnemanuel.com
chrisbarker@quinnemanuel.com

*Counsel for Plaintiffs*