Application DENIED. When a defendant files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction . . . *notwithstanding any controverting presentation by the moving party*, to defeat the motion." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 85-86 (2d Cir. 2013) (emphasis in original). "[I]n the absence of an evidentiary hearing, it [would be] error for the district court to resolve [a] factual dispute" in a defendant's favor. *Id.* This does not "prevent [Societe Generale] from challenging the jurisdictional facts at trial, when [Plaintiffs will] have to prove the facts supporting jurisdiction by a preponderance of the evidence." *Id.* at 86-87; *accord Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 290 (S.D.N.Y. 2019).

In any event, "[i]t is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court.'" *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order); *accord Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 Civ. 7907, 2020 WL 1812868, at *1 (S.D.N.Y. Apr. 8, 2020).

Dated: May 13, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Allianz Global Investors GmbH, et al. v. Bank of Am. Corp., et al.*, 18-cv-10364

Dear Judge Schofield:

Pursuant to Local Rule 6.3, we write on behalf of Defendant Société Générale ("Société Générale") to request leave to file a declaration in connection with Société Générale's anticipated May 14, 2020 filing of a motion for reconsideration of the Court's April 30, 2020 Order and Opinion (the "Order") denying Société Générale's motion to dismiss the Second Amended Complaint (the "Complaint").

The linchpin of the Order as it pertains to Société Générale is the Court's finding that the Complaint sufficiently alleged that Société Générale "participated in multiple multi-bank chats in furtherance of the conspiracy." Order at 10 & n.6. Société Générale's motion will show that this finding constitutes a clear error of fact and that the only relevant chat is the one described in paragraph 744 of the Complaint, which Société Générale pointed out in its moving papers did not discuss spreads or benchmarks, an assertion that the Court did not dispute. *Id.* at n.6.

The need for the declaration arises because two interbank chats cited in the Complaint at paragraphs 743 and 751, the former of which was the only one quoted in the Order, *id.*, did not involve Société Générale, and in fact did not include any Société Générale participants. The declaration will demonstrate that the participant in those chats attributed to Société Générale was an individual who worked at an Asian trading company unaffiliated with Société Générale. In particular, the declaration will describe that Société Générale was unable to locate these two chats in its internal databases, Société Générale's counsel only found these chats in another Defendant's production, the email address is that of an Asian trading company unaffiliated with Société Générale, and that the individual was never employed by Société Générale during the relevant time period.

If this Court permits Société Générale to file the declaration, Société Générale intends to redact personal-identifying information contained in the declaration, and file three accompanying exhibits under seal pursuant to this Court's Individual Rule 1.D and Section 12 of the Stipulation and Amended Order of Confidentiality (ECF No. 388). The three exhibits are: (i) the two misattributed chats excerpted by Plaintiffs at paragraphs 743 and 751 of the Complaint; and (ii) a redacted excerpt of an additional chat

newly obtained showing conclusively that the individual appearing in the two misattributed chats is not affiliated with Société Générale in any way.

These chats have been designated as "Confidential" under the Stipulation and Amended Order of Confidentiality (ECF No. 388) and contain personal-identifying information potentially subject to foreign data privacy rules preventing their public disclosure.  Accordingly, filing under seal is appropriate.  *See* August 1, 2019 Order at 1 (ECF No. 251) (granting leave to file certain documents wholly under seal where (i) "they are designated Confidential or Highly Confidential under the Protective Order entered in this case," and (ii) "they contain information that may require confidential treatment under 'applicable foreign bank secrecy and data privacy laws'").

Respectfully submitted,

/s/ *James R. Warnot, Jr.*_____

James R. Warnot, Jr.

Linklaters LLP