UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
ALLIANZ GLOBAL INVESTORS GMBH, et                           :
al.,                                                        :      18 Civ. 10364 (LGS)
                                      Plaintiffs,           :
                                                            :             ORDER
                       -against-                            :
                                                            :
BANK OF AMERICA CORPORATION, et al.,                        :
                                      Defendants.           :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 30, 2020, an Opinion and Order (the "Opinion") was issued granting in part and denying in part Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. No. 389). In relevant part, the Opinion denied the motion to dismiss Defendant Societe Generale ("SocGen");

WHEREAS, on May 14, 2020, SocGen filed a motion for reconsideration of that holding (Dkt. No. 399);

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted). The

standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, SocGen does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice. SocGen argues for the first time in its motion for reconsideration that certain of the chats on which the Opinion relies in finding personal jurisdiction -- including the chat identified in the Opinion as plausibly referring to unlawful conduct -- were misattributed to SocGen in the Complaint, and that the actual participating traders were employees of an unrelated entity. But "[i]t is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]" *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order); *see also Tonga Partners, L.P.*, 684 F.3d at 52 ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court *overlooked*." (emphasis added)). SocGen waived this argument when it failed to raise it in its motion to dismiss, and the motion for reconsideration is properly denied for that reason alone.[1] *See Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 409 F. App'x at 403 ("The district court properly determined that the argument was not properly raised for the first time on a motion for reconsideration, and deemed it waived—a finding we affirm."); *accord Media Glow Digital, LLC v. Panasonic Corp. of N.*

---

[1] That Defendants, in the reply in support of the motion to dismiss, reference Plaintiffs' opposition and refer to the chat described in paragraph 744 of the Complaint as "the only chat on which Plaintiffs rely" is not sufficient to find that SocGen's motion for reconsideration "maintains the same position" as the motion to dismiss.

2

*Am.*, No. 16 Civ. 7907, 2020 WL 1812868, at *1 (S.D.N.Y. Apr. 8, 2020) ("[A] request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court.").

The motion also fails on the merits. SocGen argues that the Court can consider the transcripts of the chats as "documents upon which the complaint relies and which are integral to the complaint." *Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). Accepting for purposes of this Opinion that the chat transcripts are integral to the Complaint, per the representations made in SocGen's motion the chat transcripts do not clearly indicate that the Complaint misrepresents the chat participants. SocGen asserts that the transcripts of the chats refer to the at-issue participant by an email address at the domain "sg@reuters.com," and that domain does not belong to SocGen. But that email domain does not clearly establish that the author of the email has no relationship with SocGen. SocGen further argues that a comparison to the chats in which SocGen traders did participate (which allegedly identify those traders as "[Name] (SOCIETE GENERALE)") demonstrate that the chat participants were employed by a different entity, and that "subsequent searches across produced materials confirm" that this email domain belongs to a different entity. But the additional investigation required to prove SocGen's assertion that the Complaint's allegations are factually incorrect cannot be taken at this stage of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), where "it [would be] error for the district court to resolve [a] factual dispute" in a defendant's favor. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85-86 (2d Cir. 2013) (emphasis in original).

3

SocGen's cited cases are not to the contrary.  *See Affiliated FM Ins. Co. v. Kuehne + Nagel, Inc.*, 328 F. Supp. 3d 329, 334 n.1 (S.D.N.Y. 2018) (interpreting contract attached to motion to dismiss where third-party plaintiff relied on it in establishing personal jurisdiction); *Palm Beach Strategic Income, LP v. Salzman*, No. 10 Civ. 261, 2011 WL 1655575, at *8 (E.D.N.Y. May 2, 2011), *aff'd*, 457 F. App'x 40 (2d Cir. 2012), and *aff'd*, 457 F. App'x 40 (2d Cir. 2012) (considering contracts appended to different versions of an amended complaint in motion to dismiss); *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:19 Civ. 00137, 2020 WL 1865858, at *5 (D. Or. Apr. 14, 2020) (granting motion for reconsideration and dismissing case for lack of personal jurisdiction where the judge to whom the case was newly transferred found the previous court's finding that defendants had consented to jurisdiction was in error).  As the Court declines to accept SocGen's representations as to the disputed chats, this Opinion does not address SocGen's arguments as to why the Court lacks jurisdiction based solely on the remaining chats.  Accordingly, it is hereby

**ORDERED** that SocGen's motion for reconsideration is DENIED.  Plaintiffs' request to file an opposition to SocGen's motion to DENIED as moot.

The Clerk of Court is respectfully directed to close Docket No. 399 and 402.

Dated: May 19, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**