```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    7/20/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Allianz Global Investors GmbH et al.,**

**Plaintiffs,**

**-against-**

**Bank of America Corporation et al.,**

**Defendants.**

**1:18-cv-10364 (LGS) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Plaintiffs' Letter Motion, pursuant to Rules 15(a) of the Federal Rules

of Civil Procedure, for leave to file a Third Amended Complaint ("TAC"). (Mot. to Amend, ECF No.

415.)[1] Plaintiffs' motion is GRANTED, as set forth below.

**BACKGROUND**

This case concerns an alleged conspiracy among the world's largest banks to fix prices in

the foreign exchange ("FX") market. *See Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*, No. 18-

CV-10364 (LGS), 2020 WL 2085875, at *1 (S.D.N.Y. Apr. 30, 2020), *reconsid. denied*, 2020 WL

2538394 (S.D.N.Y. May 19, 2020). Plaintiffs bring this action against sixteen banks and their

affiliates, alleging that Defendants manipulated the FX market in violation of Section 1 of the

Sherman Act, 15 U.S.C. § 1, *et seq*. and the common law doctrine that prohibits unjust

enrichment. *See id*. (footnote omitted).

On November 7, 2018, Plaintiffs filed their Complaint in this case. (Compl., ECF No. 1.) On

November 15, 2018, Plaintiffs filed a Related Case Statement, indicating that this case was related

---

[1] Redacted versions of Plaintiffs' Letter Motion also are filed at ECF Nos. 410 and 412.

to *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-CV-07789 (LGS) (S.D.N.Y.) ("*In re Forex*"). (Stmt. Of Relatedness, ECF No. 6.) Plaintiffs, which consist of almost 1,300 investment firms and government entities, had opted out of the *In re Forex* class action. *See Allianz*, 2020 WL 2085875, at *1 n.1.

On March 1, 2019, Plaintiffs filed their First Amended Complaint ("FAC").[2] (FAC, ECF No. 166.) On April 1, 2019, Defendants filed motions to dismiss the FAC. (Defs.' 4/1/19 Not. of Mot., ECF No. 190; Foreign Defs.' 4/1/19 Not. of Mot., ECF No. 192.) On April 23, 2019, Plaintiffs sent a letter to District Judge Schofield requesting permission to amend the FAC. (Pls.' 4/23/19 Ltr., ECF No. 208.) By Order dated April 26, 2019, Judge Schofield directed that, within fourteen calendar days following the issuance of her Opinion and Order resolving the Rule 12(b)(2) motion in the related case *Contant v. Bank of America Corp.*, 17-CV-03139 (S.D.N.Y.), Plaintiffs were to serve their proposed SAC on Defendants and that, within seven calendar days after service of the proposed SAC, Defendants were to file a letter stating whether they opposed Plaintiffs' motion for leave to amend and, if so, stating the reasons therefor. (4/46/19 Order, ECF No. 211.)[3]

On May 7, 2019, Judge Schofield issued her Opinion and Order on the Rule 12(b)(2) motion in *Contant*, granting the motion in part and denying it in part. *See Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 289 (S.D.N.Y. 2019). On June 7, 2019, Defendants filed a letter with

---

[2] Defendants had submitted pre-motion letters to Judge Schofield indicating their intent to move to dismiss the Complaint (Defs.' 1/14/19 Ltr., ECF Nos. 137; Foreign Defs.' 1/14/19 Ltr., ECF No. 138), and Plaintiffs responded by proposing to amend. (Pls.' 1/22/19 Ltr., ECF No. 145.) By Order dated January 23, 2019, the Court directed Plaintiffs to file their amended pleading by March 1, 2019. (1/23/19 Order, ECF No. 146.) Since Defendants had not yet responded to the Complaint, Plaintiffs were permitted to amend as a matter of course, without leave of the Court. *See* Fed. R. Civ. P. 15(a)(1)(B).

[3] The issues raised in the *Contant* motion were substantially similar to the issues raised in the Rule 12(b)(2) motion filed in this case. (*See* 4/26/19 Order at 1.)

