USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2020

**VIA ECF**

August 3, 2020

The Honorable Stewart D. Aaron
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Allianz, et al. v. Bank of America Corp. et al.*, 18-cv-10364-LGS

Dear Judge Aaron,

Pursuant to Your Honor's July 29, 2020 order, Dkt. 479, the parties met and conferred on an appropriate deadline to resolve disputes regarding Defendants' custodians and initial search terms. Because the parties could not agree, they set out their respective positions below.

**PLAINTIFFS' POSITION:** Plaintiffs asked for a deadline for the parties to complete custodian and search term negotiations for one simple reason: We know first-hand the propensity of these Defendants to delay. We originally requested a July 10 deadline for proposals, a July 31 deadline for the basic custodial information routinely exchanged in complex litigation, and an August 14 deadline for the completion of negotiations concerning custodians and initial search terms. Dkt. 474 at 10. But Defendants ignored them so they quickly fell by the wayside. By way of compromise, Plaintiffs now extend their original proposed deadlines, while also ensuring the October 16, 2020 substantial completion deadline is not put in unnecessary jeopardy. Accordingly, Plaintiffs respectfully request the Court impose the following deadlines:

| | |
|---|---|
| Defendants to provide their final position on whether they will provide the custodial information Plaintiffs requested in the July 24, 2020 joint letter. | August 7 |
| Last day for the parties to conclude negotiations on initial search terms and custodians and bring any disputes to the Court. | August 21 |

In contrast, Defendants do not propose any deadline at all. Instead, they propose an aspiration—that the "parties shall endeavor to reach agreement on custodians on or before September 11." Their proposal says nothing about search terms (only custodians) and assumes there will be no disputes. If, as is most surely the case, the parties are unable to agree on custodians, presumably they will not be presented to the Court until after the September 11 "deadline." So too with search terms, which under Defendants' proposal would not even be discussed until sometime after September 11. But this *guarantees* Defendants will not meet the Court's October 16 substantial completion deadline. Even assuming the parties agree on custodians by September 11, there is simply no way Defendants can gather the documents, run hit reports, and make productions within a span of five weeks. Indeed, during a conferral, Defendants would not commit to meeting the substantial completion deadline. It must be obvious that Defendants are not taking this Court's deadlines seriously, and have no intention of ever meeting them.

Defendants' proposal also contemplates that Plaintiffs should make counterproposals based on whatever information Defendants can provide by August 19, no matter how incomplete. But if there is a dispute as to the scope or speed of Defendants' disclosures, Plaintiffs should be permitted to seek the Court's assistance *before* making a counterproposal. Defendants' proposal elides this

critical step.  Defendants also assume that Plaintiffs' requests *must* be narrowed, even if the information can be produced with undue burden.  But the Court has already agreed that "plaintiffs' requests on their face seem reasonable."  07/29/20 Hearing Tr. at 28:16-17.  Plaintiffs are open to narrowing their standard requests based on each Defendant's individual circumstances, if necessary, but they should not be prejudiced by Defendants' foot-dragging.

Contrary to Defendants' assertion, there is nothing "unrealistic" about Plaintiffs' proposed schedule.  The Court upheld Plaintiffs' claims with respect to the early years in May, Dkt. 406.  Defendants have thus known for at least *two months* that they need to gather early-period custodial information.  Dkt. 406.  It is not credible that the most sophisticated banks in the world now need "months" to create a straightforward list of their FX traders and their supervisors.[1]

Finally, Defendants' proposal will also create two separate discovery tracks in this case:  one for MUFG Bank and RBC, and one for all other Defendants.  This will cause inefficiency, multiply disputes, and lead to delay.  The Court denied MUFG's and RBC's request for a stay.  Dkt. 479, ¶ 4.  While these two Defendants have some additional time to formally respond to prior discovery, there is no reason why they cannot begin identifying custodians and initial search terms now.  There is no mystery to the documents they will produce:  internal and inter-bank communications concerning their FX trading.  These are at the core of this *per se* pricing conspiracy.  While their counsel claims they "need time" to confer with their clients, they have known for *two months* they would likely be added back to the case.  Dkt. 415.  In any event, Plaintiffs' conferrals with other Defendants  on the scope of discovery has not hindered custodian and search term negotiations.  Plaintiffs are prepared to show some flexibility, but an entirely different schedule is unwarranted.

For these reasons, the Court should adopt Plaintiffs' proposal, which allows time for conferrals and the resolution of disputes, while preserving the October 16 substantial completion deadline.

**POSITION OF ALL DEFENDANTS EXCEPT MUFG AND RBC.**  Most Defendants have now provided Plaintiffs with reasonably accessible employment information for their proposed custodians comparable to what Plaintiffs provided during negotiations of their initial "sampling" custodians, and the remainder aim to provide such information by August 7.  Moving forward, Defendants respectfully request a schedule that provides sufficient time for (1) Defendants to respond to reasonable requests for additional information from Plaintiffs, (2) Plaintiffs to provide a counterproposal regarding custodians, and (3) the parties to meet and confer in good faith about custodians and search terms in order to reach agreement or narrow any disputes.  Based on the parties' meet and confer on July 31, we are concerned that Plaintiffs have prejudged Defendants' custodian proposals and seem unwilling to compromise on their unreasonable demands (e.g., refusing to narrow their request for detailed HR information on every single FX trader and supervisor spanning the five-year period from January 1, 2003 through December 31, 2007).

