New York / Paris
Northern California / Madrid
Washington DC / Hong Kong
São Paulo / Beijing
London / Tokyo

**Davis Polk**

**Paul S. Mishkin**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4292 tel
paul.mishkin@davispolk.com

August 7, 2020

Re:   *Allianz Global Investors GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364 (LGS) (SDA)

**BY ECF**

Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Schofield:

    We represent the RBS defendants and write on behalf of all defendants other than the MUFG and RBC defendants in the above-captioned action (collectively, "Defendants"). Pursuant to Rule III.C.2 of the Court's Individual Rules and Procedures, Defendants request that the Court approve a briefing schedule for a discrete Rule 12(b)(6) motion to dismiss in part the Third Amended Complaint (the "TAC").[1]

    The proposed motion will address an issue that Magistrate Judge Aaron did not decide in his decision on Plaintiffs' motion for leave to file the TAC and on which he held that additional briefing is necessary. ECF No. 471 at 9. That issue is whether foreign Plaintiffs purporting to operate in the United States can pursue claims based on FX transactions with Defendants' foreign desks (the "Dismissed Claims") despite this Court previously dismissing those claims in its May 28, 2020 opinion on Defendants' Rule 12(b)(6) motion to dismiss the Second Amended Complaint (the "SAC"). ECF No. 406 at 16.

    Plaintiffs represented in the SAC that "Plaintiffs do not seek to re-litigate the Court's previous holding that the following types of transactions are barred by the Foreign Trade Antitrust Improvements Act [('FTAIA')]: . . . transactions between a foreign plaintiff and a defendant's foreign desk . . . ." SAC ¶ 1 n.1, ECF No. 221. Based on Plaintiffs' representation, this Court dismissed all claims falling within the scope of that footnote, including the Dismissed Claims at issue here. ECF No. 406 at 16. Plaintiffs then moved for leave to purportedly "correct" the footnote, effectively moving for leave to revive the Dismissed Claims. ECF No. 415 at 1. Defendants opposed Plaintiffs' motion on the ground that the

---

[1] In light of the pendency of their objections to Magistrate Judge Aaron's decision on the motion for leave to amend, MUFG and RBC will propose a separate schedule for any Rule 12 motions that they may bring.

Honorable Lorna G. Schofield                 2                            August 7, 2020

amendment was futile. ECF No. 432. As Defendants argued in opposition to Plaintiffs' motion for leave to amend, Plaintiffs waived the Dismissed Claims by expressly disclaiming them in the SAC, *id.* at 1-2, and the TAC in any event fails to plead that any foreign Plaintiff operated in the United States, let alone that any FTAIA exception applies to the Dismissed Claims, *id.* at 2-3.

Magistrate Judge Aaron did not resolve these issues, but instead found that "the issues regarding the scope of Judge Schofield's ruling as to the FTAIA (*see* [ECF No. 432] at 3) and/or whether or not Plaintiffs have waived claims involving transactions with Defendants' foreign desks, need not be decided now, *but should be decided after more complete briefing at an appropriate time*." ECF No. 471 at 9 (emphasis added).

The "appropriate time" to address that threshold issue is now. Whether the Dismissed Claims are viable impacts the scope of the litigation because entire categories of transactions and issues could be eliminated from this case. A decision on this issue now could therefore significantly streamline the proceedings, including by avoiding potentially costly and time-consuming fact and expert discovery concerning transactions involving Defendants' non-U.S. desks, as well as discovery into the nature of foreign Plaintiffs' purported U.S. "operations." Promptly addressing the issue through a partial Rule 12(b)(6) motion is therefore in the interest of all parties and the Court.

Because the parties have already provided the substantive equivalent of pre-motion letters in the letters submitted on Plaintiffs' motion for leave to amend (ECF Nos. 432 & 437), Defendants request that the Court deem those letters to satisfy the Court's pre-motion letter requirement and permit the parties to proceed directly to submit the "more complete briefing" that Magistrate Judge Aaron held is necessary.[2] Accordingly, Defendants request the following briefing schedule:

- Motion due August 14, 2020
- Opposition due August 28, 2020
- Reply due September 4, 2020

Regarding page length, Defendants propose 12 pages for the opening and opposition briefs, and 6 pages for the reply.

Should the Court deem it appropriate, Defendants are amenable to answering the TAC within the time previously set (ECF No. 426), notwithstanding the pendency of this Rule 12(b)(6) motion, while reserving their rights as to the issues raised by the motion.

---

[2] Plaintiffs' position is that Defendants "should file the required pre-motion letter with the Court," to which Plaintiffs "will then respond." Defendants disagree that further pre-motion letters are necessary or would be of assistance to the Court because, as explained above, the parties have already summarized their positions in prior correspondence and Magistrate Judge Aaron concluded that "more complete briefing" is appropriate.

Honorable Lorna G. Schofield	3	August 7, 2020

                                              Respectfully submitted,

                                              */s/ Paul S. Mishkin*
                                              Paul S. Mishkin

cc:      Counsel for all parties by ECF