UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                         :

ALLIANZ GLOBAL INVESTORS GMBH, et    :
al.,                                          :           18 Civ. 10364 (LGS)
                            Plaintiffs,    :
                                          :          OPINION AND ORDER
                 -against-             :
                                          :

BANK OF AMERICA CORPORATION, et al.,  :
                           Defendants. :
-------------------------------------------------------------- X
LORNA G. SCHOFIELD, District Judge:

This case concerns an alleged conspiracy among the world's largest banks to fix prices in the foreign exchange ("FX") market. Plaintiffs are almost 1,300 investment firms and government entities that opted out of the class action captioned *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (LGS) (S.D.N.Y.) ("*In re Forex*"). Plaintiffs bring this action against sixteen banks and their affiliates, alleging claims of market manipulation in violation of the Sherman Act, 15 U.S.C. § 1, *et seq.* and unjust enrichment. On June 4, 2020, Plaintiffs moved for leave to file a Third Amended Complaint ("TAC"). In an Opinion and Order, filed July 20, 2020 (the "July 20 Order"), Magistrate Judge Stewart D. Aaron granted Plaintiffs' motion in part. On July 29, 2020, Judge Aaron denied a motion by Defendants MUFG Bank, Ltd. ("MUFG Bank") and the Royal Bank of Canada ("RBC") to stay discovery as to them, pending resolution of their objections and any subsequent Rule 12(b)(2) motions (the "July 29 Order"). MUFG Bank and RBC timely objected to both Orders. For the following reasons, the objection is overruled.

## I.      **BACKGROUND**

Familiarity with the Orders, the underlying facts and procedural history is assumed. *See Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.* ("*Allianz I*"), No. 18 Civ. 10364, -- F.Supp.3d -

-, 2020 WL 2085875, at *1 (S.D.N.Y. Apr. 30, 2020); *Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.* ("*Allianz II*"), No. 18 Civ. 10364, -- F.Supp.3d --, 2020 WL 2765693, at *4 (S.D.N.Y. May 28, 2020).

Plaintiffs brought this action on November 7, 2018, and filed the First Amended Complaint ("FAC") on March 1, 2019.  After Defendants filed a pre-motion letter seeking to dismiss the FAC, Plaintiffs sought leave to file a Second Amended Complaint ("SAC").  The Court directed Plaintiffs to serve the proposed SAC on Defendants within fourteen days of the issuance of the Court's Opinion and Order resolving a Rule 12(b)(2) motion in a related case, *Contant v. Bank of America Corp.*, No. 17 Civ. 3139 (S.D.N.Y.) ("*Contant*"), noting that, "[t]he issues raised in the *Contant* motion are substantially similar to the issues raised in the Rule 12(b)(2) motion filed in this action," and further directed Defendants to file with the Court within a week of that service a letter stating whether they opposed Plaintiffs' motion for leave to amend.

On May 7, 2019, the Court issued its Opinion and Order resolving the Rule 12(b)(2) motion in *Contant*, granting in part the motion to dismiss.  *See Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 289 (S.D.N.Y. 2019).  In relevant part, the *Contant* decision granted the motion to dismiss as to UBS Group AG because the complaint "lump[ed] together UBS AG and UBS Group AG (as well as the U.S. entity UBS Securities LLC) under the name 'UBS.'"  *Id*. at 294.  On June 7, 2020, Defendants filed a letter stating that they did not object to Plaintiffs' request for leave to file the SAC and, on June 10, 2019, the parties' stipulation permitting the SAC to be filed and setting a briefing schedule for Defendants' motion to dismiss was "so ordered" by the Court.  Plaintiffs filed the SAC on June 11, 2019, and on July 25, 2019, Defendants moved to dismiss the SAC pursuant to Rules 12(b)(2), 12(b)(1) and 12(b)(6).

In their opposition to the motions to dismiss, Plaintiffs requested leave to amend if the Court found that any of Plaintiffs' allegations were insufficient.  Defendants did not address the request for leave to amend in their reply.

An Opinion and Order filed April 30, 2020, granting in part Defendants' motion to dismiss pursuant to Rule 12(b)(2), found that the SAC "does not plead sufficient facts to support personal jurisdiction over MUFG Bank and RBC."  *Allianz I*, 2020 WL 2085875, at *7.  On May 28, 2020, a second Opinion and Order granted in part Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  As relevant here, this decision relied on Plaintiff's assertion in a footnote located on the first page of the SAC stating that "Plaintiffs do not seek to relitigate the Court's previous holding that the following types of transactions are barred by the FTAIA: . . . transactions between a foreign plaintiff and a defendant's foreign desk."  *Allianz II*, 2020 WL 2765693, at *9.  Accordingly, any claims based on such transactions were dismissed.

