UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allianz Global Investors GmbH et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>Bank of America Corporation et al.,<br><br>　　　　　　　　　　Defendants. | 1:18-cv-10364 (LGS) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a Telephone Conference with the parties today regarding the issues raised in their joint letter, dated August 26, 2020 (8/26/20 Joint Ltr., ECF No. 507), and for the reasons stated on the record, it is hereby ORDERED, as follows:

1. Plaintiffs' request for available information from Goldman Sachs and SocGen on the identities of FX traders and supervisors is GRANTED IN PART and DENIED IN PART.

    a. Goldman Sachs states that it has provided HR information for 21 of 35 individuals identified by Plaintiffs. (8/26/20 Joint Ltr. at 9-10.) No later than September 8, 2020, Goldman Sachs shall provide reasonably available information regarding the 14 remaining individuals. In addition, no later than September 14, 2020, Goldman Sachs also shall provide reasonably available HR information regarding the so-called early traders discussed during today's telephone conference.

    b. SocGen states that it has provided HR information for the 76 individuals that Plaintiffs requested. (8/26/20 Joint Ltr. at 9.) SocGen and Plaintiffs shall meet and confer regarding SocGen's provision of HR information for individuals to

    be identified by Plaintiffs from recently produced organizational charts. If any disputes arise, those disputes shall be brought to me by letter to be filed no later than September 14, 2020.

2. Plaintiffs' request for a list from Barclays of employees who were suspended, fired or forced to resign in connection with regulatory or internal investigations relating to conduct alleged in the Third Amended Complaint ("TAC") is GRANTED.

3. Plaintiffs' request for the identity of the single individual employed by SocGen who was suspended, fired or forced to resign in connection with regulatory or internal investigations relating to conduct alleged in the TAC is DENIED WITHOUT PREJUDICE. SocGen shall continue its inquiries regarding foreign data privacy laws and regulations and thereafter shall meet and confer with Plaintiffs about providing the identity of such individual. If agreement cannot be reached between SocGen and Plaintiffs, SocGen shall, no later than September 21, 2020, file a Letter Motion for a protective order setting forth why SocGen should not be compelled to provide the employee's identity (subject to any necessary confidentiality restrictions).

4. Plaintiffs' request for documents previously produced by SocGen to its prudential regulators in connection with FX investigations is GRANTED. SocGen asserted that it could not produce these documents because "the compilation and selection of these materials is [confidential supervisory information ("CSI")] under the regulators' broad interpretation of CSI and its analogs in foreign jurisdictions." (8/26/20 Joint Ltr. at 10.) SocGen cites no legal authority for its proposition that its compilation or selection of documents to produce to its prudential regulators somehow makes the documents

produced confidential. In that regard, the Court notes that, based under FRB regulations, "[c]onfidential supervisory information does not include documents prepared by a supervised financial institution for its own business purposes and that are in its possession." 12 CFR 261.2.[1] Indeed, SocGen itself states that it has no objection to producing the documents themselves.[2]

5. Defendants' request to compel BlackRock to answer interrogatories regarding the destruction of trading analytics reports ("TARs") is GRANTED IN PART and DENIED IN PART. Defendants' interrogatories are outside the scope of those permitted under the Local Civil Rules, *see* Local Civil Rule 33.3(a), and the Court finds that having Blackrock respond to the questions posed in the interrogatories in its TARS-related Rule 30(b)(6) deposition is a more efficient way of proceeding. *See Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-04814 (LJL) (SDA), 2020 WL 1080775, at *3 (S.D.N.Y. Mar. 7, 2020) ("A more efficient means of obtaining relevant information would be for Plaintiffs to pose questions to a corporate designee of DePuy, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure."). At the BlackRock 30(b)(6) deposition, Blackrock shall identify (1) the date on which BlackRock first communicated with legal counsel concerning any potential litigation against any Defendant arising out of FX trading,

---

[1] Moreover, Section 36(10) of the New York Banking Law (applicable to DFS) does not apply to the subject documents, since such documents are not "reports of examinations and investigations, [or] correspondence and memoranda concerning or arising out of such examinations and investigations." N.Y. Banking Law § 36(10).

[2] "SG is . . . willing to produce any contemporaneous documents previously produced to prudential regulators to the extent they are identified in the ordinary course during custodial discovery." (8/26/20 Joint Ltr. at 10.)

and (2) the date on which BlackRock retained counsel in connection with any such litigation.

6. Defendants' request for hit reports by a date certain is GRANTED IN PART and DENIED IN PART. No later than September 18, 2020, a letter shall be filed with the Court separately identifying each Plaintiff that has not yet provided hit counts to Defendants and explaining the efforts that each such Plaintiff has made up to September 18, 2020 to provide the hit counts, as well as any impediments that exist as of that date to providing the hit counts. Thereafter, the Court shall impose a deadline for the hit counts to be provided by those Plaintiffs.

7. Defendants' request that the Court set deadlines regarding Plaintiffs' revised trading data is DENIED WITHOUT PREJUDICE. The parties shall continue to meet and confer regarding the production of Plaintiffs' revised trading data, including any requested data fields that Plaintiffs intend not to include in their revised productions, and their bases for excluding each field. Thereafter, a letter shall be filed (as an appendix to the joint letter referenced in paragraph 8 below) separately identifying each Plaintiff that contends it is unable to produce revised trading data by December 31, 2020, and explaining the reasons why such deadline cannot be met by that Plaintiff.

8. No later than September 30, 2020, at 6:00 p.m. EST, the parties shall file a joint letter regarding the status of discovery and any existing disputes. Their letter shall include the appendix referred to in paragraph 7 above, as needed, as well as a report on the status of the parties' negotiations regarding the number of custodians for Defendants' supplemental document collection efforts.

9. The parties are directed to appear for a Telephone Conference in this action on October 2, 2020, at 10:00 a.m. EST. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated:     New York, New York
           August 31, 2020

_____
STEWART D. AARON
United States Magistrate Judge

5