USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ALLIANZ GLOBAL INVESTORS GMBH, et al.,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION, et al.,

    Defendants.

------------------------------------x

18 Civ. 10364 (LGS) (SDA)

**ORDER GRANTING SOCIÉTÉ GÉNÉRALE'S UNOPPOSED MOTION
FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DATA PRIVACY
MONITOR, AND DIRECTION OF SUBMISSION OF
<u>HAGUE CONVENTION APPLICATION</u>**

    The Court, having reviewed the papers submitted in support of Defendant Société Générale's ("SG") Unopposed Motion for Issuance of a Letter of Request for International Judicial Assistance, Appointment of Commissioner and Data Privacy Monitor, and Direction of Submission of Hague Convention Application (the "Motion"), and finding it proper to issue a Letter of Request for International Judicial Assistance to authorize a commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No. 7444, 23 U.S.T. 2555 (the "Hague Convention"),

    HEREBY ORDERS THAT:

    (1)    The Motion is GRANTED.

(2) The form of Request for Assistance attached to the Declaration of James R. Warnot, Jr. as Exhibit B is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3) Pursuant to Article 17 of the Hague Convention, Mr. Alexander Blumrosen, whose address is Polaris Law at 4, Avenue Hoche, 75008 Paris, France (the "Commissioner") is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

  a. receive from SG its French-originated data and documents that are responsive to (i) Plaintiffs' First Set of Requests for Production of Documents to Defendants, dated February 15, 2019, (ii) Plaintiffs' Second Set of Requests for Production of Documents to Defendants, dated April 15, 2019, (iii) Plaintiffs' First Set of Interrogatories to Société Générale S.A. and SG Americas Securities, LLC, dated April 21, 2020, (iv) Plaintiffs' Third Set of Requests for Production of Documents to Defendants, dated June 16, 2020, (v) Plaintiffs' Second Set of Interrogatories to Société Générale S.A. and SG Americas Securities, LLC, dated July 21, 2020, and (vi) such other discovery requests that may be served by Plaintiffs on SG in this action;

  b. transmit the documents and data to counsel for Plaintiffs and SG pursuant to Article 17 of the Hague Convention and in performance of his appointment as Commissioner and duties thereunder; and

  c. upon completion to inform the French Ministère de la Justice.

(4) Mr. Blumrosen is also hereby appointed Privacy Monitor, to oversee and to certify, as may be required, SG's compliance with applicable French and EU data protection laws.

(5) This signed Order and signed Request for Assistance will be given to Linklaters LLP, counsel for SG, which will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(6) SG will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner.

(7) The Stipulation and Amended Order of Confidentiality dated April 27, 2020 (ECF No. 388) shall apply to SG's productions of documents and data.

(8) Any unresolved disputes between SG and Plaintiffs regarding the production of the Documents received by the Commissioner shall be determined exclusively by this Court.  Further, any unresolved disputes between SG and Plaintiffs concerning any documents withheld from the Commissioner on the basis of an assertion of privilege shall be determined exclusively by this Court.  The Commissioner will adhere to any such order issued by this Court relating to document discovery in the above-captioned action.

(9) All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the documents and data, will be borne by SG. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process.

(10) Neither this Order, the transmission of documents or data by SG to the Commissioner pursuant to the Hague Convention, any examination of documents or data by the Commissioner for data protection or Hague Convention purposes, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned action, including any defense to personal jurisdiction that SG has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the laws of France, the United States, or the State of New York.

Dated: New York, NY
September 9, 2020

SO ORDERED:

_____
Stewart D. Aaron
UNITED STATES MAGISTRATE JUDGE