quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(212) 849-7345

WRITER'S EMAIL ADDRESS
danbrockett@quinnemanuel.com

September 18, 2020

**VIA ECF**

The Hon. Stewart D. Aaron
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/20/2020
```

Re:   *Allianz Global Investors GmbH, et al. v. Bank of America Corporation, et al.*, 1:18-cv-10364

Dear Judge Aaron,

Pursuant to Your Honor's August 31, 2020 Order, Dkt. 510, we provide an update concerning Plaintiffs' service of hit counts on Defendants, including identifying Plaintiffs that have not yet provided hit counts to Defendants and explaining the efforts such Plaintiffs have undertaken to provide hit counts, as well as any impediments to providing hit counts. All Plaintiffs have been working diligently to identify and collect up to a decade's worth of documents (2003-2013) as quickly as possible and, where additional work is needed, we provide a best estimate for completion where possible.

## Plaintiffs That Have Served Hit Counts

### Anchorage

The parties agreed on sampling document custodians for the Anchorage Plaintiffs in March 2020. Anchorage substantially completed its collection of the custodial documents in June 2020. Anchorage served hit counts on Defendants in July and August 2020. On August 20, Defendants requested that revised searches be run. Anchorage served hit counts for these revised searches on September 17.

### BlackRock

The parties agreed on sampling document custodians for the BlackRock Plaintiffs in May 2020. BlackRock served hit counts on Defendants relating to its email and chat collection in August 2020. Due to the apparent unavailability of emails for two of the agreed-upon custodians, the

parties reached agreement regarding substitute custodians on September 17.  BlackRock expects to serve revised hit counts incorporating these new custodians no later than September 22.

BlackRock is in the process of collecting individual and shared network directory files for the custodians and expects to complete this collection by October 9.  Depending on the volume of data, Plaintiffs' e-discovery vendor estimates it will take roughly two to four weeks to process and search the data.  Therefore, we estimate that BlackRock will be able to serve revised hit counts that include any additional data collected by October 23.

**BlueCrest**

The parties agreed on sampling document custodians for the BlueCrest Plaintiffs in May 2020.  BlueCrest substantially completed its collection of communications for most document custodians in June and served hit counts based on this data in July.  BlueCrest completed its collection of individual network home drives for eight document custodians in August, and served revised hit counts on August 21.  BlueCrest completed its collection of individual network home drives and chat data on September 3.  BlueCrest served revised hit counts today.

**CalSTRS**

The parties agreed on sampling document custodians for CalSTRS in March 2020.  CalSTRS began its efforts to collect documents promptly, but encountered several significant hurdles.  First, as a public retirement fund, CalSTRS is subject to strict policies concerning the disclosure of documents.  Accordingly, CalSTRS has thus far been required to undertake the collection and searching of documents without any outside assistance.  Second, and relatedly, the overwhelming majority of CalSTRS employees have been forced to work from home since March due to COVID-19, which has greatly constrained available resources and caused unavoidable delays.  Third, CalSTRS is in the process of implementing an enterprise-wide technology upgrade that has necessitated indexing all of its data, so it can be searched.  This process started several months ago and is still ongoing.

Despite all these impediments, CalSTRS yesterday served hit counts on Defendants for the emails of five out of the six agreed-upon custodians.  The sixth custodian's documents are stored on multiple back-up tapes in a discontinued format, and CalSTRS currently estimates it will be able to serve hit counts for this custodian by October 30.  Moreover, CalSTRS currently expects to be able to serve revised hit counts that include documents from shared drives by the same date.

**PIMCO**

The parties agreed on sampling document custodians for the PIMCO Plaintiffs in May 2020.  PIMCO substantially completed its collection of readily available email and chat data in August.  Due to the enormous volume of data collected (approximately 4.36 terabytes), PIMCO served hit counts on Defendants relating to this data in two parts on August 14 and 21.  Owing to the large volume of hits, on August 28, Defendants requested that revised searches be run on the documents of a single custodian, with results broken out by individual search terms.  PIMCO will serve hit counts for these revised searches next week.

Home share documents for the agreed-upon custodians are stored on back-up tapes held by a third-party vendor. The vendor has been working on restoring the back-up tapes for several months and has this week substantially completed the restoration. Based on the estimated volume of data, which is considerable, Plaintiffs' e-discovery vendor estimates that it could take several weeks to process and search the data. Therefore, we currently estimate that PIMCO will be able to serve revised hit counts by October 16.

