USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ALLIANZ GLOBAL INVESTORS GMBH, et al.,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION, et al.,

    Defendants.

---------------------------------------------------------------x

18 Civ. 10364 (LGS) (SDA)

## [PROPOSED] ORDER COMPELLING SOCIÉTÉ GÉNÉRALE TO IDENTIFY THE EMPLOYEE DISCUSSED AT AUGUST 31, 2020 CONFERENCE

WHEREAS, Plaintiffs served certain requests for production of documents on Société Générale ("SG") seeking, among other things, information concerning "any termination, resignation, retirement . . . or suspension of any individual," and subsequently sought the identity of any "employees who were suspended, terminated, or resigned in connection with the FX investigations" (the "Request");

WHEREAS, SG objected to the Request on various grounds, including on the grounds that it seeks information "subject to confidentiality or non-disclosure agreements," and "information that is subject to . . . data privacy, confidentiality, blocking or channeling statutes, or other laws that limit or prohibit the transfer" of such information;

WHEREAS, on August 31, 2020, this Court ordered SG to meet and confer with Plaintiffs about providing the identity of a specific "individual employed by [SG] who was suspended, fired or forced to resign in connection with regulatory or internal investigations relating to conduct alleged in the TAC" (the "Employee") (ECF No. 510, ¶ 3); and

WHEREAS, SG and Plaintiffs have met and conferred, and have consented to this Order.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

(1) SG shall disclose to Plaintiffs the identity of the Employee.

(2) The information disclosed pursuant to this Order shall be treated as Highly Confidential under the April 27, 2020 Stipulation and Amended Order of Confidentiality (ECF No. 388).

(3) Any unresolved disputes between SG and Plaintiffs regarding this Order shall be determined exclusively by this Court.

(4) Neither this Order nor the disclosure of information concerning the Employee shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned action, including any objections as to relevance, materiality, authenticity, admissibility, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply under the laws of France, the United States, or the State of New York.

Dated: New York, NY
_____**October 6,**_____, 2020

SO ORDERED

_____
Stewart D. Aaron
UNITED STATES MAGISTRATE JUDGE