# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM



BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 4, 2020

Via ECF

Honorable Stewart D. Aaron,
    United States Magistrate Judge,
        Daniel Patrick Moynihan Courthouse,
            500 Pearl Street,
                New York, NY 10007.

Application GRANTED. SO ORDERED.
Dated: November 5, 2020

*/s/ Stewart D. Aaron*

Re: *Allianz Global Inv'rs GmbH, et al.* v. *Bank of Am. Corp., et al.*,
Case No. 18-cv-10364

Dear Judge Aaron:

Pursuant to Section II.B.3 of the Court's Individual Practices, I write on behalf of the Barclays Defendants in the above-referenced action ("Barclays") to seek leave to file under seal an unredacted version of Exhibit A to Barclays' letter motion for an extension of the November 5, 2020 deadline set by the Court in its October 23, 2020 order (ECF No. 625) for determining whether audio files exist and are readily accessible from the period January 1, 2003 through December 31, 2007 for certain custodians. Exhibit A is a declaration of Nicole E. Zapasnikas offered in support of Barclays' letter motion for an extension ("Declaration").

Although the public's right to access judicial documents "is strong, it is 'not absolute.'" *In re Pishevar*, 2020 WL 1862586, at *6 (S.D.N.Y. Apr. 14, 2020) (Aaron, J.) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (granting motion to seal and denying motion to unseal). Rather, the weight of the presumption may weaken based on "the role of the material at issue in the exercise of Article III judicial power." *Id.* (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Because "a court's authority to oversee discovery" is "ancillary to the court's core role in adjudicating a case," "the presumption of public access in filings submitted in connection with discovery disputes" is "somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown* v. *Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and

Honorable Stewart D. Aaron                                                                                                    -2-
United States Magistrate Judge

justify sealing.  *Hanks* v. *Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020); *see In re Pishevar*, 2020 WL 1862586, at *6 (describing the interest-balancing analysis).  Given the relative weakness of the public's right of access to materials related to discovery disputes, countervailing privacy interests must accordingly be given greater weight.  *See In re Pishevar*, 2020 WL 1862586, at *7.

       At issue here are the privacy interests of six Barclays employees from around the world who are not parties to this action.  The Declaration identifies each of those employees by name and discloses whether they were "indicted, terminated and/or suspended" as required by the Court's October 23, 2020 order (ECF No. 625).  Because "[n]on-parties' privacy interests may comprise 'a strong factor weighing against disclosure of their identities,'" the countervailing privacy interest in this case outweighs the presumption of public access.  *Travelers Indem. Co.* v. *Excalibur Reinsurance Corp.*, 2012 WL 13029602, at *9 (D. Conn. May 10, 2012) (quoting *In re Savitt/Adler Litig.*, 1997 WL 797511, at *3 (N.D.N.Y. Dec. 23, 1997)).

       Thus, this Court should grant Barclays' motion to seal the Declaration.

       Respectfully submitted,

/s/ *Matthew A. Schwartz*
Matthew A. Schwartz

*Attorney for Defendants Barclays PLC,
Barclays Bank PLC, and
Barclays Capital Inc.*

cc:     All counsel of record (via ECF)