## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/14/2020
```

November 13, 2020

WRITER'S DIRECT DIAL NO.
(212) 849-7345

WRITER'S EMAIL ADDRESS
danbrockett@quinnemanuel.com

**VIA ECF**

The Hon. Stewart D. Aaron
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *Allianz, et al. v. Bank of America Corp. et al.*, 18-cv-10364-LGS

Dear Judge Aaron:

Pursuant to Section I.D. of Your Honor's Individual Practices (revised July 6, 2020), Plaintiffs respectfully submit this request for an extension of the November 16, 2020 deadline for Plaintiffs to substantially complete disclosure of search term hit reports.  Dkt. 541.  Defendants do not oppose Plaintiffs' request.

As noted in Plaintiffs' September 18 letter, Dkt. 534, seven Plaintiffs (Anchorage, BlackRock, BlueCrest, CalSTRS, PIMCO, PRIM, and SEI) had already served search term hit reports several months ago.  Plaintiffs began serving hit reports for the remaining Plaintiffs this week and expect five such Plaintiffs (Allianz Taiwan, AP2, EAA, PFA, and Norges (as to five custodians)) to serve hit reports by the current November 16, 2020 deadline.  The remaining Plaintiffs intend to serve hit reports on a rolling basis and—barring any unforeseen technical difficulties—believe they can complete serving them by November 30, with the exception of three Plaintiffs:  Norges (as to any additional custodians), Portigon, and Allianz US.

*Norges*:  The parties have reached agreement as to five document custodians and are still meeting and conferring as to Defendants' request for an additional five.  Norges currently believes that hit reports for the five agreed-upon custodians can be served by November 16.  As to any additional sampling custodians—barring any unforeseen technical difficulties—Norges currently expects it can serve hit reports within 45 days of agreement or Court resolution.[1]

*Portigon*:  As explained in Plaintiffs' September 18 letter, Dkt. 534, Portigon has been in wind down since 2012, now has only a skeletal staff, and its documents are primarily stored on operational systems or back-up tapes held by third-party IT vendors.  It has thus been required to

---

[1]  Given the large amount of data at issue, the breadth of the search terms, the fact that the search terms cannot be run in Norges' email system, and privacy-related issues, generating the hit reports has been burdensome and extremely time-consuming.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

contact and negotiate with three different vendors—each of whom are seeking fees—concerning the scope, timing, and cost of restoration.  In addition, as a German regulated entity, the collection of custodian data requires both internal and external approvals, including from the German Workers Council.  Portigon has been diligently working through these issues and currently believes they can be resolved in sufficient time to serve hit reports by December 16, 2020.

*Allianz US*:  As noted in Plaintiffs' September 18 letter, Dkt. 534, Allianz US does not believe it has any reasonably accessible documents for the agreed-upon custodians during the relevant period.  Instead, any documents would be found on physical drives containing a server backup located in its New York offices.  Due to quarantine restrictions, Allianz US was only recently able to access to the drives.  The drives now need to be sent to a third-party vendor to analyze their condition, determine whether the backup can be restored, whether data can be extracted, how long such extraction would take, and potential cost.  Because of these outstanding issues, Allianz US cannot currently provide an estimate of whether or when hit reports can be provided.  However, we expect to be in a position to provide more information by November 30, 2020.

Accordingly, Plaintiffs respectfully seek the following relief:  (a) the deadline for Plaintiffs, other than Norges (as to any additional custodians), Portigon, and Allianz US, to substantially complete disclosure of search term hit reports shall be extended by two weeks, to November 30, 2020; (b) Norges shall serve hit reports for any additional custodians within 45 days after resolution by agreement or court order; (c) Portigon shall serve hit reports by December 16, 2020; and (d) Allianz US shall provide an update as to the feasibility and timing for serving hit reports on November 30.   Plaintiffs have not previously requested an extension of the November 16 deadline and do not believe the requested extension will affect any other deadlines.

Respectfully submitted,

By: /s/ Daniel L. Brockett

Daniel L. Brockett
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212)  849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com

Counsel for Plaintiffs

cc. All counsel of record (via ECF)

APPLICATION GRANTED

*[signature]*
Hon. Stewart D. Aaron, U.S.M.J.