November 17, 2020

<u>Via ECF</u>

The Honorable Stewart D. Aaron,
   United States Magistrate Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street,
           New York, New York  10007.

              Re:   *Allianz Global Invs. GmbH, et al.* v. *Bank of Am. Corp., et al.*,
                    Case No. 18-cv-10364

Dear Judge Aaron:

      Under Rule II(B) of Your Honor's Individual Practices, we write on behalf of Defendants[1] in the above-referenced action ("Defendants") to submit this motion for a discovery conference and a protective order.  Specifically, we seek this Court's urgent intervention regarding Plaintiffs' retention of Jason Katz, a former Barclays and BNP trader and a likely fact witness in this Action, as a paid "consulting" expert.  In a parallel action in the U.K. brought by the same Plaintiffs and Plaintiffs' counsel as in the above-referenced action ("Action"), Plaintiffs have applied to give Katz—in the guise of being a paid "consultant"—access to the confidential and highly confidential information that certain Defendants have produced in this Action and the U.K. action.  Paying money to, and sharing confidential information with, a fact witness raises serious administration of justice issues.  Over the past few days, Defendants have tried to get basic information from Plaintiffs about Katz's retention.  Yesterday, Plaintiffs finally revealed that that they have agreed to pay Katz, who is otherwise currently unemployed, $400 per hour for his purported consulting services.  Rather than allowing the parties time to discuss these serious concerns, Plaintiffs are seeking to make the whole issue a *fait accompli* by rushing an application in the U.K. court to share confidential information with Katz and were unable to speak with Defendants until this afternoon.[2]  Accordingly, to avoid tainting a crucial fact witness, Defendants request this Court to order Plaintiffs not to pay Katz the unreasonable amount of $400 per hour and not to share any information to which he would not have had access while employed as an FX trader.[3]

      ***Background.***  Katz is a former FX trader for Barclays and BNP who participated in certain FX chat rooms that are at issue in this Action.  On January 4, 2017, Katz pleaded guilty to a one-count indictment for violating the Sherman Act.  (Plea Agreement at ¶ 1, *U.S.* v. *Katz*, No. 17-cr-0003, Dkt. No. 6 (S.D.N.Y. Jan. 4, 2017).)  Katz testified as a fact witness for multiple days in *U.S.* v. *Aiyer*, No. 18-cr-333 (S.D.N.Y.)—a criminal case

---

[1] The MUFG and Credit Suisse defendants do not join this letter.

[2] On November 17, 2020, the parties met and conferred for approximately 25 minutes by telephone.  Dan Brockett and Anthony Alden from Quinn Emanuel Urquhart & Sullivan LLP participated for Plaintiffs while Matthew Schwartz and Jacob Lieberman of Sullivan & Cromwell LLP and Laura Hall from Allen & Overy LLP participated for Defendants.  The parties are at impasse on the propriety of Plaintiffs' arrangement with Katz and whether they should be allowed to show Katz documents that he never sent or received.

[3] Defendants do not seek to prevent Plaintiffs from otherwise speaking to Katz, assuming he does not divulge any privileged or otherwise protected information, including information he is required to keep confidential pursuant to the terms of his employment with BNP.

Honorable Stewart D. Aaron                                                                                                                -2-
United States Magistrate Judge

involving Katz that is detailed in the Third Amended Complaint. (*See* Dkt. No. 475, ¶¶ 293-96.)[4] Plaintiffs and BNP listed Katz in their Initial Disclosures as a person that they "may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiffs also demanded that Barclays and BNP include Katz as a document custodian. And, Katz is being scheduled for a fact-witness deposition in the main FX class action, *In re FOREX Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y.), where his testimony also may be used in this Action.

Defendants first learned of Plaintiffs' purported retention of Katz by happenstance on November 6, 2020, when the claimants in the parallel U.K. action sought defendants' consent to show Katz confidential materials. Barclays and others promptly objected and sought further information about the arrangement with Katz from Plaintiffs in the U.S. and the U.K. Plaintiffs have stated that they intend to not only share Confidential and Highly Confidential information with Katz in both this Action and in the U.K., but also to compensate him as a "consultant" for assisting Plaintiffs in preparing their case at $400 per hour. (**Ex. A** at 2; **Ex. B** at 1.) Barclays asked Plaintiffs to refrain from sharing with Katz any Confidential or Highly Confidential information until Defendants in this Action could learn more about Katz's purported retention. In response, U.K. Plaintiffs filed an application with the U.K. court to allow them to immediately divulge information to Katz and have refused to stay that application pending discussions in the U.S.

