By **November 19, 2020**, Plaintiffs shall file a responsive letter, not to exceed 5 pages (exclusive of exhibits).

A show cause hearing will be held on **November 23, 2020, at 12:15 p.m.** The hearing will be telephonic and will occur on the following conference line: 888-363-4749, access code: 5583333.

Via ECF

The Honorable Lorna G. Schofield,
United States District Judge,
Thurgood Marshall United States Courthouse,
40 Foley Square,
New York, New York 10007.

So Ordered.
Dated: November 19, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Allianz Global Invs. GmbH, et al.* v. *Bank of Am. Corp., et al.*,
Case No. 18-cv-10364

Dear Judge Schofield:

Under Rule III(C)(4) of Your Honor's Individual Practices, we write on behalf of Defendants[1] ("Defendants") to submit this letter motion for a temporary restraining order or, in the alternative, to enforce the Amended Order of Confidentiality (Dkt. No. 387 ("Confidentiality Order")). Specifically, Defendants seek this Court's intervention regarding Plaintiffs' retention of Jason Katz, a former Barclays and BNP trader and a likely fact witness in this action ("U.S. Action"), as a paid "consulting" expert. In a parallel action in the U.K. ("U.K. Action") brought by many of the same Plaintiffs and Plaintiffs' counsel as in this U.S. Action, Plaintiffs have applied to give Katz—in the guise of being a paid "consultant"—access to the confidential and highly confidential information that certain Defendants have produced in the U.S. and U.K. Actions. Paying money to, and sharing confidential information with, a fact witness raises serious administration of justice issues. Because Katz's retention as a consulting expert is improper, sharing this information with him is improper under the Confidentiality Order. It is also inherently improper for Plaintiffs to "interfer[e] with the recollections of a key fact witness" by sharing with him confidential information of which he was not an author or recipient. *Arconic Inc.* v. *Novelis Inc.*, 2018 WL 5660180, at *1-*2 (W.D. Pa. Aug. 3, 2018).

Beginning on November 10, 2020, Defendants tried to get basic information from Plaintiffs about Katz's retention. On November 16, 2020, Plaintiffs finally revealed that they have agreed to pay Katz, who is otherwise currently unemployed, $400 per hour for his purported consulting services. Rather than allowing the parties time to discuss these serious concerns, Plaintiffs are seeking to make the issue a *fait accompli* by rushing an application in the U.K. court to share confidential information with Katz. And Plaintiffs were unable to speak with Defendants until 4:30 p.m. on November 17, 2020. Accordingly, to avoid tainting a potentially crucial fact witness, on November 17, Defendants filed a letter motion with Judge Aaron seeking a protective order to stop Plaintiffs from (i) paying Katz the unreasonable amount of $400 per hour, and (ii) sharing any information that he would not have had access while employed as an FX trader.[2] Judge Aaron denied the

---

[1] The MUFG and Credit Suisse defendants do not join this motion.

[2] Defendants do not seek to prevent Plaintiffs from otherwise communicating with Katz, assuming he does not divulge any privileged or otherwise protected information, including information he is required to keep confidential pursuant to the terms of his employment with BNP, and that such communications are discoverable.

Honorable Lorna G. Schofield                                                                                          -2-
United States District Judge

motion without prejudice, because he viewed the motion "in substance [a]s seeking a temporary restraining order" that should be brought before this Court. (Dkt. No. 652.) Judge Aaron, however, stated that "the [c]ourt expects Plaintiffs to abide by the letter and spirit of the Amended Order of Confidentiality . . . as well as their ethical obligations." (*Id.*)

**Legal Standard**

To obtain a temporary restraining order, "the movant has to show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Araujo* v. *N.Y.C. Dep't of Educ.*, 2020 WL 5701828, at *2 (S.D.N.Y. Sept. 24, 2020) (Schofield, J.) As shown below, Plaintiffs' improper agreement to retain a key fact witness in the U.S. Action as a $400-an-hour purported "consultant" and to taint his knowledge of the underlying facts by showing and discussing with him Confidential and Highly Confidential information that he has never before seen easily meets this standard.

