UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ALLIANZ GLOBAL INVESTORS GMBH, et al., :
                              Plaintiffs, :        18 Civ. 10364 (LGS)
                                       :
                 -against-            :           ORDER
                                       :
BANK OF AMERICA CORPORATION, et al., :
                               Defendants. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 18, 2020, Defendants filed a letter motion for a temporary restraining order or in the alternative to enforce the parties' confidentiality agreement, along with the Affidavit of Matthew A. Schwartz and accompanying exhibits.  Dkt. Nos. 654-54.

      WHEREAS, Defendants' November 18, 2020, motion requests that the Court enjoin Plaintiffs from retaining and paying Jason Katz, a former Barclays and BNP Paribas trader, $400 per hour for his services as a consultant in this action.  *See* Dkt. No. 653 1/11.

      WHEREAS, on November 19, 2020, Plaintiffs filed a responsive letter to Defendants' motion, along with the Declaration of Daniel L. Brockett and accompanying exhibits.  Dkt. Nos. 656-57.

      WHEREAS, a show cause hearing was held on November 23, 2020.

      WHEREAS, on November 24, 2020, the Court issued an Order directing Plaintiffs to file a letter (i) indicating whether they are willing to cap Mr. Katz's payment for services as a non-testifying consultant (without prejudice to his later retention as a testifying consultant) and, if amenable to a cap, identifying a cap to which they agree and (ii) memorializing the terms of Plaintiffs' potential stand-still agreement, regarding the disclosure to Mr. Katz of documents designated as Confidential or Highly Confidential that Mr. Katz did not author or receive, prior to Mr. Katz's deposition in *In re Foreign Exchange Benchmark Rates Antitrust Litig*., No. 13, Civ. 7789 (S.D.N.Y., filed Nov. 1, 2013), currently scheduled for December 16, 2020, (the "Deposition") (Dkt. No. 666), and on November 25, 2020, Plaintiffs filed such letter.  For the reasons stated during the show cause hearing and substantially the

reasons stated in Plaintiffs' November 19, 2020, responsive letter at Docket No. 656 and November 25, 2020, letter at Docket No. 70, it is hereby

**ORDERED** that Defendants' motion to enforce the parties' confidentiality agreement is **GRANTED in part**. Plaintiffs shall not (a) discuss with Mr. Katz or his counsel the subject matter of the Deposition prior to that Deposition occurring, or (b) disclose to Mr. Katz or his counsel documents that have been designated Confidential or Highly Confidential in this action for which Mr. Katz was not an author or recipient, until after the Deposition. It is further

**ORDERED** that Defendants' motion for a temporary restraining order is **DENIED**. Plaintiffs may hire Mr. Katz as a consulting expert at the proposed rate of $400 per hour. Generally, to obtain a temporary restraining order, a party "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010); *accord*, *Person v. United States of America, et al.*, No. 19 Civ. 154, 2019 WL 258095 (S.D.N.Y. Jan. 18, 2019). In this case, the harm of which Defendants complain is that showing Mr. Katz documents for which he was neither an author nor recipient will influence Mr. Katz's testimony as a fact witness in this action. This harm, however, is sufficiently remedied by the prohibition of disclosure to Mr. Katz of documents that have been designated Confidential or Highly Confidential prior to the Deposition, and any bias stemming from Defendants' retention of Mr. Katz can be addressed through cross-examination.

This Order is limited to this action, and nothing in this Order shall be construed as exercising jurisdiction over matters pending before other courts including those in the United Kingdom.

Dated: November 28, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**