**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020

WRITER'S DIRECT DIAL NO.
(212) 849-7345

WRITER'S EMAIL ADDRESS
danbrockett@quinnemanuel.com

December 8, 2020

**VIA ECF**
The Hon. Stewart D. Aaron
United States District Court for the Southern
    District of New York
500 Pearl St.
New York, NY 10007

ENDORSEMENT: It was not the Court's intention to rule on the issue of whether the documents of the individual in question must be searched. If Defendants seek to include this individual as among the Norges custodians, they shall file a letter no later than Friday, 12/11/20, stating their reasons therefor. Plaintiffs may reply no later than Monday, 12/14/20. SO ORDERED.
Dated: 12/9/2020

*[signature: Stewart D. Aaron]*

Re:    *Allianz, et al. v. Bank of America Corp. et al.*, 18-cv-10364-LGS

Dear Judge Aaron:

Plaintiff Norges Bank ("Norges") writes to request clarification of Your Honor's November 27, 2020 order (Dkt. 677) ("the Order").

Norges is already working with Defendants to identify five additional custodians whose documents Norges will search.  Norges however wishes to confirm with your Honor that the Order addressed the number of custodians Norges had to search but not their identity.  Dkt No. 677 ("Plaintiff Norges Bank's Letter Motion for a protective order (ECF Nos. 661 & 663) is DENIED. Norges chose to sue as a plaintiff in this case, and the Court sees no persuasive reason why the default number of ten custodians provided by Judge Schofield's 4/3/20 Order (ECF No. 372), and Judge Schofield's Individual Rules, should not apply to Norges.").  Norges thus believes that the order does not address whether Norges must search the documents of ▌▌▌▌▌ ("▌▌▌▌▌").

As explained in more detail in Norges' letter and reply to Defendants' opposition (Dkt Nos. 661 and 663), ▌▌▌▌▌'s documents are irrelevant to the claims and defenses in this case because any trading activity ▌▌▌▌▌ engaged in and/or any related communications he might have had with defendants are not the subject matter of this litigation.  Norges--a central bank of Norway-- brought this claim in connection with its management of Pension Fund Global (the "Fund"), which has been delegated to Norges' investment banking division Norges Bank Investment Management ("NBIM").  All of the trades for which Norges seeks damages were placed by NBIM employees.  ▌▌▌▌▌ never worked for NBIM and had nothing to do with managing the Fund.  To the extent ▌▌▌▌▌ entered any FX trades during the relevant period, those trades were

on behalf of the central banking division, which is separate from NBIM, does not participate in the management of the Fund, and whose trades are not at issue in this case.  Accordingly, none of Norges' trades produced in connection with this litigation includes trades entered by ▇, nor has ▇ been disclosed in any of Norges' extensive initial disclosures and/or responses to interrogatories.  Nonetheless, Defendants insist on including ▇ as a custodian under the incorrect assumption that his knowledge can be imputed to Norges.  But Defendants have not identified any relevant knowledge ▇ may have, much less that it could be imputed to the division whose trades are at issue.  *See, e.g., Midfirst Bank, SSB v. C.W. Haynes & Co., Inc.,* 893 F. Supp. 1304, 1309 (D.S.C. 1994) ("The fact that an employee in one department of a bank has knowledge of the facts does not cause that knowledge to be imputed to another department where there was no evidence that there was a pattern or duty of communicating between the different departments.").

Considering all these facts, Defendants' insistence on searching the files of ▇ is unreasonable and not proportional to the needs of the case.  Accordingly, Norges respectfully requests that the Court clarify whether its Order is intended to compel the production of ▇▇'s documents.

Very truly yours,

Respectfully submitted,      /s/ Daniel L. Brockett
Daniel L. Brockett
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor, New York, New York 10010
Telephone: (212) 849-7000 / Fax: (212) 849-7100
danbrockett@quinnemanuel.com

Jeremy D. Andersen (pro hac vice)
Anthony P. Alden (pro hac vice)
Johanna Y. Ong (pro hac vice)
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017
Telephone: (213) 443-3000 / Fax: (213) 443-3100
jeremyandersen@quinnemanuel.com
anthonyalden@quinnemanuel.com
johannaong@quinnemanuel.com

*Counsel for Plaintiffs*

cc:    Counsel for all parties via ECF