USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Allianz Global Investors GmbH et al.,

                Plaintiffs,

-against-

Bank of America Corporation et al.,

                Defendants.

**1:18-cv-10364 (LGS) (SDA)**

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a Telephone Conference with the parties today, and for the reasons stated on the record, it is hereby ORDERED as follows:

1. With respect to Plaintiff Norges Bank's Letter Motion for Discovery (ECF Nos. 687, 689) and the parties' dispute regarding whether Norges Bank must search the documents of a certain former employee (*see also* ECF Nos. 661, 663), the Court finds that the former employee at issue is a person with knowledge of information relevant to the subject matter of this action and thus is a proper custodian. The Court expresses no view regarding whether any of that former employee's knowledge may be imputed to any other person or entity.

2. With respect to the Barclays Defendants' Letter Motion for Extension of Time (ECF Nos. 702, 703), this Letter Motion is GRANTED. The Barclays Defendants' deadline to determine whether "Early Period" audio files exist for certain custodians is extended until January 15, 2021, with the possibility of seeking a further extension from the Court for good cause shown, so long as, on or before December 31, 2020, the Barclays Defendants have provided Plaintiffs with the results of the Records Searches of the

    New York servers for the two custodians at issue who worked out of New York during the Early Period.

3. With respect to the parties' outstanding Letter Motions to Seal (ECF Nos. 688, 696, 699, 701), these Letter Motions are GRANTED in consideration of the privacy interests at issue. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (courts must "balance competing considerations," including "privacy interests," against the presumption of public access to judicial documents).

4. With respect to the parties' joint letter to the Court dated December 17, 2020, regarding the timeline for Defendants' production of Bloomberg persistent chatroom transcripts (ECF No. 707), the schedule proposed in that joint letter is approved.

5. No later than December 31, 2020, each Defendant shall provide to Plaintiffs a progress report with respect to that Defendant's progress toward its generation of hit count reports. Each such report shall include that Defendant's best "guesstimate" of when it will provide such hit count reports to Plaintiffs.

6. No later than January 21, 2021, at 6:00 p.m. EST, the parties shall file a joint letter regarding the status of discovery and any existing disputes.

7. The parties are directed to appear for a Telephone Conference in this action on January 28, 2021, at 2:30 p.m. EST. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated:      New York, New York
            December 17, 2020

_____
STEWART D. AARON
United States Magistrate Judge