

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

December 23, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/24/2020
```

<u>Via email: Aaron_NYSDChambers@nysd.uscourts.gov</u>

The Hon. Stewart D. Aaron
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:    *Allianz, et al. v. Bank of America Corp. et al.*, 18-cv-10364-LGS

Dear Judge Aaron:

We are counsel for defendant Standard Chartered Bank and write concerning a joint submission Hogan Lovells filed on behalf of the parties discussed therein via ECF early this morning in the above-referenced action (ECF No. 710, copy submitted herewith).  The submission was mistakenly filed on ECF containing sensitive confidential information, and we respectfully request that the submission be formally sealed by the Court.  In connection with this request, we contacted the ECF Help Desk this morning to ask that the submission be placed under temporary seal, and we plan to file a redacted version of the submission (also submitted herewith) via ECF later today.

The names and identifying information that we submit should have been submitted only under seal were produced to Plaintiffs in this case pursuant to the Stipulation and Amended Order of Confidentiality, ECF No. 388 (the "Protective Order").  Furthermore, the proposed redactions are similar to the redactions that this Court has approved previously.  They should be approved here for substantially the same reasons and for the reasons set forth below.

The Second Circuit has recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it."  *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  Documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*  Several factors, including "privacy interests" and "business secrecy", can "outweigh the presumption of public access" and justify sealing.  *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).  Redactions of employees' names have also

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices: Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

- 2 -                                                                               December 23, 2020

been approved. *See Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 233 (D. Conn. 2019); Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden.").

The names and identifying information that we submit should have been redacted were designated as Highly Confidential under the Protective Order. Therefore, we request that they be protected from public disclosure and that ECF No. 710 be formally placed under seal.[1]

Respectfully submitted,

/s/ Lisa J. Fried

Lisa J. Fried
Partner
lisa.fried@hoganlovells.com
D 212-909-0658

cc: All parties, via email

ENDORSEMENT: The Court received by email yesterday the enclosed letter seeking to maintain the Joint Letter filed at ECF No. 710 under seal. The Court finds that an adequate showing has been made, such that ECF No. 710 shall remain under seal. The Court notes for the record that a redacted version of ECF No. 710 has been publicly filed at ECF No. 711. SO ORDERED.
Dated: 12/24/2020

*[signature: Stewart D. Aaron]*

---

[1] Defendants reserve the right to seek to file underseal the name of any current or former employee in any future public filings, where there is a basis for doing so. Defendants' position with respect to the redaction of employee names and information in the context of ECF No. 710 should not be taken as a waiver of the right to seek any appropriate redactions in the future.