UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALLIANZ GLOBAL INVESTORS GMBH, et            :
al.,                                                        :            18 Civ. 10364 (LGS)
                                         Plaintiffs,        :
                                                            :                   ORDER
                      -against-                             :
                                                            :
BANK OF AMERICA CORPORATION, et al.,         :
                                         Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

**Objections to the December 17, 2020, Order**

WHEREAS, on December 8, 2020, Plaintiff Norges Bank filed a letter motion seeking a

protective order, excluding a certain former employee of Norges Bank (the "Subject Employee")

from the list of custodians from whom Defendants may obtain discovery (Dkt. Nos. 687, 689); on

December 11, 2020, Defendants Deustche Bank AG and Deusche Bank Securities Inc. (together

"Deutsche Bank") filed a responsive letter on behalf of Defendants (Dkt. Nos. 695, 697); and on

December 14, 2020, Norges Bank filed a responsive letter (Dkt. Nos. 698, 700).

WHEREAS, on December 17, 2020, Magistrate Judge Stewart D. Aaron issued an Order

stating that, "[w]ith respect to Plaintiff Norges Bank's Letter Motion for Discovery (ECF Nos.

687, 689) and the parties' dispute regarding whether Norges Bank must search the documents of

[the Subject Employee] (see also ECF Nos. 661, 663), the Court finds that the [Subject

Employee] is a person with knowledge of information relevant to the subject matter of this action

and thus is a proper custodian."  Dkt. No. 709.

WHEREAS, on December 31, 2020, Norges Bank filed timely objections to Judge

Aaron's December 17, 2020, Order at Docket No. 709 (the "Objections").  Dkt. Nos. 717, 719.

The Objections contend that the December 17, 2020, Order applies the wrong standard for

relevance -- namely that the Order addresses whether the Subject Employee is a person with

knowledge of information "relevant to the subject matter of this action," and instead, should address whether the Subject Employee is a person with knowledge of information "relevant to any party's claim or defense." *Id*.  The Objections further state that:

- all of the FX trades for which Norges Bank seeks relief were made by and on behalf of the investment division, Norges Bank Investment Management ("NBIM");

- the Subject Employee has never worked for NBIM and had no involvement in any of the trades for which Norges Bank seeks relief, or any policies, procedures, strategies or communications relevant to the at-issue trades;

- the Subject Employee worked for Norges Bank's central banking division ("NCB") for less than three years during the relevant period, 2010-2013;

- NBIM operated independently from NCB during the relevant period, with trades, costs and profits allocated to each division separately; and

- neither the Subject Employee nor NCB participated in the management of NBIM. *Id*.

WHEREAS, on January 7, 2021, Deutsche Bank, on behalf of Defendants, filed an opposition to the Objections (the "Opposition").  Dkt. Nos. 720, 722.  The Opposition states that:

- Norges Bank is the Plaintiff of record;

- Norges Bank owns, and is responsible for Norway's Government Pension Fund Global ("GPFG");

- NBC purchases FX for the GPFG administered by NBIM;

- the FX trading activities of NBC and the NBIM division are not independent of each other;

2

- the Subject Employee is an FX trader who was employed by Norges Bank and communicated in chat rooms with various Defendants about his FX trading on behalf of the named Plaintiff during the relevant period; and

- during his employment, the Subject Employee was seconded to the Bank of England as an FX Dealer and has published research on the operation of the FX market.  *Id.*

WHEREAS, on January 11, 2021, Norges Bank filed a reply.  Dkt. Nos. 725, 727.

WHEREAS, on January 13, 2021, Norges Bank filed a letter requesting oral argument on the Objections (Dkt. No. 730), and Defendants filed a letter stating that they do not join in the request for oral argument and that the determination as to "[w]hether or not Magistrate Judge Aaron's determination was clearly erroneous or contrary to law is a straightforward inquiry that can be resolved promptly on the papers (Dkt. No. 731).

WHEREAS, "[m]atters concerning discovery generally are considered 'nondispositive' of the litigation."  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *accord Sec. and Exch. Comm'n v. Contrarian Press*, No. 16 Civ. 6964, 2020 WL 7079484, at *1 (S.D.N.Y. Dec. 2, 2020) (treating a magistrate judge's order regarding a protective order as nondispositive).  For objections to a magistrate judge's ruling on a non-dispositive order, a district judge "must consider timely objections and modify or set aside any part of [a magistrate judge's non-dispositive ruling] that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Wu Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016); *accord Nat'l Credit Union Admin. Bd. V. HSBC Bank US N.A.*, 2020 WL 91390, at *3 (S.D.N.Y. Jan. 8, 2020).

3

WHEREAS, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).  "Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." *Bridges v. Correctional Servs., et al.*, No. 17 Civ. 2220, 2020 WL 6899695, at *4 (S.D.N.Y. Nov. 24, 2020).  "Rule 26(b) 'has been construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  *Travelex Currency Servs., Inc. v. Puente Enters., Inc.*, No. 18 Civ. 1736, 2020 WL 4747500, at *4 (S.D.N.Y. Aug. 17, 2020).  It is hereby

**ORDERED** that the Objections are **OVERRULED**.  The December 17, 2020, Order is not clearly erroneous, as the Subject Employee's work as an FX trader, chats with Defendants in this case and research on the FX market could bear on the claims at issue in this case.

**<u>Motions to Seal</u>**

WHEREAS, on December 31, 2020, Norges Bank filed a motion to seal an unredacted version of the Objections at Docket No. 717.  Dkt. No. 718; unredacted version filed at Dkt. No. 719.

WHEREAS, on January 7, 2021, Defendants filed a motion to seal an unredacted version of the Opposition at Docket No. 720.  Dkt. No. 721; unredacted version filed at Dkt. No. 722.

WHEREAS, on January 11, 2021, Norges Bank filed a motion to seal an unredacted version of the Reply at Docket No. 725.  Dkt. No. 726; unredacted version filed at Dkt. No. 727. It is hereby

**ORDERED** that the motions to seal at Docket Nos. 718, 721 and 726 are **GRANTED**. The unredacted versions of the Objections (Dkt. No. 719), the Opposition (Dkt. No. 722) and the Reply (Dkt. No. 727) will remain sealed.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Filing the above-referenced document under seal is necessary to prevent the unauthorized dissemination of personal data subject to Regulation (EU) 2016/679 (the "General Data Protection Regulation" or "GDPR") and to protect the privacy interests of the Subject Employee.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 718, 721, 725, 726, 727 and 730.


Dated: January 20, 2021
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

5