quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

February 12, 2021

**VIA ECF**

The Honorable Lorna G. Schofield,
United States District Judge,
Thurgood Marshall United States Courthouse,
40 Foley Square,
New York, New York 10007

*Allianz Global Investors GmbH, et al. v. Bank of America Corporation, et al.*, 1:18-cv-10364

Dear Judge Schofield:

      We write briefly in response to Defendants' misrepresentation of the record, Dkt. 758, about our recent request for clarification of the Court's Tuesday order, Dkt. 757.  Plaintiffs' original request—which we of course understand to have been denied—was for a *without prejudice* dismissal.  Dkt. 750 ("For the reasons stated above, Plaintiffs request that the Court dismiss the AP Plaintiffs' claims without prejudice.").  AP1 and AP4 are not seeking reconsideration of the Court's with-prejudice dismissal.

      The narrow issue we sought to clarify is that the Court's order—we presume, unintentionally—suggests that AP1 and AP4 were dismissed for three specific reasons:

> ORDERED that, the AP Plaintiffs' January 31, 2021, pre-motion letter is construed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), and with respect to AP1 and AP4, such motion is DENIED as moot. The Court's May 28, 2020, Opinion and Order dismissed with prejudice "claims based on algorithmic-based transactions on Defendants' single-dealer platforms where the algorithm used trading data that was purportedly corrupted by the alleged manipulation of other trades; claims against Barclays PLC, J.P. Morgan Securities LLC and Royal Bank of Canada premised on benchmark manipulation; and claims based on transactions with non-defendants." ***Because all of AP1's and AP4's claims fell within these categories*** and API and AP4 do not have any remaining claims, they are dismissed from the case.

Dkt. 756 at 2 (emphasis added).  Thus, far from refusing to explain why AP1 and AP4's claims were dismissed as Defendants now suggest, the existing order purports to provide a limited list of reasons.  ***But it is undisputed those reasons are not factually accurate.***

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

AP1 and AP4 in no way conceded that all their claims fell into the listed "these categories"—they do not. That is why we requested an amendment, to clear up the record. To let the order stand as written would only invite Defendants to turn what we presume was a scrivener's error into leverage in the U.K. court. *See generally, e.g.*, Fed. R. Civ. P. 60 (relief for, e.g., "clerical mistakes"); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irreovacable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (reconsideration appropriate where need to "correct clear error or prevent manifest injustice"); *Honig v. Cardis Enterprises International N.V.*, 2016 WL 304888 (E.D.N.Y. Jan. 25, 2016) (granting reconsideration of dismissal order that included a count as a "scrivener's error").

As to AP3, for the reasons explained in our February 8, 2021, letter, Dkt. 755, Defendants have still failed to identify any conceivable prejudice, let alone "substantial prejudice" sufficient to warrant a with-prejudice dismissal of AP3's actionable trades.

Respectfully submitted,

/s/ Daniel L. Brockett

Daniel L. Brockett
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com

*Counsel for Plaintiffs*