UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
           :
ALLIANZ GLOBAL INVESTORS GMBH, et  :
al.,                                         :         18 Civ. 10364 (LGS)
                      Plaintiffs,  :
                                :              <u>ORDER</u>
          -against-               :
                                :
BANK OF AMERICA CORPORATION, et al.,  :
                     Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on May 28, 2020, the Court issued an Opinion and Order, dismissing certain claims with prejudice. Dkt. No. 406.

       WHEREAS, on January 31, 2021, Plaintiffs Första AP-fonden ("AP1"), Tredje AP-found ("AP3"), and Fjarde AP-fonden ("AP4") (collectively, the "AP Plaintiffs") filed a pre-motion letter (1) representing that after an "extensive and time-consuming trade-by-trade analysis to apply the Court's May 28, 2020 Opinion and Order [] to their FX trades," they determined that with respect to AP1 and AP4 "no eligible trades remain in the case pursuant to the Court's Order," and with respect to AP3 "only a small number of trades" remain in the case, and (2) seeking to dismiss without prejudice the AP Plaintiffs' claims. Dkt. No. 750. The letter states that the AP Plaintiffs proposed but Defendants objected to "dismissal without prejudice coupled with a covenant not to sue Defendants in the United States based on the same factual predicate as this case." *Id*.

       WHEREAS, on February 5, 2021, Defendants filed a responsive letter to the AP Plaintiffs' January 31, 2021, pre-motion letter (Dkt. No. 754), and on February 8, 2021, the AP Plaintiffs filed a reply (Dkt. No. 755).

       WHEREAS, on February 8, 2021, the Court issued an Order construing the AP Plaintiffs' January 31, 2021, pre-motion letter as a motion to dismiss pursuant to Federal Rule of Civil

Procedure 41(a)(2); denying the motion as moot with respect to AP1 and AP4; and directing AP3 to file a letter identifying precisely which claims (*i.e.* which trades) remain, that it is seeking to dismiss.  Dkt. No. 756.

WHEREAS, on February 11, 2021, AP3 filed a letter identifying a few thousand remaining trades (the "Remaining Trades") that it is seeking to dismiss without prejudice (Dkt. No. 757).

WHEREAS, on February 12, 2021, Defendants filed a responsive letter (Dkt. No. 758) and AP3 filed a supplemental reply (Dkt. No. 759).

WHEREAS, pursuant to Rule 41(a)(2), absent agreement between the parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

WHEREAS, on February 25, 2021, the Court held a motion conference to discuss AP3's motion to dismiss the Remaining Trades.  For the reasons stated during the conference, it is hereby

**ORDERED** that, AP3's Rule 41(a)(2) motion to dismiss the Remaining Claims without prejudice is **GRANTED,** subject to AP3's filing by **March 4, 2021,** a covenant not to sue Defendants in the United States with regard to the Remaining Claims.  To the extent AP3's motion seeks to dismiss any additional claims, the motion is **DENIED** as moot based on the May 28, 2020, Opinion and Order and AP3's representation that the Remaining Claims are its only remaining claims.

Dated: February 25, 2021
      New York, New York

                                            LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE