UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Allianz Global Investors GmbH et al.,

                           Plaintiffs,

-against-

Bank of America Corporation et al.,

                           Defendants.

1:18-cv-10364 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

      Following a telephone conference with the parties today, for the reasons stated on the record, the Court hereby ORDERS, as follows:

      1.     Plaintiffs' request to amend the Stipulation and Second Amended Order of Confidentiality entered at ECF No. 767 (*see* 5/5/21 Joint Ltr., ECF No. 825, at 3-6, 8-11) is DENIED WITHOUT PREJUDICE, as Plaintiffs have not met the strict standard for modification of a protective order applicable in this Circuit. *See Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 312 F. Supp. 3d 413, 416 (S.D.N.Y. 2018). Given the procedural posture of the second FX action filed in the United Kingdom (*see* 5/5/21 Joint Ltr. at 4, 9), there is no compelling need for modification of the protective order at this time.

      2.     With respect to the outstanding disputes[1] raised in the parties' May 5 Joint Letter regarding certain parties' review of custodial discovery (*see* 5/5/2021 Joint Ltr. at 1-3, 6-8 & Apps. A & B), the Court rules as follows:

      a.    With respect to BNP Paribas ("BNPP"):

---

[1] Plaintiffs and Defendants Credit Suisse and RBC represented during today's conference that they have resolved their respective disputes.

i. BNPP shall use its best efforts to provide complete hit reports to Plaintiffs no later than May 25, 2021.

ii. Also on May 25, 2021, BNPP shall file a letter providing a status report on the operations of its data vendor(s) and setting forth the earliest dates on which BNPP feasibly can (A) provide complete hit reports, if it has not done so; and (B) commence review of custodial documents.

b. With respect to Goldman Sachs ("GS"):

i. No later than Wednesday, May 12, 2021, GS shall provide to Plaintiffs details of its sampling review, including the number of documents it reviewed and representative samples of those documents.

ii. Thereafter, Plaintiffs and GS promptly shall meet and confer in a good-faith effort to reduce GS's hit counts.

iii. To the extent Plaintiffs and GS are unable to resolve their disputes, they shall file a joint letter setting forth their respective positions on all outstanding disputes no later than May 25, 2021.

c. With respect to Morgan Stanley ("MS"):

i. No later than Wednesday, May 12, 2021, MS shall provide to Plaintiffs details of its sampling review, including the number of documents it reviewed and representative samples of those documents.

ii. Thereafter, Plaintiffs and MS promptly shall meet and confer in a good-faith effort to reduce MS's hit counts.

iii. To the extent Plaintiffs and MS are unable to resolve their disputes,

they shall file a joint letter setting forth their respective positions on all outstanding disputes no later than May 25, 2021.

d. With respect to PIMCO:

i. Defendants and PIMCO promptly shall meet and confer in a good-faith effort to reduce PIMCO's hit counts.

ii. To the extent Defendants and PIMCO are unable to resolve their disputes, they shall file a joint letter setting forth their respective positions on all outstanding disputes no later than May 25, 2021.

3. For the parties' planning purposes, the Court advises that its current intention is ultimately to require that each of GS, MS and PIMCO commence review of custodial emails no later than June 25, 2021.

4. The parties are encouraged to consider the use of Technology Assisted Review ("TAR"), including predictive coding, in their review and production of electronically stored information ("ESI") in this case. *See Moore v. Publicis Groupe*, 287 F.R.D. 182, 193 (S.D.N.Y. 2012) ("[C]omputer-assisted review is an available tool and should be seriously considered for use in large-data-volume cases where it may save the producing party (or both parties) significant amounts of legal fees in document review."); *Winfield v. City of New York*, No. 15-CV-05236 (LTS) (KHP), 2017 WL 5664852, at *4 (S.D.N.Y. Nov. 27, 2017) ("TAR allows parties to prioritize and/or categorize documents for purposes of document review and has been shown to produce more accurate results than manual review."); *see also Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 13-CV-01196, 2014 WL 4923014, at *1 (M.D. Tenn. July 22, 2014) ("The Magistrate Judge will permit Plaintiff to use predictive coding on the documents that they have presently

3

identified, based on the search terms Defendant provided.").

5. No later than Tuesday, June 15, 2021, at 6:00 p.m. EDT, the parties shall file a joint letter regarding the status of discovery and any existing disputes.

6. The parties are directed to appear for a Telephone Conference in this action on Thursday, June 17, 2021, at 2:00 p.m. EDT. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated: New York, New York
May 7, 2021

*Stewart D. Aaron*
_____
STEWART D. AARON
United States Magistrate Judge