

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Allianz Global Investors GmbH et al.,

                             Plaintiffs,

-against-

Bank of America Corporation et al.,

                             Defendants.

1:18-cv-10364 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a telephone conference with the parties today, for the reasons stated on the record, the Court hereby ORDERS, as follows:

1. With respect to the dispute raised in the parties' August 17 Joint Letter regarding Defendants' request for additional document custodians from Plaintiffs (*see* 8/17/2021 Joint Ltr., ECF No. 886, at 1-3, 8-11),[1] the Court rules as follows:

    a. Defendants' request is deferred.

    b. No later than September 15, 2021, Defendants may request additional custodians from each of the Plaintiffs based upon documents and information available to Defendants as of June 25, 2021.[2]

    c. Thereafter, the parties shall meet and confer regarding any additional custodians and, if agreement cannot be reached, the parties shall set forth

---

[1] The page numbers for the 8/17/2021 Joint Letter that are cited in this Order are the page numbers reflected at the bottom of the pages to the 14-page summary that is appended to the letter.

[2] As further clarified during today's conference, after September 15, 2021, Defendants may not request additional custodians from Plaintiffs, unless such custodians were not reasonably identifiable as critically relevant based on documents and information available as of June 25, 2021.

their respective positions in the joint letter to be submitted to the Court pursuant to paragraph 6, *infra*.

2. With respect to the disputes raised in the parties' August 17 Joint Letter regarding Defendants' FX futures trading data and intermediary trading data (*see* 8/17/2021 Joint Ltr. at 4, 13), the parties shall meet and confer and raise any unresolved disputes with the Court—on a Defendant-by-Defendant basis—by setting forth their respective positions in the joint letter to be submitted to the Court pursuant to paragraph 6, *infra*.

3. As requested by Plaintiffs (*see* 8/17/2021 Joint Ltr. at 11), and as discussed during today's conference, no later than September 17, 2021, each Defendant shall provide to Plaintiffs a final, completed data field spreadsheet.

4. The Court hereby imposes the following deadlines on each Defendant's respective (i) substantial completion of custodial document production (*see* ECF Nos. 866, 874-83); (ii) completion of data production (*see* 8/17/2021 Joint Ltr. at 4-7, 11-13); and (iii) completion of transaction unmasking (*see id*. at 4-7, 14). The Court may extend these deadlines upon showings of diligence and good cause. Any party seeking an extension must do so at least five (5) days prior to the existing deadline, and is strongly encouraged to do so for a discrete subset of information only (*e.g.*, for documents or data corresponding to a particular custodian, geographical region, time period, database, etc.). Any extension request shall state whether Plaintiffs consent to such request.

    a. <u>Bank of America</u>:

        i. *Custodial Documents*: September 30, 2021.

        ii. *Data*: September 30, 2021.

      iii. *Unmasking*: September 30, 2021.

  b. <u>Barclays</u>:

      i. *Custodial Documents*: August 24, 2021.

      ii. *Data*: September 30, 2021.

      iii. *Unmasking*: Fourteen (14) days after data production is complete.

  c. <u>BNPP</u>:

      i. *Custodial Documents*: October 29, 2021.

      ii. *Data*: October 29, 2021.

      iii. *Unmasking*: Fourteen (14) days after data production is complete.

  d. <u>Citi</u>:

      i. *Custodial Documents*: September 24, 2021.

      ii. *Data*:

          1. No later than September 30, 2021, Citi shall complete production of all data other than data from its GDM system.[3]

          2. All data production complete by October 29, 2021.

      iii. *Unmasking*: Fourteen (14) days after each of the foregoing data productions is complete.

  e. <u>Credit Suisse</u>:

      i. *Custodial Documents*: October 1, 2021.

      ii. *Data*: September 30, 2021.

