UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allianz Global Investors GmbH et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>Bank of America Corporation et al.,<br><br>　　　　　　　　　　Defendants. | 1:18-cv-10364 (LGS) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a telephone conference with the parties on Thursday, October 14, 2021, for the reasons stated on the record, as well as the reasons set forth below, the Court hereby ORDERS, as follows:

　　　1.　　With respect to the disputes raised in the parties' October 11 Joint Letter regarding Defendants' requests for supplementary document custodians from Plaintiffs PIMCO, BlackRock and PFA (*see* 10/11/2021 Joint Ltr., ECF No. 927, at 1-3, 7-11; *id.* App'x A at 1-22, 29-35),[1] the Court finds that Defendants are entitled to some supplementary custodians, as follows:

　　　　a.　**PIMCO**

After careful consideration, the Court in its discretion DENIES Defendants' requests to add Bill Powers and Doug Hodge as supplementary custodians. *See, e.g., Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013) (party moving to compel additional proposed custodians "must demonstrate that the additional requested custodians

---

[1] The page numbers for the 10/11/2021 Joint Letter that are cited in this Order are the page numbers reflected at the bottom of the pages to the 13-page summary that is appended to the parties' one-page cover letter. Similarly, the page numbers for Appendix A to the 10/11/2021 Joint Letter that are cited in this Order are the page numbers reflected at the bottom of the pages to that 48-page Appendix.

would provide *unique* relevant information not already obtained" (emphasis in original)); *Harris v. Union Pac. R.R. Co.*, No. 16-CV-00381 (SMB), 2018 WL 2729131, at *4 (D. Neb. June 6, 2018) (production of records from senior executives is appropriate only where there is "a sufficient showing that this information is necessary and not cumulative of other materials"). Although Defendants assert that Messrs. Powers and Hodge attended "feedback meetings" with Defendants, Plaintiffs assert, and Defendants do not dispute, that Messrs. Powers and Hodge "had no involvement in FX trading, strategy or analysis," and that these two "relied on others"—including existing custodians and less senior proposed supplementary custodians—"to educate them about FX." (10/11/21 Ltr., App'x A at 5-6, 10.) Accordingly, Defendants will be able to obtain relevant internal communications with Messrs. Powers and Hodge via the counterparties to those communications, who are the persons actually in possession of relevant knowledge. Any marginal utility of obtaining internal communications involving Messrs. Powers or Hodge but not any other custodians who are less removed from the trading would be outweighed by the burden of pulling, searching, processing and producing several years of these senior executives' emails.

Defendants may select four supplementary PIMCO custodians out of the remaining eight that they propose.[2]

    b. **BlackRock**

After careful consideration, the Court in its discretion DENIES Defendants' requests to add Laurence Fink and Robert Kapito as supplementary custodians, for substantially the same reasons

---

[2] On further reflection, the Court declines to permit Defendants to substitute newly proposed supplementary custodians in place of Messrs. Powers and Hodge. Such substitution was not contemplated in the process Ordered by the Court in August, and would further prolong an already drawn-out process of custodial production.

as provided above with regard to Messrs. Powers and Hodge. Although Defendants argued during the October 14, 2021 conference that the documents of Messrs. Fink and Kapito are "literally potentially the most significantly critical documents in this case" (10/14/21 Tr., ECF No. 935, at 18), the Court does not find this argument persuasive. Defendants focus on the purportedly critical importance of any communications between these two senior executives in preparation for, or at postmortems after, their meetings with Defendants.[3] (*See, e.g., id.* at 19-20.) Plaintiffs represent, however, that these inter-party meetings were "high-level meetings to discuss the nature of the parties' relationship," and that they were not focused on FX.[4] (*Id.* at 23-24.) In any event, nowhere do Defendants adequately articulate in non-conclusory fashion how any such pre- or post-meeting discussions—over and above (i) the data and feedback from actual FX traders that were provided to Messrs. Fink and Kapito, which would have informed any such discussions,[5] and (ii) the documents from the Defendants' own representatives who attended these meetings—are relevant to any claim or defense in this case, let alone of significant importance in resolving the issues in the case.[6] *See* Fed. R. Civ. P. 26(b)(1).

---

[3] Defendants also call attention to an email chain between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Setting aside the parties' dispute as to whether the subject of that communication is relevant (*see* 10/14/21 Tr. at 27-29, 31-32), the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is unremarkable and unlikely to be probative of anything material.

