UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Allianz Global Investors GmbH et al.,

                          Plaintiffs,

-against-

Bank of America Corporation et al.,

                          Defendants.

1:18-cv-10364 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a telephone conference with the parties on Thursday, November 18, 2021, for the reasons stated on the record, as well as the reasons set forth below, the Court hereby ORDERS, as follows:

1. With respect to the dispute raised in the parties' November 16, 2021 Joint Letter regarding Defendants' request for location information of third-party entities that traded on Plaintiffs' behalf (see 11/16/2021 Joint Ltr., ECF No. 972, at 1-2, 6-7[1]):

   a. No later than Thursday, December 2, 2021, Defendants shall serve on Plaintiffs one or more contention interrogatories targeting the information sought.

   b. Beginning no later than Thursday, December 16, 2021, the parties shall meet and confer regarding the scope of Defendants' contention interrogatories and a schedule for Plaintiffs' response thereto.

---

[1] The page numbers for the 11/16/2021 Joint Letter cited in this Order are the numbers reflected at the bottom of the pages to the 10-page summary that is appended to the parties' one-page cover letter.

    c. To the extent that the parties cannot agree on such scope and/or schedule, they may set forth their respective positions in the joint letter to be submitted to the Court pursuant to paragraph 7, *infra*.

2. With respect to the concerns Defendants raise regarding AP2's and PFA's purported production deficiencies (*see* 11/16/2021 Joint Ltr. at 2-4, 7-8):

    a. The Court denies Defendants' requests for orders requiring AP2 and PFA to file declarations detailing their efforts at searching for responsive data. Such efforts may be probed in depositions.

    b. The Court denies Defendants' request for an additional PFA custodian. The Court already granted Defendants three supplementary PFA custodians to remedy "gaps in PFA's sampling custodial productions." (10/12/21 Joint Ltr., ECF No. 929, App. A at 29; *see* 10/18/21 Order, ECF Nos. 937 & 938, ¶ 1(c).)

3. With respect to the parties' dispute regarding Defendants' request for Portigon and AP2 to identify whether retained audio exists for five particular custodians and, if so, to "provide details about the burden of collecting and reviewing" it (*see* 11/16/2021 Joint Ltr. at 4-5, 8-10), the Court denies Defendants' request at this time as disproportional to the needs of the case. Based upon the record currently before the Court, there is no evidence that any of the five custodians at issue engaged in relevant oral conversations, let alone sufficient evidence to justify imposing on Portigon and/or AP2 the burden of searching for audio files. (*Cf.* 4/14/21 Transcript, ECF No. 806, at 34:5-8 ("I'm going to require more of a showing as to what the record evidence shows with respect to the custodians in question and whether there are recordings that they likely would be party to.")).

4. With respect to Plaintiffs' request for an "[e]nd [t]o Defendants['] [c]onstant [e]xtension [r]equests" (11/16/21 Joint Ltr. at 5, 10), the Court declines at this time to require that any future extension request (from any party) be supported by "an affidavit demonstrating diligence and unforeseen, extenuating circumstances." (*Id.* at 10.) However, the Court cautions the parties that it will be decreasingly liberal in granting such requests going forward.

5. The Court hereby sets a November 30, 2021 deadline for Bank of America to complete production and unmasking of its early period data. (*See* 11/16/21 Joint Ltr. at 5, 10.)

6. The Court hereby extends to December 3, 2021, BNPP's deadline to complete production of FX trade data, as previously requested. (*See* 11/16/21 Joint Ltr. at 5, 10; 11/12/21 Order, ECF No. 971.) On December 7, 2021, BNPP shall file a letter confirming the production made by that deadline. To the extent that BNPP was unable to produce any of the subject data by that deadline, BNPP shall include in its December 7 letter (a) a detailed explanation of the efforts it made to meet the deadline (including, as relevant, a detailed explanation of efforts made to resolve the issues disclosed by BNPP during the November 18 conference) and (b) an estimate of the time needed to complete the production. Any response from Plaintiffs to BNPP's letter shall be filed by December 9, 2021. Thereafter the Court shall fix the deadline for any remaining trade data production from BNPP.

7. No later than Monday, January 10, 2022, at 6:00 p.m. EST, the parties shall file a joint letter regarding the status of discovery and any existing disputes.

8. The parties are directed to appear for a Telephone Conference in this action on Wednesday, January 12, 2022, at 2:00 p.m. EST. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated: New York, New York
November 19, 2021

_____
STEWART D. AARON
United States Magistrate Judge