

February 23, 2022

<u>Via ECF</u>

Honorable Stewart D. Aaron
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: *Allianz Global Inv'rs GmbH, et al. v. Bank of Am. Corp., et al.*, 18-cv-10364

Dear Judge Aaron:

Pursuant to Section II.B.3 of the Court's Individual Practices, we write to seek leave to file under seal an unredacted version of the parties' joint letter regarding discovery issues pursuant to the Court's January 11, 2022 Order. The letter has been publicly filed with excerpts of communications redacted. *See* ECF No. 1002. In accordance with Your Honor's Individual Practices, an unredacted version of the letter will be filed contemporaneously with this motion, accessible to counsel of record for all parties in this action.

Defendants' portion of the joint letter contains information excerpted from internal BlackRock documents. BlackRock previously designated this material as Confidential under the Protective Order in this case because it contains sensitive commercial information about their FX operations. BlackRock has reviewed the letter and where possible have suggested redactions designed to balance the public right of access with their privacy interests.

Although the Second Circuit has held that a strong presumption of public access generally applies to judicial documents, it is well-established that documents submitted in connection with non-dispositive discovery matters receive a lesser presumption of public access. *See, e.g.*, *Ashmore v. CGI, Inc.*, No. 11-CV-8611, 2020 U.S. Dist. LEXIS 22668, *3 (S.D.N.Y. Feb. 7, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019)). It is similarly well-recognized that confidential treatment of judicial documents is justified when "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Several factors, including "privacy interests" and "business secrecy", can "outweigh the presumption of public access" and justify sealing. *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Here, BlackRock seeks to redact only those few portions of the letter that would disclose its confidential business information. Accordingly, the parties respectfully request that the letter and its exhibits remain in redacted form as currently filed on the docket and in unredacted form under seal.

Respectfully,

/s/ *Tibor L. Nagy, Jr.*

Tibor L. Nagy, Jr.
DONTZIN NAGY & FLEISSIG LLP
980 Madison Avenue, 2nd Floor
New York, New York 10075
(212) 717-2900
tibor@dnfllp.com

*Counsel for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC*

/s/ *Anthony P. Alden*

Anthony P. Alden
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90015
(213) 443-3000
anthonyalden@quinnemanuel.com

*Counsel for Plaintiffs*

cc: All counsel of record (via ECF)

The Court being satisfied that the requested sealing is appropriate under the standards articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the request to seal is GRANTED. Dated: 2/25/2022

*[signature: Stewart D. Aaron]*