the Court stating that they did not object to Plaintiffs' request for leave to file the SAC and indicating that it would "be most efficient for the Court to address [what Defendants believed were the] deficiencies [in the SAC] comprehensively in the context of Defendants' renewed motions to dismiss the SAC." (Defs.' 6/7/19 Ltr., ECF No. 218.)

On June 10, 2019, Judge Schofield "so ordered" the parties' stipulation permitting the SAC to be filed and setting a briefing schedule for Defendants' motions to dismiss. (6/10/19 Stip. & Order, ECF No. 220.) On June 11, 2019, Plaintiffs filed their SAC. (SAC, ECF No. 221.) On July 25, 2019, Defendants filed their motions to dismiss the SAC. (Defs.' 7/25/19 Not. of Mot., ECF No. 235; Foreign Defs.' 7/25/19 Not. of Mot., ECF No. 237.) All Defendants sought to dismiss the SAC, pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure (*see* Defs.' 7/25/19 Not. of Mot. at 2), and the Foreign Defendants[4] sought to dismiss the SAC, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction. (*See* Foreign Defs.' 7/25/19 Not. of Mot. at 1.)

In their memorandum in opposition to Defendants' motions, Plaintiffs requested leave to amend if the Court should find that "any of Plaintiffs' allegations are insufficient." (Pls.' 9/11/19 Opp. Mem., ECF No. 282, at 55.) In their reply memorandum on the main motion, Defendants did not address Plaintiffs' request for leave to amend. (*See* Defs.' Reply Mem., ECF No. 305.) In their reply memorandum on the Rule 12(b)(2) motion, the Foreign Defendants also did not address Plaintiffs' request for leave to amend. (*See* Foreign Defs.' Reply Mem., ECF No. 306.)

---

[4] The Foreign Defendants that filed the motion were Credit Suisse International ("Credit Suisse Int'l"), HSBC Bank plc ("HSBC Bank"), MUFG Bank, Ltd. ("MUFG Bank"), Royal Bank of Canada ("RBC"), The Royal Bank of Scotland plc ("RBS"), Société Générale ("SocGen"), Standard Chartered Bank ("Standard Chartered") and UBS AG ("UBS"). (*See* Foreign Defs.' 7/25/19 Not. of Mot. at 1.)

On April 30, 2020, Judge Schofield issued an Opinion and Order regarding the Foreign Defendants' Rule 12(b)(2) motion to dismiss. *See Allianz*, 2020 WL 2085875, at *1. She denied the motion as to HSBC Bank, RBS, SocGen, Standard Chartered and UBS AG, but granted the motion as to MUFG Bank and RBC.[5] *See id*. With respect to MUFG Bank and RBC, Judge Schofield held that the SAC "does not plead sufficient facts to support personal jurisdiction over MUFG Bank and RBC." *Allianz*, 2020 WL 2085875, at *7. She notes that "in support of the allegation that MUFG Bank and RBC were engaged in unlawful conduct, the [SAC] alleges only a single chat in which traders from MUFG Bank participated . . . and a single chat in which traders from RBC participated." *Id*. (footnote & citations omitted). Further, Judge Schofield found that "[w]ithout greater specificity, the [SAC] lacks sufficient 'non-conclusory and fact-specific' allegations regarding the participation of MUFG Bank and RBC in the alleged conspiracy." *Id*. (citations omitted).

On May 28, 2020, Judge Schofield granted in part and denied in part Defendants' main motion. *See Allianz*, 2020 WL 2765693, at *1 (S.D.N.Y. May 28, 2020). Of relevance to Plaintiffs' motion to amend now before the Court, Judge Schofield addressed the Foreign Trade Antitrust Improvements Act ("FTAIA"), which creates a general bar to the extraterritorial application of the Sherman Act. *See Allianz*, 2020 WL 2765693, at *8. Judge Schofield held that "FX transactions between Plaintiffs operating abroad and Defendants operating domestically fall within the FTAIA imports exclusion, and such transactions are not barred." *Allianz*, 2020 WL 2765693, at *10.

---

[5] Credit Suisse Int'l was voluntarily dismissed while the Rule 12(b)(2) motion was pending. *See Allianz*, 2020 WL 2085875, at *1.