Defendants stand willing to negotiate with Plaintiffs about custodians and search terms with the understanding that it will take time to identify employees from more than a decade ago, negotiate a reasonable and proportional set of custodians, collect data for the agreed-upon custodians, run hit reports over the custodial data, and negotiate search terms.  For example, despite negotiating

---

[1]   As explained in the July 24, 2020 joint letter, Dkt. 474 at 9-10, Defendants' assertion that the parties have been negotiating over Plaintiffs' custodians and search terms for "nine months" is demonstrably misleading.

custodians and search terms for Plaintiffs' custodial discovery for approximately nine months, 15 of 18 Plaintiff groups still have not provided hit counts, and no Plaintiff has produced a single custodial document. Plaintiffs' demand that Defendants accomplish in a few weeks what Plaintiffs have been unable to do in nine months is completely unrealistic, especially given Plaintiffs' insistence that Defendants provide responses to overbroad and asymmetrical informational requests that would take several weeks, or even months, to answer. Moreover, Plaintiffs have recently sent some Defendants search term counterproposals consisting of over 500 search strings which, when broken apart, consist of thousands of individual searches. These counterproposals indicate the parties will need significant time to negotiate even a preliminary set of reasonable and appropriate searches. Accordingly, Defendants propose the following reasonable schedule, which is intended to foster compromise rather than burden the Court with unnecessary disputes:

- *By August 19, Plaintiffs shall confer bilaterally with each Defendant on narrowing the remaining informational requests, and each Defendant shall provide reasonably available responsive information to the extent feasible based on its individual circumstances.*
- *By August 24, Plaintiffs shall provide each Defendant with a counterproposal.*
- *The parties shall endeavor to reach agreement on custodians on or before September 11.*

Defendants believe that this proposal is aggressive, but they are committed to working in good faith to meet these deadlines, as well as the October 16 deadline for substantial completion.

**POSITION OF MUFG BANK ("MUFG") AND RBC.** The Court ruled last week that discovery as to RBC and MUFG would not be "accelerated" but would proceed "in the ordinary course . . . as if discovery had just begun for them." (July 29, 2020 Conf. Tr. at 34:13-35:20). Accordingly, MUFG and RBC proposed to Plaintiffs to meet and confer about a timeline for selection of custodians after serving Rule 34 responses and objections. Plaintiffs instead demanded that RBC and MUFG agree to accelerated discovery for custodial information and adhere to the exact same schedule as non-dismissed defendants. Plaintiffs' demand is contrary to the Court's ruling from last week, the Federal Rules, and the treatment of all other defendants. RBC and MUFG were not previously subject to discovery because of the Court's discovery stay and then because they were dismissed. Plaintiffs served discovery requests on July 28, 2020 and now demand—*not* that RBC and MUFG "begin negotiating"—but that they provide a "final" position on never previously discussed proposals by August 7, 2020—just 9 days later, and bring any disputes to the Court on search terms and custodians by August 21, 2020—before service of responses and objections. Plaintiffs ignore MUFG's and RBC's unique posture and seek to hold them to an accelerated schedule *because* they prevailed on a motion to dismiss. Plaintiffs' suggestion that RBC and MUFG should have been gathering custodial information *while dismissed* is specious because RBC and MUFG were at a "standstill" during that time. (July 29, 2020 Hearing Tr. at 35:14-35:20). And Plaintiffs' proposed schedule is even more inequitable as to MUFG and RBC—other Defendants have participated in discovery for at least three months and still object to Plaintiffs' schedule. In any event, Plaintiffs' demand is simply unrealistic—to meaningfully meet and confer with Plaintiffs on custodians, MUFG's and RBC's counsel need time, and certainly more than one week, to confer with their clients to understand where potentially responsive data (especially early period data) and HR information is stored, and then confer with Plaintiffs about the scope of the information sought. For these reasons, MUFG and RBC propose the following reasonable schedule: Discovery for RBC and MUFG shall proceed in the ordinary course, and following service of responses and objections in late August, the parties shall engage in subsequent good faith meet and confers, including discussing a reasonable schedule for selection of custodians.

Respectfully submitted,

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| By: /s/ Daniel L. Brockett | By: /s/ Rishi Zutshi |
| Daniel L. Brockett<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>Fax: (212) 849-7100<br>danbrockett@quinnemanuel.com<br><br>Counsel for Plaintiffs | Thomas J. Moloney<br>George S. Cary<br>Victor Hou<br>Rishi Zutshi<br>One Liberty Plaza<br>New York, New York 10006<br>T: 212-225-2000<br>F: 212-225-3999<br>tmoloney@cgsh.com<br>gcary@cgsh.com<br>vhou@cgsh.com<br>rzutshi@cgsh.com<br><br>Attorneys for Defendants The Goldman Sachs Group, Inc. and Goldman Sachs & Co. LLC |

cc. All counsel of record (via ECF)

ENDORSEMENT: The Court has reviewed the parties' counter-proposals, and hereby sets the following schedule: (1) By August 14, 2020, Plaintiffs shall confer bilaterally with each Defendant on narrowing the remaining informational requests, and each Defendant shall use its best efforts to provide reasonably available responsive information based on its individual circumstances; and (2) by August 24, 2020, the parties shall endeavor to reach agreement on initial search terms and custodians and bring any disputes to the Court on a Defendant-by-Defendant basis, provided, however, that with respect to RBC and MUFG Bank, each of the above deadlines is extended for a period of fourteen days. In their negotiations going forward, and in discovery generally in this case, the Court urges the parties to compromise in order to limit the scope of discovery to that which is proportional to the needs of the case. SO ORDERED.
Dated: 8/4/2020