On June 4, 2020, Plaintiffs filed the instant motion seeking leave to file the proposed TAC.  In support of the motion, Plaintiffs assert that the proposed TAC "decisively answer[s] the Court's call for greater specificity to justify extension of jurisdiction over MUFG Bank and the Royal Bank of Canada" and also "correct[s] what amounts to a regrettable typographical error in the SAC's description of the Court's FTAIA orders, which the Court then quoted in its order."  The TAC amends the footnote on the first page of the pleading to state, "Plaintiffs do not seek to re-litigate the Court's previous holding that the following types of transactions are barred by the Foreign Trade Antitrust Improvements Act: . . . transactions between a foreign plaintiff [*operating abroad*] and a defendant's foreign desk," adding the words "operating abroad." Defendants filed several letters in opposition to the motion to amend.  The July 20 Order granted

3

Plaintiffs' motion as to the amendments relating to MUFG Bank and RBC, and declined to rule

on the request to amend the footnote on the first page of the complaint at that time.

On July 25, 2020, MUFG Bank and RBC sought a stay of discovery pending resolution

of an anticipated motion to dismiss the TAC under Rule 12(b)(2).  Judge Aaron denied the

motion on July 29, 2020.  MUFG Bank and RBC timely objected to both Orders, seeking an

order vacating the July 20 Order and the July 29 Order, and staying discovery as to MUFG Bank

and RBC through resolution of the objections and any subsequent Rule 12(b)(2) motions.

On August 7, 2020, all Defendants other than MUFG Bank and the RBC defendants filed

a letter motion requesting that the Court approve a briefing schedule to address the proposed

amendment to the footnote on the first page of the TAC.  Plaintiffs opposed the request.

II.     **STANDARD**

   **A. Standard of Review**

For objections to a magistrate judge's ruling on nondispositive matters, district courts

must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Fed. R. Civ. P. 72(a).  The July 20 Order, which grants leave to file the TAC, is a nondispositive

matter.  *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may

refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for

[a] decision," subject to review under the "clearly erroneous or contrary to law" standard);

*accord Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 584-85 (2d Cir. 2003)

(summary order).  The July 29 Order denying the motion to stay discovery is also nondispositive.

*See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters

concerning discovery generally are considered 'nondispositive' of the litigation."); *David v.*

*Weinstein Co. LLC*, No. 18 Civ. 5414, 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020).

"A finding is 'clearly erroneous' when, although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wu Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (internal citation omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (internal citation omitted).

### B. Leave to Amend a Complaint

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[W]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (quotation marks and alterations omitted); *accord Miller v. Metro. Life Ins. Co.*, No. 17 Civ. 7284, 2018 WL 5993477, at *4 (S.D.N.Y. Nov. 15, 2018). "This permissive standard is consistent with [its] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks and citation omitted).

Courts decline to grant leave to amend on grounds "such as undue delay, bad faith, dilatory motive, and futility." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). "When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment [even if] the proposed second amended complaint in fact cures the defects of the first." *Nat'l Credit Union Admin. Bd.*

*v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (quotation marks omitted) (alteration

in original).  "The proper time for a plaintiff to move to amend the complaint is when the

plaintiff learns from the District Court in what respect the complaint is deficient."  *Miller*, 2018

WL 5993477, at *4 (quoting *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 25 (2d Cir.

2017) (summary order)); *see also Loreley Fin.*, 797 F.3d at 190 ("Without the benefit of a ruling,

many a plaintiff will not see the necessity of amendment or be in a position to weigh the

practicality and possible means of curing specific deficiencies.").

## III.    DISCUSSION

### A.  July 20 Order

The objection to the July 20 Order granting Plaintiffs leave to file the TAC is overruled.

MUFG Bank and RBC argue that the July 20 Order erred in finding that Plaintiffs did not

have the benefit of a prior ruling from this Court, specifically that Plaintiffs had the benefit of the

ruling in *Contant* finding that group pleading is insufficient to establish personal jurisdiction, and

that Plaintiffs were put on notice that the *Contant* ruling was relevant to their SAC by this

Court's order observing that, "[t]he issues raised in the *Contant* motion are substantially similar

to the issues raised in the Rule 12(b)(2) motion filed in this action."  But the July 20 Order found

plausible Plaintiffs' argument that they believed the SAC to be sufficient to support personal

jurisdiction against MUFG Bank and RBC, and that Plaintiffs therefore did not need to include

additional allegations.