**PRIM**

The parties agreed on sampling document custodians for PRIM in March 2020. PRIM served hit counts on Defendants on July 29 and August 7. On August 20, Defendants requested that revised searches be run. PRIM served hit counts for these revised searches on September 17.

**SEI**

The parties agreed on sampling document custodians for the SEI Plaintiffs in May 2020. SEI completed its collection of the custodial documents in July and served hit counts on Defendants in August. Defendants have since posed a variety of questions regarding SEI's document collection and requested that additional searches be run and additional documents be collected. In its limited role as trustee of the Plaintiff collective trust funds, SEI does not play an active role in the day-to-day trading for the funds, and believes that it has collected the documents related to this case. However, in good faith, SEI is in the process of reviewing for additional documents from accessible data sources and expects to complete this collection on or around October 5. Plaintiffs' e-discovery vendor estimates that, depending on the volume of data received, it will take approximately one week to process and search the data. Therefore, we estimate that SEI will be able to provide revised hit counts by October 12. SEI is also investigating whether any custodial documents are held on back-up tapes and will provide an update to the Court in the parties' September 30 joint letter.

**Plaintiffs That Have Not Served Hit Counts**

**Allianz Europe**

The parties agreed on sampling document custodians for the Allianz Europe Plaintiffs on August 21, 2020. The custodians were selected to provide a representative sample of individuals that worked for the Allianz Europe Plaintiffs and their predecessor entities in Frankfurt, Paris, and London. The Allianz Europe Plaintiffs have been working diligently since late August to identify all reasonably available custodial documents from readily available sources and backup tapes. Given the custodians' varied locations and Allianz Europe's multiple acquisitions and reorganizations over the relevant time period (2003-2013), the custodial data exists in many locations and different systems.

For example, just to locate the custodians' emails, the Allianz Europe Plaintiffs will need to search at least five different systems. The older emails for UK and French document custodians are in two searchable archive platforms. The older emails for German document custodians' are primarily on backup tapes stored by Iron Mountain. Additional older emails for some German document custodians are in a separate searchable platform. More recent emails are available on the active server.

Before it can search the data, the Allianz Europe Plaintiffs are compelled by foreign law to obtain the document custodians' consent; it is diligently pursuing these approvals. Although it is difficult at this stage to predict how long it will take to complete the process—particularly with ongoing constraints imposed by COVID-19—the Allianz Europe Plaintiffs believe it should be possible to substantially complete the collection from readily accessible data sources by October 30. Depending on the volume of data, it will then take Plaintiffs' e-discovery vendor several weeks to process and search the data. Therefore, our current best estimate is that the Allianz Europe Plaintiffs should be able to serve initial hit counts by mid-November.

The Allianz Europe Plaintiffs also currently believe that emails and individual network drive folders for former employees may be available only on the backup tapes stored by Iron Mountain. It is working with Iron Mountain to access those tapes. Iron Mountain currently estimates that it will take five weeks to restore the data on the tapes. It will then take approximately three weeks to search the restored data and identify the custodial documents to be sent to Plaintiffs' e-discovery vendor. It will then take Plaintiffs' e-discovery vendor several weeks to process and search the data. Therefore, our current best estimate is that the Allianz Europe Plaintiffs should be able to serve complete hit counts for all custodial data by early December. Plaintiffs will update the Court regarding the progress of the collection in their September 30 letter.

**Allianz US**

The parties agreed on sampling document custodians for the Allianz US Plaintiffs in March 2020. However, documents for these custodians are maintained on back-up drives secured in Allianz US's New York office, which was closed beginning in March due to COVID-19. The office re-opened later in the summer on an extremely limited basis with skeleton staff to perform critical functions, but the personnel necessary to access the drives and authorize their release have not yet returned to the office. Once the necessary personnel can safely return to the office and access the drives, Allianz US will evaluate the best way to restore, index, search, and extract data from the drives as promptly as possible and will consult a third party vendor to assist, if necessary. Because it is not possible to provide an estimate of when document collection from the drives will be complete—a pre-requisite to being able to generate hit counts—the Allianz US Plaintiffs propose providing the Court with an update in the parties' joint September 30 letter.

**Allianz Taiwan**

The parties agreed on sampling document custodians for Allianz Taiwan only late last month, on August 28, 2020. Allianz Taiwan currently believes the custodial documents are both in active systems and on backup tapes that need to be restored. Allianz Taiwan estimates that it should be able to complete collection of all data, including tape restoration, by October 30. Depending on the volume of data, it may then take several weeks for Plaintiffs' e-discovery vendor to ingest, process, and search the data. Therefore, we currently estimate that Allianz Taiwan will be able to serve hit counts by November 16.