***Plaintiffs Admit Hiring Katz for His Personal Knowledge of Relevant Facts.*** There can be no dispute that Katz is a fact witness and that Plaintiffs are retaining him because of his personal knowledge of relevant facts. Plaintiffs have admitted this: on November 12, Plaintiffs explained that their "purpose" for hiring Katz as consultant was, in part, his "knowledge of facts relevant to the alleged conspiracy." (**Ex. C** at 2.) Earlier that day in the U.K., Plaintiffs' counsel asserted that they had retained him as a "consultant" because of "[t]he very fact that Mr. Katz was an employee of Barclays and engaged in the unlawful conduct that is the subject of the [U.K.] claim." (**Ex. D** at 1.) Plaintiffs ignore that there are literally hundreds of other current and former FX traders, including among Plaintiffs' own employees, who are not fact witnesses and could provide the same services.

***Plaintiffs' Arrangement to Pay Katz $400 Per Hour Is Improper.*** It is well-settled that a lawyer can only "advance, guarantee or acquiesce in the payment of . . . reasonable compensation to a [fact] witness for the *loss of time* in attending, testifying, preparing to testify or otherwise assisting counsel, and reasonable related expenses," *Caldwell* v. *Cablevision Sys. Corp.*, 86 A.D.3d 46, 51 (N.Y. App. Div., 2d Dep't. 2011) (emphasis added) (quoting N.Y. R. of Prof. Conduct 3.4(b).[5] "Payment to a fact witness which bears no relation to the witness's reasonable losses . . . is nothing more than a fee for testifying that permits strangers to the litigation to profit from it." *Id*. at 52 (internal quotations and alterations omitted). After multiple requests, on November 16, Plaintiffs finally disclosed that they are going to pay Katz $400 per hour for his services. Plaintiffs' compensation arrangement with Katz is excessive by any reasonable measure. At his October 5

---

[4] Aiyer has appealed his conviction and it is possible that his appeal could result in a retrial of his case.

[5] Under the Federal Anti-Gratuity statute, 18 U.S.C. § 201(d), a lawyer can only pay a fact witness for the "reasonable cost of travel and subsistence incurred and the reasonable value of time lost." *In re Complaint of PMD Enterprises Inc.*, 215 F. Supp. 2d 519, 530 (D.N.J. 2002).

Honorable Stewart D. Aaron -3-
United States Magistrate Judge

sentencing, Katz explained that he was "a full-time stay-at-home dad" who spent the "last few years learning about growing and building a small real estate business" and was "taking classes to become an EMT." (Oct. 5, 2020 Tr., *U.S.* v. *Katz*, at 7:10-20.). The Rules of Professional Conduct make clear that a fact witness's reimbursement for their "loss of time" should be based on the monetary value of that witness's time and requires "closer consideration" if the witness is unemployed. (N.Y. Bar Ass'n, Op. 668 (1994).) Katz cannot credibly claim that his services are worth $400 per hour to anybody other than Plaintiffs. Indeed, this hourly rate far exceeds what courts in this circuit have permitted in similar circumstances. *See, e.g.*, *Prasad* v. *MML Inv'rs Servs., Inc.,* 2004 WL 1151735, at *7 (S.D.N.Y. May 24, 2004) ($125 per hour and citing case that concluded rates between $125-200 per hour were reasonable); *Klorczyk* v. *Sears, Roebuck & Co.*, 2017 WL 3272237, at *3 (D. Conn. Aug. 1, 2017) ($120 per hour); *Rajaratnam* v. *Motley Rice, LLC*, 449 F. Supp. 3d 45, 78 (E.D.N.Y. 2020) (less than $8,500 per year, including expenses for international travel).[6] Nor can Plaintiffs avoid the prohibitions on improperly paying a fact witness by dressing him up as a purported "consultant." *See Patel* v. *7-Eleven Inc.*, 2015 WL 9701133, at *4-5 (C.D. Cal. Apr. 14, 2015) (holding compensation was improper because the witness was "actually hired . . . for his unique factual insight into the workings of Defendants' [business], not for his 'expertise'" in the relevant field).