**Background**

Katz is a former FX trader for Barclays and BNP who participated in certain FX chat rooms that are at issue in this Action. On January 4, 2017, Katz pleaded guilty to a one-count indictment for violating the Sherman Act. (Plea Agreement at ¶ 1, *U.S.* v. *Katz*, No. 17-cr-0003, Dkt. No. 6 (S.D.N.Y. Jan. 4, 2017).) Katz testified as a fact witness for multiple days in *U.S.* v. *Aiyer*, No. 18-cr-333 (S.D.N.Y.)—a criminal case involving Katz that is detailed in the Third Amended Complaint. (*See* Dkt. No. 475, ¶¶ 293-96.)[3] Plaintiffs and BNP listed Katz in their Initial Disclosures as a person that they "may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiffs also demanded that Barclays and BNP include Katz as a document custodian. And, Katz is being scheduled for a fact-witness deposition in the main FX class action, *In re FOREX Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y.), where his testimony also may be used in this Action. Importantly, many of the current and former traders who have been deposed in *FOREX* have asserted their Fifth Amendment rights and refused to testify substantively. Due to his prior conviction and cooperation agreement with the Government, Katz likely cannot do the same and may be one of the main traders able to provide substantive testimony about the facts at issue in the U.S. and U.K. Actions.

Defendants first learned of Plaintiffs' purported retention of Katz by chance on November 6, 2020, when the claimants in the U.K. Action sought defendants' consent to show Katz confidential materials. Barclays and others promptly objected and sought further information about the arrangement with Katz from Plaintiffs in the U.S. and the U.K. (*See* Affidavit of Matthew A. Schwartz, dated November 11, 2020 ("Schwartz Aff.") Ex. A.) Plaintiffs have stated that they not only intend to share Confidential and Highly Confidential information with Katz in both the U.S Action and the U.K. Action, but also to compensate him as a "consultant" for assisting Plaintiffs in preparing their case at $400 per hour. (Schwartz Aff. Ex. B at 2; Ex. E at 1.)

---

[3] Aiyer has appealed his conviction and it is possible that his appeal could result in a retrial of his case.

Barclays asked Plaintiffs to refrain from sharing with Katz any Confidential or Highly Confidential information until Defendants in this Action could learn more about Katz's purported retention. In response, U.K. Plaintiffs filed an application with the U.K. court to allow them to immediately divulge information to Katz. The U.K. defendants' opposition to that application was served on November 18, 2020. Plaintiffs have been unwilling to stay that application pending the outcome of any dispute in the U.S. Action.[4] If the U.K. application is granted, Plaintiffs will have the legal right in the U.K. to show Katz any documents that have been produced in the U.K. action, which substantially overlaps with the discovery produced to date in the U.S. Action. In other words, if Plaintiffs' U.K. application is granted, their transatlantic maneuvering will have the effect of undermining any relief this Court could give by allowing them to do in the U.K. what they should not be allowed to do in the U.S. This is the urgency motivating Defendants' instant motion.

**Statement**

### *Plaintiffs Admit Hiring Katz for His Personal Knowledge of Relevant Facts.*

There can be no dispute that Katz is a fact witness and that Plaintiffs are retaining him because of his personal knowledge of relevant facts. Plaintiffs have admitted this: on November 12, Plaintiffs explained that their "purpose" for hiring Katz as a consultant was, in part, his "knowledge of facts relevant to the alleged conspiracy." (Schwartz Aff. Ex. C at 2.) Earlier that day in the U.K., Plaintiffs' counsel asserted that they had retained him as a "consultant" because of "[t]he very fact that Mr. Katz was an employee of Barclays and engaged in the unlawful conduct that is the subject of the [U.K.] claim." (Schwartz Aff. Ex. B at 1.) Plaintiffs ignore that there are literally hundreds of other current and former FX traders, including among Plaintiffs' own employees, who are not fact witnesses and could provide the same services. Indeed, Plaintiffs' recent filings in the U.K. Action make clear that they have already retained at least two "industry consultants" and two other experts, all of whom appear to be former traders but are not key fact witnesses in the U.S. or U.K. Actions. (Schwartz Aff. at ¶ 7.) As a result, Plaintiffs cannot credibly claim any hardship from not being able to show Katz documents that he has never seen before.