---

[3] No later than September 10, 2021, Citi shall update Plaintiffs on the progress of its efforts to "re-produce" GDM data.

      iii. *Unmasking*: Fourteen (14) days after data production is complete.

f. <u>Deutsche</u>:

      i. *Custodial Documents*: August 24, 2021.

      ii. *Data*: September 30, 2021.

      iii. *Unmasking*: September 30, 2021.

g. <u>Goldman</u>:

      i. *Custodial Documents*: October 29, 2021.

      ii. *Data*: September 30, 2021.

      iii. *Unmasking*: September 30, 2021.

h. <u>HSBC</u>:

      i. *Custodial Documents*: September 8, 2021.

      ii. *Data*: September 30, 2021.

      iii. *Unmasking*: September 30, 2021.

i. <u>JPMorgan</u>:

      i. *Custodial Documents*:

          1. Documents not subject to privilege, state secrecy or foreign-language review: September 8, 2021.

          2. Documents subject to privilege, state secrecy or foreign-language review: October 29, 2021.

      ii. *Data*:

          1. No later than September 10, 2021, Citi shall update Plaintiffs on the status of any outstanding supplemental data.

        2. All data production complete by October 29, 2021.

    iii. *Unmasking*: Fourteen (14) days after data production is complete.

j. <u>Morgan Stanley</u>:

    i. *Custodial Documents*: October 29, 2021.

    ii. *Data*: September 30, 2021.

    iii. *Unmasking*: September 30, 2021.

k. <u>RBC</u>:

    i. *Custodial Documents*: August 24, 2021.

    ii. *Data*:

        1. No later than September 10, 2021, RBC shall update Plaintiffs as to the status of its investigation into the possible omission of certain fields from its produced options data.

        2. No later than September 30, 2021, RBC shall complete production of all data not impacted by any such omission, along with a projected timeline for production of any impacted data.

        3. All data production complete by October 29, 2021.

    iii. *Unmasking*: Fourteen (14) days after each of the foregoing data productions is complete.

l. <u>RBS</u>:

    i. *Custodial Documents*: August 24, 2021.

    ii. *Data*: September 30, 2021.

      iii. *Unmasking*: September 30, 2021.[4]

  m. <u>Société Générale</u>:

      i. *Custodial Documents*: August 24, 2021.

      ii. *Data*: September 30, 2021.

      iii. *Unmasking*: September 30, 2021.

  n. <u>Standard Chartered</u>:

      i. *Custodial Documents*: September 24, 2021.

      ii. *Data*:

          1. No later than September 30, 2021, Standard Chartered shall complete production of all data other than data from its FX-MXCASH database.[5]

          2. All data production complete by October 29, 2021.

      iii. *Unmasking*: Fourteen (14) days after each of the foregoing data productions is complete.

  o. <u>UBS</u>:

      i. *Custodial Documents*:

          1. Documents from non-Singaporean, non-Swiss custodians by September 8, 2021.

          2. Documents from Singaporean and Swiss custodians by October

---

[4] RBS and Plaintiffs will meet and confer regarding whether certain Singapore-related transactions will be unmasked, and, if so, regarding the timing thereof.

[5] No later than September 17, 2021, Standard Chartered shall update Plaintiffs on the status of its production of data from its FX-MXCASH database.

29, 2021.

    ii. *Data*: October 29, 2021.

    iii. *Unmasking*: Fourteen (14) days after data production is complete.[6]

5.    The parties' Joint Letter Motion to Seal (ECF No. 885) is GRANTED. ECF No. 886 shall remain under seal.[7] Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 11920 (2d Cir. 2006) (internal quotation marks omitted). Maintaining the unredacted version of the parties' August 17 Joint Letter under seal is necessary to prevent the unauthorized dissemination of confidential business information.

6.    No later than Monday, October 11, 2021, at 6:00 p.m. EDT, the parties shall file a joint letter regarding the status of discovery and any existing disputes.

7.    The parties are directed to appear for a Telephone Conference in this action on Thursday, October 14, 2021, at 2:00 p.m. EDT. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

8.    This Order resolves the gavels at ECF Nos. 876, 877, 883 and 885.

**SO ORDERED.**

---

[6] Plaintiffs may consent to an extension of this deadline for a period not to exceed thirty (30) days without leave of Court. If UBS seeks an extension of this deadline, and Plaintiffs object, then UBS shall, no later than seven (7) days after its data production is complete, file a letter with the Court setting forth good cause why the unmasking cannot be accomplished within a fourteen (14) day period.

[7] ECF No. 886 is an unredacted version of the Joint Letter filed at ECF No. 884.

Dated: New York, New York
August 19, 2021

_____
STEWART D. AARON
United States Magistrate Judge