[4] As Plaintiffs note, Defendants, who were present at these meetings, have not supported their request for "the most significantly critical documents in this case" with any evidence of what, if anything, about the FX market was actually discussed during any of the meetings. (*See* 10/14/21 Tr. at 25.)

[5] Plaintiffs have agreed to produce to Defendants the briefing memoranda provided to Messrs. Fink and Kapito in connection with the meetings. (*See* 10/11/21 Ltr., App'x A at 21.)

[6] Also telling is the fact that Defendants made no mention of seeking to add Messrs. Fink or Kapito as supplementary custodians in the parties' Joint Letter dated August 17, 2021. (*See* 8/17/21 Ltr., ECF No. 886.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Defendants may select three supplementary BlackRock custodians out of the remaining five that they propose.

c. **PFA**

The Court GRANTS Defendants' request to add Martin Hygild Sørensen as a supplementary custodian. Plaintiffs' counsel promptly shall confirm with the PFA Plaintiffs whether any PFA Plaintiff or any non-Plaintiff PFA entity has in its possession, custody or control any reasonably accessible emails or chats of Mr. Sørensen. PFA's document retention policies and implementation thereof vis-à-vis Mr. Sørensen may be addressed in a 30(b)(6) deposition. In addition to Mr. Sørensen, Defendants may select two further supplementary custodians out of the other four that they propose.

d. **Search Terms**

No later than Monday, October 25, 2021, Defendants shall inform Plaintiff of the supplementary custodians it wishes to add, pursuant to the above. The parties then promptly shall meet and confer regarding the search terms to be used for these supplementary custodians. If the parties cannot agree on search terms, then they shall set forth their respective positions in the joint letter to be submitted to the Court pursuant to paragraph 6 *infra*.

2.   With respect to the dispute raised in the parties' October 11 Joint Letter regarding Defendants' request for location information of third-party entities that traded on Plaintiffs'

---

[redacted] Defendants presumably would have requested those two as supplementary custodians back in August 2021 when they first requested supplementary custodians from BlackRock.

behalf (*see* 10/11/2021 Joint Ltr. at 4-5, 11-12), the parties shall meet and confer and seek to stipulate to a resolution of this dispute. If no stipulation can be agreed upon, the parties shall set forth an update of their respective positions in the joint letter to be submitted to the Court pursuant to paragraph 6, *infra*, so that the Court can revisit the issue.

3. With respect to the dispute raised in the parties' October 11 Joint Letter regarding Plaintiffs' request for Defendants' "intermediary data" (*see* 10/11/2021 Joint Ltr. at 5, 13), no later than Tuesday, December 7, 2021, Defendants shall complete and share with Plaintiffs a meaningful sample of results from their analysis project. The Court may extend this deadline upon showings of diligence and good cause.

4. With respect to the dispute raised in the parties' October 11 Joint Letter regarding Plaintiffs' request for Bank of America's and BNPP's FX futures data for futures transacted on the CME (*see* 10/11/2021 Joint Ltr. at 5-6, 13):

    a. No later than Monday, November 15, 2021, Bank of America shall produce such data for the 2003-07 period.

    b. BNPP shall diligently investigate whether it has within its possession, custody or control such data for the 2003-07 period, and set forth in the joint letter to be submitted to the Court pursuant to paragraph 6, *infra*, the results of such investigation.

5. The parties' Joint Letter Motion to Seal (ECF No. 928) is GRANTED. ECF No. 929[7] shall remain under seal. Although "[t]he common law right of public access to judicial documents

---

[7] ECF No. 929 is an unredacted version of the Joint Letter filed at ECF No. 927.

5

is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). Maintaining the unredacted version of the parties' October 11 Joint Letter under seal is necessary to prevent the unauthorized dissemination of confidential business information.

6. No later than Tuesday, November 16, 2021, at 6:00 p.m. EST, the parties shall file a joint letter regarding the status of discovery and any existing disputes.

7. The parties are directed to appear for a Telephone Conference in this action on Thursday, November 18, 2021, at 2:00 p.m. EST. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

8. Two versions of this Order are being filed by the Court to the ECF docket—a public version that redacts footnotes 3 and 6 and a complete version that is filed under seal. The public version redacts footnotes 3 and 6 since they contain discussion of language that was redacted from the publicly filed versions of the emails cited in those footnotes (*see* ECF Nos. 884-1, 927-2 & 927-4).

**SO ORDERED.**

Dated:   New York, New York
         October 18, 2021

_____
STEWART D. AARON
United States Magistrate Judge