On June 4, 2020, Plaintiffs filed their instant motion seeking leave to file their proposed TAC. Plaintiffs explained that the proposed TAC provides the "specificity" that the Court "requested" as to MUFG Bank and RBC. (Mot. to Amend at 1.) They also explained that the TAC corrects "what amounts to a regrettable typographical error in the SAC's description [in a footnote] of the Court's FTAIA orders." (*Id*. at 1, 3.) In its opposition filed on June 11, 2020, MUFG Bank argued that Plaintiffs had been made aware that they had engaged in improper group pleading and that Plaintiffs unduly delayed in seeking to add their allegations against MUFG Bank. (MUFG 6/11/20 Resp., ECF No. 431, at 1-3.) In its opposition filed on June 11, 2020, RBC argued that Plaintiffs tactically decided to use group pleading to seek to establish personal jurisdiction, despite clear statements from Defendants, the Court and the Second Circuit that they were prohibited from doing so, and also argued that RBC will be prejudiced by the amendment and that the case will be disrupted by the amendment. (RBC 6/11/20 Resp., ECF No. 429, at 1-3.) RBC also argued that the amendment would be futile. (*Id*. at 3.)

On behalf of all non-dismissed Defendants, on June 11, 2020, RBS opposed Plaintiffs' amendment insofar as it relates to the FTAIA. (RBS 6/11/20 Resp., ECF No. 432.) Defendants argued that Plaintiffs improperly are attempting to revive dismissed claims under the guise of correcting a typographical error. (*Id*. at 1.)

In their reply filed on June 15, 2020, Plaintiffs argued that they were not seeking to gain any tactical advantage in their prior pleadings and that there will be no delay by adding their allegations against MUFG Bank and RBC. (Pls.' 6/15/20 Reply, ECF No. 437, at 2-3.) They also argued, with respect to the FTAIA, that "the footnote at issue was clearly attempting to summarize (albeit incompletely) the Court's previous FTAIA holdings." (*Id*. at 1.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that a court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with [its] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks and citation omitted).

> The decision to grant or deny leave to amend is within the trial court's discretion. . . . The court may deny leave to amend for "good reason," which involves an analysis of the factors articulated in *Foman* [*v. Davis*, 371 U.S. 178 (1962)]: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. . . . "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." . . . While the party seeking to amend its pleading must explain any delay, the party opposing the amendment "bears the burden of showing prejudice, bad faith, and futility of the amendment." . . .

*Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 293-94 (S.D.N.Y. 2019) (citations omitted).

"There is a strong preference for allowing plaintiffs to amend inadequate pleadings." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, No. 08-MDL-01963 (RWS), 2011 WL 4357166, at *2 (S.D.N.Y. Sept. 13, 2011). This is particularly true if the plaintiff has not had the benefit of a court ruling with respect to the deficiencies of its pleading. *See Loreley Fin. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.").

**APPLICATION**

**I.      Amendment To Add Factual Allegations Against MUFG Bank And RBC**

The Court finds that Plaintiffs' motion to amend to add factual allegations against MUFG

Bank and RBC should be granted under the liberal standard of Rule 15. Plaintiffs explained that

they believed that they had pled sufficient allegations to support personal jurisdiction against

MUFG Bank and RBC and that they therefore had not outlined all of their evidence in their SAC

due to its length (*i.e.*, over 300 pages). (Pls.' 6/15/20 Reply at 3.) The Court finds that this

explanation is plausible.

In Plaintiffs' proposed TAC, they now have provided additional allegations regarding

MUFG Bank's participation in the alleged conspiracy. (*See* Redline of TAC, ECF No. 455-1, ¶¶ 102-

03, 413-24, 438, 523, 602, 604, 773-814.) They also have provided additional allegations

regarding RBC's participation in the alleged conspiracy. (*See id*. ¶¶ 429, 608, 611-13, 618, 815-

57.) Thus, Plaintiffs are seeking to provide the greater specificity that Judge Schofield found was

lacking as to MUFG Bank and RBC,[6] now that they have "the benefit of [her] ruling." *See Loreley*

*Fin*., 797 F.3d at 190.