This ruling is not clearly erroneous.  The *Contant* ruling provided general guidance as to

pleading requirements and did not give notice of deficiencies as to the SAC's allegations

regarding MUFG Bank and RBC.  "The proper time for a plaintiff to move to amend the

complaint is when the plaintiff learns from the District Court in what respect the complaint is

deficient." *Miller*, 2018 WL 5993477, at *4 (quoting *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 25 (2d Cir. 2017) (summary order)).  In light of the "permissive standard" "consistent with [the Second Circuit's] strong preference for resolving disputes on the merits," *Williams*, 659 F.3d at 212-13 (internal quotation marks and citation omitted), the objection to the ruling is overruled.

MUFG Bank and RBC also challenge the July 20 Order's finding that MUFG Bank and RBC did not meet their burden of showing prejudice because the order incorrectly suggests that prejudice is required to warrant denial of leave to amend.  The Order's consideration of prejudice as a factor in its analysis is not clearly erroneous; a finding of undue prejudice is an appropriate ground on which to deny a motion to amend.  *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (prejudice is "the most important factor" in determining whether to grant leave to amend) (citing 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d,* § 1487, at 613 (1990 & 2007 Supp.)); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.").  "Indeed, in the absence of undue prejudice or bad faith, courts in the Second Circuit regularly grant leave to amend."  *Cesari S.r.L. v. Peju Province Winery L.P.*, No. 17 Civ. 873, 2020 WL 1126833, at *4 (S.D.N.Y. Feb. 24, 2020).

The challenge to the July 20 Order's finding that MUFG Bank and RBC were not prejudiced is also rejected.  MUFG Bank and RBC essentially argue that they are burdened because Plaintiffs have demanded that they engage in discovery on an accelerated schedule, but MUFG Bank and RBC cite no legal authority for the proposition that the requirement that parties engage in discovery is prejudicial.  Any disputes with respect to the timeline on which that

7

discovery occurs can be decided at an appropriate time by Judge Aaron, who is overseeing

pretrial proceedings.  Accordingly, MUFG Bank's and RBC's objections as to the July 20 Order

are overruled.

### B.  July 29 Order

The objection to the July 29 Order denying the motion by MUFG Bank and RBC to stay

discovery is also overruled.

MUFG and RBC argue that good cause exists to stay discovery pending resolution of

MUFG Bank and RBC's objections to the July 20 Order and any subsequent Rule 12(b)(2)

motions.  They assert that discovery has been stayed as to MUFG Bank and RBC for nearly the

entirety of this case and that a few more months' delay in discovery will not unfairly prejudice

Plaintiffs.  But a stay of discovery is within the court's "considerable discretion," and "[a] court

determining whether to grant a stay of discovery pending a motion must look to the particular

circumstances and posture of each case." *Roper v. City of New York*, No. 15 Civ. 8899, 2017

WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017) (quotation marks and citations omitted).  "Courts

consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the

strength of the motion.'" *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709, 2018 WL

1989585, at *4 (S.D.N.Y. Apr. 26, 2018) (citation omitted) (alteration in original).  Here, at the

hearing at which Judge Aaron explained his denial of the motion to stay, he explained that,

"when [he's] ruling on a motion to stay [on the ground that a motion to dismiss is pending,] I

have to predict what Judge Schofield will do [with respect to that motion to dismiss.]  On the

personal jurisdiction issue[,] I've already predicted what Judge Schofield would do because I've

already ruled on [that issue]" (referring to the order granting Plaintiffs' leave to amend the

complaint).  Dkt. No. 488 at 32:10-13.  "It is well-settled that a magistrate judge's resolution of a

8

nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie*, 2018 WL 501605, at \*1 (internal citation omitted). Accordingly, as the July 29 Order denying the motion to stay discovery was based on an analysis of the strength of the motion and any resulting prejudice, the analysis and conclusion are not clearly erroneous, and the objections are overruled.