**AP Funds**

The parties agreed on sampling document custodians for the four AP Fund Plaintiffs in August 2020 and they have been working diligently to collect documents.  Each AP Fund maintains its documents in separate systems located in different offices in Sweden.  As Swedish pension funds, the AP Funds are subject to unique privacy laws and regulations.  This has necessitated the development of a mechanism whereby the data is collected and searched by a vendor in Sweden before being transferred to the U.S., which has added time to the process.  Once the documents captured by the search terms are securely transferred from Sweden to the U.S., Plaintiffs' e-discovery vendor will likely need two weeks to ingest, process, and search the data depending on the size of the data.  We provide our current best estimate below for each of the AP Funds to serve hit counts:

*AP Fund #1:* October 16, 2020

*AP Fund #2:*  October 16, 2020

*AP Fund #3:*  November 13, 2020

*AP Fund #4:*  November 13, 2020

**Brevan Howard**

The parties agreed on sampling document custodians for the Brevan Howard Plaintiffs in August 2020.  The Brevan Howard Plaintiffs have substantially completed their collection of custodial documents from network shares.  Plaintiffs' e-discovery vendor is processing the data and expects to be able to serve hit counts by September 30, 2020.

In addition, Plaintiffs' e-discovery vendor is working with the Brevan Howard Plaintiffs' third-party vendor to collect documents from an off-site email archive.  We have been informed this is a time consuming process, and it is not possible to provide an estimated time for completion until they are further along in the process.  Brevan Howard will update the Court regarding the progress of this data collection in the parties' September 30 joint letter.

**EAA**

The parties agreed on sampling document custodians for EAA on August 21, 2020.  As a German entity, EAA is required to seek employee consent to search their data.  Provided it receives responses in a timely manner, it estimates that it will complete its document collection by October 16 and serve hit counts by October 30.

**Norges**

The parties negotiations concerning Norges sampling document custodians are ongoing.  However, Norges has been working to identify all potential sources of data and prepare for the document collection.  Once the custodians have been agreed, Norges estimates that it will complete its document collection within 60 days and serve hit counts within approximately two weeks thereafter.

**PFA**

The parties agreed on sampling document custodians for the PFA Plaintiffs only one week ago, on September 11, 2020. The PFA Plaintiffs currently believe they can substantially complete their collection of documents by October 16 and serve hit counts by October 30.

**Portigon**

The parties agreed on sampling document custodians for Portigon on August 21, 2020. Since that time, Portigon has been diligently investigating the availability of the custodians' documents, the timing for collection, and potential costs. Because Portigon has been in wind down since 2012, its documents are primarily stored on operational systems or back-up tapes held by third-party IT vendors. It will therefore likely be charged costs to obtain documents from most sources and timing will depend on these third parties. Moreover, because Portigon is a German regulated entity, it has been required to notify the German Workers' Counsel ("GWC") before collecting any data. The next meeting of the GWC is on September 28, 2020, and Portigon hopes to gain approval to begin collection on that date.

Assuming approval is granted by the GWC on September 28, Portigon estimates it should be able to complete collection of readily accessible Bloomberg chats and emails by October 30, and provide hit counts by November 16. However, Portigon may seek cost-shifting with respect to emails, given the costs currently quoted by the third-party vendors. Should there be a dispute as to cost-shifting, the timing for email production may be impacted. As to documents stored by third parties on back-up tapes, the expected timeline and costs could be much greater. Portigon thus anticipates meeting and conferring with Defendants shortly about potentially foregoing such restoration and cost-shifting, and can provide an update in the parties' September 30 joint letter.

Respectfully submitted,

/s/ Daniel L. Brockett

Daniel L. Brockett
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com

*Counsel for Plaintiffs*

ENDORSEMENT: The Court will address the deadline for the hit counts to be provided by Plaintiffs that have not yet provided them (*see* 8/31/20 Order, ECF No. 510, ¶ 6) during the 10/3/20 Telephone Conference with the parties. Prior to the Telephone Conference, the parties shall meet and confer to seek to agree on such deadline(s). The parties also shall meet and confer and seek to agree on what alterations, if any, need to be made to the current discovery schedule. (*See* 6/25/20 Order, ECF No. 453.) The parties shall report on the results of their meet and confer process in the 9/30/20 joint letter to the Court. (*See* 8/31/20 Order ¶ 8.) SO ORDERED.
Dated: 9/20/2020