***Plaintiffs Should Not Be Allowed to Taint Katz's Knowledge as a Fact Witness.*** Plaintiffs clearly intend to show Katz documents that have been designated Confidential and Highly Confidential for which he was not an author or recipient. Indeed, they have filed a motion to permit this in the U.K. Allowing Katz "to review all tiers of confidential information in the case" runs the risk of "interfering with the recollections of a key fact witness" and should not be allowed. *Arconic Inc.* v. *Novelis Inc.*, 2018 WL 5660180, at *1-*2 (W.D. Pa. Aug. 3, 2018) ("[I]t is essential to avoid the possibility of influencing the testimony of a witness whom both parties agree is a central fact witness in the case."). If Katz reviews documents that are unrelated to his conduct, it will necessarily change his personal understanding of the conduct at issue in the Action. This cannot be mitigated with cross-examination, in part because Plaintiffs have stated that they will invoke "[their] work product privilege over communications with Katz concerning the subject of the consulting." (**Ex. A** at 2.) *Cf. In re Complaint of PMD Enterprises Inc.*, 215 F. Supp. 2d at 531 (holding cross-examination was insufficient where the party "engaged in *ex parte* contact and offered to pay an adverse fact witness a substantial sum to review certain documents"). Defendants object to and reserve all rights to challenge any such claim.[7]

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs not to share any confidential information with Katz that he would not have had access to while employed as an FX trader and not to pay him excessive compensation.

---

[6] Plaintiffs will no doubt claim that Katz's experience as a trader justifies paying him so much, but this ignores that Katz was banned for life from working as a trader by the Federal Reserve in 2017. *See* https://www.federalreserve.gov/newsevents/pressreleases/files/enf20170104a1.pdf.

[7] Moreover, under the Amended Order of Confidentiality, a fact witness—but not a consulting "expert"— can only see "Highly Confidential" information to which the witness had access "in the normal course of business." (*Compare* Dkt. No. 388 ¶ 7.2(f) *with* ¶ 7.2(h).) Plaintiffs should not be allowed to sidestep this Order by virtue of paying Katz as a consultant.

Honorable Stewart D. Aaron                                                                                          -4-
United States Magistrate Judge

Respectfully Submitted,

| SULLIVAN & CROMWELL LLP | ALLEN & OVERY LLP |
|---|---|
| By: /s/ Matthew A. Schwartz | By: /s/ David C. Esseks |
| Matthew A. Schwartz | David C. Esseks |
| Matthew A. Peller | Laura R. Hall |
| Jacob B. Lieberman | Rebecca Delfiner |
| Nikolai Krylov | 1221 Avenue of the Americas |
| Maeghan O. Mikorski | New York, New York 10020 |
| 125 Broad Street | Telephone: (212) 610-6300 |
| New York, New York 10004 | david.esseks@allenovery.com |
| Telephone: (212) 558-4000 | laura.hall@allenovery.com |
| schwartzmatthew@sullcrom.com | rebecca.delfiner@allenovery.com |
| pellerm@sullcrom.com | |
| liebermanj@sullcrom.com | PATTERSON, BELKNAP, WEBB & TYLER LLP |
| krylovn@sullcrom.com | |
| mikorskim@sullcrom.com | |
| | By: /s/ Alejandro H. Cruz |
| *Attorneys for Defendants Barclays Bank plc, Barclays plc and Barclays Capital Inc.* | Joshua A. Goldberg |
| | Alejandro H. Cruz |
| | Camille L. Fletcher |
| | Patterson, Belknapp, Webb & Tyler LLP |
| | 1133 Avenue of the Americas |
| | New York, NY 10036 |
| | Telephone: (212) 336-2000 |
| | acruz@pbwt.com |
| | cfletcher@pbwt.com |
| | jgoldberg@pbwt.com |
| | *Attorneys for Defendants BNP Paribas Group, BNP Paribas USA, Inc., BNP Paribas S.A. and BNP Paribas Securities Corp.*[8] |

---

[8] Allen & Overy LLP does not represent Defendants BNP Paribas Group, BNP Paribas USA, Inc., BNP Paribas S.A. and BNP Paribas Securities Corp. with respect to claims by Claimants affiliated with BlackRock, Inc.

Honorable Stewart D. Aaron  -5-
United States Magistrate Judge

| SHEARMAN & STERLING LLP | COVINGTON & BURLING LLP |
|---|---|
| By: /s/ Adam S. Hakki<br>Adam S. Hakki<br>Richard F. Schwed<br>Jeffrey J. Resetarits<br>599 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 848-4000<br>ahakki@shearman.com<br>rschwed@shearman.com<br>jeffrey.resetarits@shearman.com<br><br>*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith Incorporated* | By: /s/ Andrew A. Ruffino<br>Andrew A. Ruffino<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>aruffino@cov.com<br><br>Andrew D. Lazerow (pro hac vice motion forthcoming)<br>850 10th Street NW<br>Washington, DC 20001<br>Telephone: (202) 662-5081<br>alazerow@cov.com<br><br>*Attorneys for Defendants Citigroup, Inc., Citibank, N.A., Citigroup Global Markets, Inc.* |
| LATHAM & WATKINS LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| By: /s/ Joseph Serino, Jr.<br>Joseph Serino, Jr.<br>885 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 906-1717<br>joseph.serino@lw.com | By: /s/ Thomas J. Moloney<br>Thomas J. Moloney<br>Rishi N. Zutshi<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>tmoloney@cgsh.com<br>rzutshi@cgsh.com |
| KING & SPALDING LLP<br><br>By: /s/ G. Patrick Montgomery<br>G. Patrick Montgomery (admitted pro hac vice)<br>1700 Pennsylvania Ave., NW<br>Washington, DC 20006<br>Telephone: (202) 626-5444<br>pmontgomery@kslaw.com<br><br>*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.* | *Attorneys for Defendants The Goldman Sachs Group, Inc. and Goldman Sachs & Co. LLC* |

Honorable Stewart D. Aaron  -6-
United States Magistrate Judge

| | |
|---|---|
| LOCKE LORD LLP | DONTZIN NAGY & FLEISSIG LLP |
| By: /s/ Gregory T. Casamento | By: /s/ Tibor L. Nagy, Jr. |
| Gregory T. Casamento | Tibor L. Nagy, Jr. |
| 3 World Financial Center | Jason A. Kolbe |
| New York, New York 10281 | Dontzin Nagy & Fleissig LLP |
| Telephone: (212) 812-8325 | 980 Madison Avenue |
| gcasamento@lockelord.com | New York, NY 10075 |
| | Telephone: (212) 717-2900 |
| Roger B. Cowie | tnagy@dnfllp.com |
| 2200 Ross Avenue, Suite 2200 | jkolbe@dnfllp.com |
| Dallas, TX 75201 | |
| Telephone: (214) 740-8000 | SKADDEN, ARPS, SLATE, MEAGHER & |
| rcowie@lockelord.com | FLOM LLP |
| J. Matthew Goodin | By: /s/ Boris Bershteyn |
| Julia C. Webb | Boris Bershteyn |
| 111 South Wacker Drive | Peter S. Julian |
| Chicago, IL 60606 | Tansy Woan |
| Telephone: (312) 443-0700 | One Manhattan West |
| jmgoodin@lockelord.com | New York, New York 10001 |
| jwebb@lockelord.com | Telephone: (212) 735-3000 |
| | boris.bershteyn@skadden.com |
| *Attorneys for Defendants HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.* | peter.julian@skadden.com |
| | tansy.woan@skadden.com |
| | Gretchen Wolf (admitted *pro hac vice*) |
| | 155 N. Wacker Dr., Suite 2700 |
| | Chicago, Illinois 60606 |
| | Telephone: (312) 407-0956 |
| | gretchen.wolf@skadden.com |
| | Paul M. Kerlin (admitted *pro hac vice*) |
| | 1440 New York Avenue N.W. |
| | Washington, DC 20005 |
| | Telephone: (202) 371-7000 |
| | paul.kerlin@skadden.com |
| | *Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC*[9] |

.

---

[9] Skadden, Arps, Slate, Meagher & Flom LLP does not represent JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC with respect to claims by BlackRock, Inc. or BlackRock-related entities listed in Appendix C of the complaint.

Honorable Stewart D. Aaron -7-
United States Magistrate Judge

| WACHTELL, LIPTON, ROSEN & KATZ | MOORE AND VAN ALLEN PLLC |
|---|---|
| By: /s/ Jonathan M. Moses<br>Jonathan M. Moses<br>Justin L. Brooke<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>JMMoses@wlrk.com<br>JLBrooke@wlrk.com<br><br>*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co., LLC, and Morgan Stanley & Co. International plc* | By: /s/ James P. McLoughlin, Jr.<br>James P. McLoughlin, Jr.<br>Mark A. Nebrig<br>Joshua D. Lanning<br>Moore & Van Allen PLLC<br>100 N. Tryon Street, Suite 4700<br>Charlotte, North Carolina 28202<br>Telephone: (704) 331-1000<br>jimmcloughlin@mvalaw.com<br>marknebrig@mvalaw.com<br>joshlanning@mvalaw.com<br><br>*Attorneys for The Royal Bank of Canada and Defendant RBC Capital Markets LLC on behalf of RBC Capital Markets LLC* |

Honorable Stewart D. Aaron  -8-
United States Magistrate Judge

| DAVIS POLK & WARDWELL LLP | LINKLATERS LLP |
|---|---|
| By: /s/ Paul S. Mishkin | By: /s/ James R. Warnot, Jr. |
| Paul S. Mishkin | James R. Warnot, Jr. |
| Adam G. Mehes | Patrick C. Ashby |
| Maude Paquin | Nicole E. Jerry |
| 450 Lexington Avenue | 1290 Avenue of the Americas |
| New York, New York 10017 | New York, New York 10104 |
| Telephone: (212) 450-4000 | Telephone: (212) 903-9000 |
| paul.mishkin@davispolk.com | james.warnot@linklaters.com |
| adam.mehes@davispolk.com | patrick.ashby@linklaters.com |
| maude.paquin@davispolk.com | nicole.jerry@linklaters.com |

*Attorneys for Defendants The Royal Bank of Scotland plc and NatWest Markets Securities Inc.*

Adam S. Lurie
601 13th St. NW
Suite 400
Washington, DC 20005
Telephone: (202) 654-9227
adam.lurie@linklaters.com

MAYER BROWN LLP

By: /s/ Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
Victoria D. Whitney
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com
vwhitney@mayerbrown.com

*Attorneys for Defendant Société Générale S.A.*[10]

---

[10] Linklaters LLP does not represent Société Générale with respect to claims by BlackRock, Inc. or the BlackRock-related entities listed in Appendix C of the Complaint.

Honorable Stewart D. Aaron                                                      -9-
United States Magistrate Judge

| HOGAN LOVELLS US LLP | GIBSON, DUNN & CRUTCHER LLP |
|---|---|
| By: /s/ Marc J. Gottridge | By: /s/ Eric J. Stock |
| Marc J. Gottridge | Eric J. Stock |
| Lisa J. Fried | 200 Park Avenue |
| Benjamin A. Fleming | New York, New York 10166 |
| Charles Barrera Moore | Telephone: (212) 351-4000 |
| | estock@gibsondunn.com |
| 390 Madison Avenue | |
| New York, New York 10017 | *Attorney for Defendants UBS AG and UBS Securities LLC* |
| marc.gottridge@hoganlovells.com | |
| lisa.fried@hoganlovells.com | |
| benjamin.fleming@hoganlovells.com | |
| charles.moore@hoganlovells.com | |
| | |
| Telephone: (212) 918-3000 | |

EVERSHEDS SUTHERLAND LLP

By: /s/ Lewis S. Wiener
Lewis S. Wiener
Ronald W. Zdrojeski
Meghana D. Shah
1114 Avenue of the Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
lewiswiener@eversheds-sutherland.com
ronzdrojeski@eversheds-sutherland.com
meghanashah@eversheds-sutherland.com

*Attorneys for Defendant Standard Chartered Bank*[11]



(Attachments)

cc:     All counsel of record (via ECF)

---

[11] Eversheds Sutherland (US) LLP only represents Standard Chartered Bank with respect to claims by AllianzGI GmbH, the Allianz Entities, PIMCO, and the PIMCO Funds, all as defined in the Complaint.