### *Plaintiffs' Arrangement to Pay Katz $400 Per Hour Is Improper.*

It is well-settled that a lawyer can only "advance, guarantee or acquiesce in the payment of . . . reasonable compensation to a [fact] witness for the *loss of time* in attending, testifying, preparing to testify or otherwise assisting counsel, and reasonable related expenses," *Caldwell* v. *Cablevision Sys. Corp.*, 86 A.D.3d 46, 51 (N.Y. App. Div., 2d Dep't. 2011) (emphasis added) (quoting N.Y. R. of Prof. Conduct 3.4(b)).[5] "Payment to a fact witness which bears no relation to the witness's reasonable losses . . . is nothing more

---

[4] Plaintiffs have agreed to give Defendants three business days' notice before showing Katz any Confidential or Highly Confidential materials; but once Katz is able to see those materials in the U.K. Action mere notice is insufficient to cure the harm of sharing information with Katz that may improperly taint his testimony.

[5] Under the Federal Anti-Gratuity statute, 18 U.S.C. § 201(d), a lawyer can only pay a fact witness for "reasonable cost of travel and subsistence incurred and the reasonable value of time lost." *In re PMD Enters. Inc.*, 215 F. Supp. 2d 519, 530 (D.N.J. 2002).

than a fee for testifying that permits strangers to the litigation to profit from it." *Id*. at 52 (internal quotations and alterations omitted). Lawyers may not circumvent this rule by dressing the fact witness up as a "consultant." *See Patel* v. *7-Eleven Inc.*, 2015 WL 9701133, at *4-5 (C.D. Cal. Apr. 14, 2015) (holding compensation was improper because the witness was "actually hired . . . for his unique factual insight into the workings of Defendants' [business], not for his 'expertise'" in the relevant field); *Rocheux Int'l of N.J., Inc.* v. *U.S. Merchants Fin. Grp., Inc.*, 2009 WL 3246837 (D.N.J. Oct. 5, 2009) (excluding testimony from former employee plaintiff had retained as a purported "expert witness" but the witness's proposed testimony related to factual issues); *Goldstein* v. *Exxon Research Eng'g Co.*, 1997 WL 580599, at *4 (D.N.J. Feb. 28, 1997) ("consulting agreement" with fact witness improper "[w]hen a witness is called because of vast personal knowledge of the subject matter of a lawsuit" due to extensive personal involvement in disputed activities); *Rentclub, Inc.* v. *Transamerica Rental Fin. Corp.*, 811 F. Supp. 651 (M.D. Fl. 1992) (disqualifying counsel for retaining opposing party's former CFO as a "trial consultant" where payments to the witness appeared to have been for factual information).

After multiple requests, on November 16, Plaintiffs finally disclosed that they have agreed to pay Katz $400 per hour for his services. Plaintiffs' compensation arrangement with Katz is excessive by any reasonable measure. At his October 5 sentencing, Katz explained that he was "a full-time stay-at-home dad" who spent the "last few years learning about growing and building a small real estate business" and was "taking classes to become an EMT." (Oct. 5, 2020 Tr., *U.S.* v. *Katz*, at 7:10-20.)[6] The Rules of Professional Conduct make clear that a fact witness's reimbursement for their "loss of time" should be based on the monetary value of that witness's time, and requires "closer consideration" if the witness is unemployed. (N.Y. Bar Ass'n, Op. 668 (1994).) Plaintiffs cannot credibly claim that Katz's services are worth $400 per hour to anybody other than Plaintiffs. Indeed, this hourly rate far exceeds what courts in this circuit have permitted in similar circumstances. *See, e.g.*, *Prasad* v. *MML Inv'rs Servs., Inc.,* 2004 WL 1151735, at *7 (S.D.N.Y. May 24, 2004) ($125 per hour and citing case that concluded rates between $125-200 per hour were reasonable); *Klorczyk* v. *Sears, Roebuck & Co.*, 2017 WL 3272237, at *3 (D. Conn. Aug. 1, 2017) ($120 per hour); *Rajaratnam* v. *Motley Rice, LLC*, 449 F. Supp. 3d 45, 78 (E.D.N.Y. 2020) (less than $8,500 per year, including expenses for international travel).[7]

---

[6] Nor can Plaintiffs argue that Katz's experience as a trader justifies paying him so much, because he was banned for life from working as a trader by the Federal Reserve in 2017. *See* https://www.federalreserve.gov/newsevents/pressreleases/files/enf20170104a1.pdf.

[7] Accordingly, this case is nothing like those where payments to fact witness have been permitted. *See, e.g.*, *Higher One, Inc.* v. *TouchNet Info. Sys., Inc.*, 298 F.R.D. 82, 86-87 (W.D.N.Y. 2014) (rejecting discovery into attorneys' communications with consulting witness, where witness was unlikely to testify and there was no evidence witness was being paid an improper amount or improperly divulging confidential information); *Prasad*, 2004 WL 1151735, at *5-6 (compensating a fact witness for $125 per hour to be a consultant was insufficient to overturn an arbitration award where $125 per hour was the same rate the witness charged in his private consulting business); *Rajaratnam*, 2020 WL 1476171, at *20-21 (compensating $75,000 to a fact witness for extensive case travel between Sri Lanka and the United States over several years was reasonable and proper).

Honorable Lorna G. Schofield -5-
United States District Judge

### *Plaintiffs Should Not Be Allowed to Taint Katz's Knowledge as a Fact Witness.*

Plaintiffs clearly intend to show Katz documents that have been designated Confidential and Highly Confidential for which he was not an author or recipient. Indeed, they have filed a motion to permit this in the U.K Action. Allowing Katz "to review all tiers of confidential information in the case" runs the risk of "interfering with the recollections of a key fact witness" and should not be allowed. *Arconic Inc.*, 2018 WL 5660180, at *1-*2 ("[I]t is essential to avoid the possibility of influencing the testimony of a witness whom both parties agree is a central fact witness in the case."). Moreover, under the Confidentiality Order, a fact witness—but not a consulting "expert"—can only see "Highly Confidential" information the witness had access to "in the normal course of business." (*Compare* Dkt. No. 388 ¶ 7.2(f) *with* ¶ 7.2(h).) Plaintiffs should not be allowed to sidestep this Order by improperly retaining Katz as a consultant.

If Katz reviews documents that are unrelated to his conduct, it will necessarily change his personal understanding of the conduct at issue in the U.S. Action. Defendants may not be able to mitigate this issue with cross-examination, in part because Plaintiffs have stated that they will invoke "[their] work product privilege over communications with Katz concerning the subject of the consulting." (Schwartz Aff. Ex. D at 2.) *Cf. In re PMD Enters. Inc.*, 215 F. Supp. 2d at 531 (holding cross-examination was insufficient where the party "engaged in *ex parte* contact and offered to pay an adverse fact witness a substantial sum to review certain documents"). Defendants object to and reserve all rights to challenge any such claim.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs not to share any confidential information with Katz that he would not have had access to while employed as an FX trader and not to pay him excessive compensation.

Honorable Lorna G. Schofield                                                                     -6-
United States District Judge

Respectfully Submitted,

| SULLIVAN & CROMWELL LLP | ALLEN & OVERY LLP |
|---|---|
| By: /s/ Matthew A. Schwartz | By: /s/ David C. Esseks |
| Matthew A. Schwartz | David C. Esseks |
| Matthew A. Peller | Laura R. Hall |
| Jacob B. Lieberman | Rebecca Delfiner |
| Nikolai Krylov | 1221 Avenue of the Americas |
| Maeghan O. Mikorski | New York, New York 10020 |
| 125 Broad Street | Telephone: (212) 610-6300 |
| New York, New York 10004 | david.esseks@allenovery.com |
| Telephone: (212) 558-4000 | laura.hall@allenovery.com |
| schwartzmatthew@sullcrom.com | rebecca.delfiner@allenovery.com |
| pellerm@sullcrom.com | |
| liebermanj@sullcrom.com | PATTERSON, BELKNAP, WEBB & TYLER LLP |
| krylovn@sullcrom.com | |
| mikorskim@sullcrom.com | |
| | By: /s/ Alejandro H. Cruz |
| *Attorneys for Defendants Barclays Bank plc, Barclays plc and Barclays Capital Inc.* | Joshua A. Goldberg |
| | Alejandro H. Cruz |
| | Camille L. Fletcher |
| | Patterson, Belknapp, Webb & Tyler LLP |
| | 1133 Avenue of the Americas |
| | New York, NY 10036 |
| | Telephone: (212) 336-2000 |
| | acruz@pbwt.com |
| | cfletcher@pbwt.com |
| | jgoldberg@pbwt.com |
| | *Attorneys for Defendants BNP Paribas Group, BNP Paribas USA, Inc., BNP Paribas S.A. and BNP Paribas Securities Corp.*[8] |

---

[8] Allen & Overy LLP does not represent Defendants BNP Paribas Group, BNP Paribas USA, Inc., BNP Paribas S.A. and BNP Paribas Securities Corp. with respect to claims by Claimants affiliated with BlackRock, Inc.

Honorable Lorna G. Schofield                                                                                              -7-
United States District Judge

| SHEARMAN & STERLING LLP | COVINGTON & BURLING LLP |
|---|---|
| By: /s/ Adam S. Hakki<br>Adam S. Hakki<br>Richard F. Schwed<br>Jeffrey J. Resetarits<br>599 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 848-4000<br>ahakki@shearman.com<br>rschwed@shearman.com<br>jeffrey.resetarits@shearman.com<br><br>*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith Incorporated* | By: /s/ Andrew A. Ruffino<br>Andrew A. Ruffino<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>aruffino@cov.com<br><br>Andrew D. Lazerow<br>850 10th Street NW<br>Washington, DC 20001<br>Telephone: (202) 662-5081<br>alazerow@cov.com<br><br>*Attorneys for Defendants Citigroup, Inc., Citibank, N.A., Citigroup Global Markets, Inc.* |
| LATHAM & WATKINS LLP<br><br>By: /s/ Joseph Serino, Jr.<br>Joseph Serino, Jr.<br>885 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 906-1717<br>joseph.serino@lw.com<br><br>KING & SPALDING LLP<br><br>By: /s/ G. Patrick Montgomery<br>G. Patrick Montgomery (admitted pro hac vice)<br>1700 Pennsylvania Ave., NW<br>Washington, DC  20006<br>Telephone: (202) 626-5444<br>pmontgomery@kslaw.com<br><br>*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.* | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>By: /s/ Thomas J. Moloney<br>Thomas J. Moloney<br>Rishi N. Zutshi<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>tmoloney@cgsh.com<br>rzutshi@cgsh.com<br><br>*Attorneys for Defendants The Goldman Sachs Group, Inc. and Goldman Sachs & Co. LLC* |

Honorable Lorna G. Schofield  -8-
United States District Judge

| LOCKE LORD LLP | DONTZIN NAGY & FLEISSIG LLP |
|---|---|
| By: /s/ Gregory T. Casamento | By: /s/ Tibor L. Nagy, Jr. |
| Gregory T. Casamento | Tibor L. Nagy, Jr. |
| 3 World Financial Center | Jason A. Kolbe |
| New York, New York 10281 | Dontzin Nagy & Fleissig LLP |
| Telephone: (212) 812-8325 | 980 Madison Avenue |
| gcasamento@lockelord.com | New York, NY 10075 |
| | Telephone: (212) 717-2900 |
| Roger B. Cowie | tibor@dnfllp.com |
| 2200 Ross Avenue, Suite 2200 | jkolbe@dnfllp.com |
| Dallas, TX 75201 | |
| Telephone: (214) 740-8000 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| rcowie@lockelord.com | |
| J. Matthew Goodin | By: /s/ Boris Bershteyn |
| Julia C. Webb | Boris Bershteyn |
| 111 South Wacker Drive | Peter S. Julian |
| Chicago, IL 60606 | Tansy Woan |
| Telephone: (312) 443-0700 | One Manhattan West |
| jmgoodin@lockelord.com | New York, New York 10001 |
| jwebb@lockelord.com | Telephone: (212) 735-3000 |
| | boris.bershteyn@skadden.com |
| *Attorneys for Defendants HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.* | peter.julian@skadden.com |
| | tansy.woan@skadden.com |
| | Gretchen Wolf (admitted *pro hac vice*) |
| | 155 N. Wacker Dr., Suite 2700 |
| | Chicago, Illinois 60606 |
| | Telephone: (312) 407-0956 |
| | gretchen.wolf@skadden.com |
| | Paul M. Kerlin (admitted *pro hac vice*) |
| | 1440 New York Avenue N.W. |
| | Washington, DC 20005 |
| | Telephone: (202) 371-7000 |
| | paul.kerlin@skadden.com |
| | *Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC*[9] |

---

[9] Skadden, Arps, Slate, Meagher & Flom LLP does not represent JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and J.P. Morgan Securities LLC with respect to claims by BlackRock, Inc. or BlackRock-related entities listed in Appendix C of the Third Amended Complaint (ECF 481).

Honorable Lorna G. Schofield -9-
United States District Judge

| WACHTELL, LIPTON, ROSEN & KATZ | MOORE AND VAN ALLEN PLLC |
|---|---|
| By: /s/ Jonathan M. Moses<br>Jonathan M. Moses<br>Justin L. Brooke<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>JMMoses@wlrk.com<br>JLBrooke@wlrk.com<br><br>*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co., LLC, and Morgan Stanley & Co. International plc* | By: /s/ James P. McLoughlin, Jr.<br>James P. McLoughlin, Jr.<br>Mark A. Nebrig<br>Joshua D. Lanning<br>Moore & Van Allen PLLC<br>100 N. Tryon Street, Suite 4700<br>Charlotte, North Carolina 28202<br>Telephone: (704) 331-1000<br>jimmcloughlin@mvalaw.com<br>marknebrig@mvalaw.com<br>joshlanning@mvalaw.com<br><br>*Attorneys for The Royal Bank of Canada and Defendant RBC Capital Markets LLC on behalf of RBC Capital Markets LLC* |

Honorable Lorna G. Schofield                                                                -10-
United States District Judge

| DAVIS POLK & WARDWELL LLP | LINKLATERS LLP |
|---|---|
| By: /s/ Paul S. Mishkin<br>Paul S. Mishkin<br>Adam G. Mehes<br>Maude Paquin<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>paul.mishkin@davispolk.com<br>adam.mehes@davispolk.com<br>maude.paquin@davispolk.com<br><br>*Attorneys for Defendants The Royal Bank of Scotland plc and NatWest Markets Securities Inc.* | By: /s/ James R. Warnot, Jr.<br>James R. Warnot, Jr.<br>Patrick C. Ashby<br>Nicole E. Jerry<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 903-9000<br>james.warnot@linklaters.com<br>patrick.ashby@linklaters.com<br>nicole.jerry@linklaters.com<br><br>Adam S. Lurie<br>601 13th St. NW<br>Suite 400<br>Washington, DC 20005<br>Telephone: (202) 654-9227<br>adam.lurie@linklaters.com<br><br>MAYER BROWN LLP<br><br>By: /s/ Steven Wolowitz<br>Steven Wolowitz<br>Henninger S. Bullock<br>Andrew J. Calica<br>Victoria D. Whitney<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500<br>swolowitz@mayerbrown.com<br>hbullock@mayerbrown.com<br>acalica@mayerbrown.com<br>vwhitney@mayerbrown.com<br><br>*Attorneys for Defendant Société Générale S.A.*[10] |

---

[10] Linklaters LLP does not represent Société Générale with respect to claims by BlackRock, Inc. or the BlackRock-related entities listed in Appendix C of the Complaint.

Honorable Lorna G. Schofield                                                                 -11-
United States District Judge

| HOGAN LOVELLS US LLP | GIBSON, DUNN & CRUTCHER LLP |
|---|---|
| By: /s/ Marc J. Gottridge | By: /s/ Eric J. Stock |
| Marc J. Gottridge | Eric J. Stock |
| Lisa J. Fried | 200 Park Avenue |
| Benjamin A. Fleming | New York, New York 10166 |
| Charles Barrera Moore | Telephone: (212) 351-4000 |
| | estock@gibsondunn.com |
| 390 Madison Avenue | |
| New York, New York 10017 | *Attorney for Defendants UBS AG and UBS* |
| marc.gottridge@hoganlovells.com | *Securities LLC* |
| lisa.fried@hoganlovells.com | |
| benjamin.fleming@hoganlovells.com | |
| charles.moore@hoganlovells.com | |
| | |
| Telephone: (212) 918-3000 | |

EVERSHEDS SUTHERLAND LLP

By: /s/ Lewis S. Wiener
Lewis S. Wiener
Ronald W. Zdrojeski
Meghana D. Shah
1114 Avenue of the Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
lewiswiener@eversheds-sutherland.com
ronzdrojeski@eversheds-sutherland.com
meghanashah@eversheds-sutherland.com

*Attorneys for Defendant Standard Chartered Bank*[11]


cc:     All counsel of record (via ECF)

---

[11] Eversheds Sutherland (US) LLP only represents Standard Chartered Bank with respect to claims by AllianzGI GmbH, the Allianz Entities, PIMCO, and the PIMCO Funds, all as defined in the Complaint.