MUFG Bank and RBC have not met their burden of showing prejudice. As Plaintiffs note,

discovery against the Rule 12(b)(2) Defendants had been stayed, and MUFG Bank and RBC will

remain on the same track as the other Foreign Defendants. (*See* Pls.' 5/15/20 Reply at 4.)

Other courts in this District have granted leave to amend where, as here, plaintiffs needed

to cure pleading deficiencies relating to personal jurisdiction. *See FrontPoint Asian Event Driven*

---

[6] Judge Schofield held that "[w]ithout greater specificity," Plaintiffs had not pled enough to establish
personal jurisdiction over MUFG Bank and RBC. *See Allianz*, 2020 WL 2085875, at *7.

*Fund, L.P. v. Citibank, N.A.*, No. 16-CV-05623 (ALH), 2017 WL 3600425, at *16 (S.D.N.Y. Aug. 18, 2017) ("All claims against the Foreign Defendants are dismissed without prejudice and with leave to amend to make plausible allegations of personal jurisdiction over the Foreign Defendants."); *Bulger v. Royal Doulton, PLC*, No. 05-CV-07709 (DAB), 2006 WL 3771016, at *8 (S.D.N.Y. Dec. 19, 2006) ("Plaintiffs' current Complaint does not warrant this Court's exercise of personal jurisdiction over [a foreign defendant], but they are granted leave to amend so that they may assert jurisdictional allegations that are satisfactory."). Thus, the Court, in its discretion, grants Plaintiffs' motion to amend to add allegations against MUFG Bank and RBC.[7]

## II.    Amendment To Footnote 1

Plaintiffs seek to amend footnote 1 of the SAC to add two words in the same footnote of the TAC: "[W]hile reserving their rights for appeal, Plaintiffs do not seek to re-litigate the Court's previous holding that the following types of transactions are barred by the [FTAIA]: (1) transactions conducted on a foreign exchange; (2) transactions between a foreign plaintiff operating abroad and a defendant's foreign desk; and (3) transactions between a U.S. plaintiff operating abroad and a defendant's foreign desks." (*See* Redline of TAC at 1 n.1 (emphasis in original).) Plaintiffs contend that they made a typographical error by omitting these words in the SAC. (*See* Mot. to Amend at 1, 3.) Defendants contend that Judge Schofield relied upon the

---

[7] In its opposition, RBC argues that it would be futile to permit filing of the TAC against RBC since the claims against RBC are time-barred. (RBC 6/11/20 Resp. at 3.) However, the issue of whether or not Plaintiffs' claims are time-barred has not been fully briefed and is not ripe for determination on the motion to amend that is now before the Court. If RBC believes that it has a basis to dismiss Plaintiffs' claims on limitations grounds, it may seek dismissal of such claims either on a motion to dismiss the TAC or on a motion for summary judgment.

language contained in Plaintiffs' footnote in making prior rulings and thus that Plaintiffs waived any claims involving transactions with Defendants' foreign desks. (RBS 6/11/20 Ltr. at 1-2.)

Footnote 1 to the TAC does not form part of the substantive allegations of the TAC and thus is unnecessary. *See Torres v. Goddard*, No. 06- CV-02482 (PHX) (SMM), 2008 WL 1817994, at *1 (D. Ariz. Apr. 22, 2008) ("pleadings ought not contain footnotes"). Moreover, the issues regarding the scope of Judge Schofield's ruling as to the FTAIA (*see* RBS 6/11/20 Ltr. at 3) and/or whether or not Plaintiffs have waived claims involving transactions with Defendants' foreign desks, need not be decided now, but should be decided after more complete briefing at an appropriate time. Thus, Plaintiffs simply may eliminate the footnote from the TAC. Alternatively, if Plaintiffs choose to include footnote 1, as they propose to amend it, then they must include the following sentence at the end of the footnote: "Defendants assert that, based upon allegations contained in Plaintiffs' Second Amended Complaint, Plaintiffs have waived any claims involving transactions with defendants' foreign desks."

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is GRANTED, as set forth above.

**SO ORDERED.**

DATED:     New York, New York
           July 20, 2020

_Stewart D. Aaron_
_____
STEWART D. AARON
United States Magistrate Judge