### C. Letter Motion to Amend the Complaint

By letter motion Plaintiffs sought leave to amend the footnote on the first page of the TAC to state, "Plaintiffs do not seek to relitigate the Court's previous holding that the following types of transactions are barred by the FTAIA: . . . transactions between a foreign plaintiff [*operating abroad*] and a defendant's foreign desk." This motion is granted.

In an effort to avoid re-litigating certain issues, Plaintiffs included an unnecessary footnote in the SAC, "attempting to summarize . . . the Court's previous FTAIA holdings" that was inadvertently overly inclusive. The Court relied on that footnote in dismissing certain claims. Plaintiffs' motion to amend the footnote to ensure its consistency with the Court's prior rulings is not unreasonable, and does not implicate issues of "undue delay, bad faith, dilatory motive, [or] futility." *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 190.

Defendants argue that, through this footnote, Plaintiffs waived any claims involving transactions with Defendants' foreign desks and Plaintiffs' motion is essentially a motion for reconsideration of this Court's ruling on the motion to dismiss. But it is clear from the text that Plaintiffs did not intend to waive viable claims through the footnote, and Plaintiffs are correct that the footnote inaccurately represents this Court's prior rulings. *See, e.g., In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13 Civ. 7789, 2016 WL 5108131, at \*11, 13 (S.D.N.Y. Sept. 20, 2016) (holding that "the FTAIA bars Plaintiffs' claims arising from OTC transactions

9

where the Plaintiff was *operating* abroad and transacted with a foreign desk of a defendant" and

"[i]n a situation where a U.S. entity *operating* in the United States trades FX with a foreign desk

of a Defendant, the FTAIA does not apply and the claim is not barred because of the statute's

import commerce exclusion (or exception)") (emphasis added).  As "[i]t is well settled that a

waiver is the intentional relinquishment of a known right with both knowledge of its existence

and an intention to relinquish it," *Trustees of the New York City Dist. Council of Carpenters*

*Pension Fund v. Metro. Enterprises, Inc.*, No. 16 Civ. 284, 2016 WL 5334982, at \*4 (S.D.N.Y.

Sept. 22, 2016) (internal quotation marks and alterations omitted), a finding of waiver is

inappropriate where there is no evidence on the record that Plaintiffs intended to waive these

claims.  *See id.* ("The burden of showing waiver falls on the party claiming it.").[1]

Defendants also argue that Plaintiffs have not sufficiently pleaded any applicable FTAIA

exception because they have not plausibly pleaded that Defendants "directed" their transactions

with foreign domiciled plaintiffs at a U.S. import market, or that they "suffered harm"

domestically.  For the same reasons found in *Allianz II*, this argument fails.  "[T]he Second

Circuit has rejected an intent-based test in this context."  2020 WL 2765693, at \*9 (citing *Biocad*

*JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 100 (2d Cir. 2019)).  And, because of the nature of

foreign exchange transactions, foreign exchange transactions between an entity operating

domestically and an entity operating abroad "involve" import trade, and therefore fall within the

imports exclusion.  *See id.* at \*9 ("involved" in this context means "including (or having) as a

---

[1] The invited error doctrine, cited by Defendants, is also not applicable here, as it requires a finding of "deliberate conduct."  *See United States v. Bastian*, 770 F.3d 212, 218 (2d Cir. 2014) ("Denying relief even for plain errors where a defendant deliberately provokes a procedural irregularity, the invited error doctrine seeks to avoid rewarding mistakes stemming from a defendant's own 'intelligent, deliberate course of conduct' in pursuing his defense.").

necessary feature, accompaniment, or consequence") (quoting *Biocad JSC*, 942 F.3d at 96).

Also rejected is Defendants' argument that the amendment should be denied because the

proposed TAC fails to plead that Plaintiffs operated in the United States.  Specifics regarding

individual transactions that occurred may be sought during discovery and, to the extent

Defendants believe the evidence produced is relevant to this analysis, Defendants may bring a

motion at the appropriate time.  Plaintiffs' motion to amend the footnote is accordingly granted.

## IV.  CONCLUSION

For the foregoing reasons, the objections to the July 20 Order granting Plaintiffs' motion

to amend and the July 29 Order denying the motion to stay discovery are OVERRULED.

Plaintiff's letter motion to amend the footnote on the first page of the TAC is GRANTED.

Defendants' letter motion at Dkt. No. 491 seeking a briefing schedule to further brief the issue is

DENIED as moot.

The Clerk of Court is respectfully directed to close the motions at Docket No. 491.

Dated:  August 21, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE