UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Allianz Global Investors GmbH et al.,

                    Plaintiffs,

-against-

Bank of America Corporation et al.,

                    Defendants.

1:18-cv-10364 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a telephone conference with the parties on February 24, 2022, addressing the parties' dispute regarding the proposed default limit of depositions for Plaintiffs BlackRock and PIMCO (*see* Joint Ltr., 2/24/22, ECF No. 1002 (redacted), ECF No. 1004 (unredacted)),[1] and having considered the parties' submissions and arguments, the Court hereby ORDERS, as follows:

    1.    The Court, in its discretion, sets a default limit of 7 depositions (inclusive of depositions pursuant to Rule 30(b)(6) of the Federal Rule of Civil Procedure)[2] for each of the

---

[1] The dispute regarding the default limit of depositions for each Plaintiff group initially was raised with the undersigned by Plaintiffs' Letter Motion, dated January 28, 2022, which requested that the Court set a default limit of 9 depositions per Plaintiff group. (*See* Pls.' 1/28/22 Ltr. Mot., ECF No. 992, at 3.) In an Order, dated February 4, 2022, the Court declined "to impose a default limit of 9 depositions per Plaintiff group given the disparate facts and circumstances that exist among the Plaintiff groups." (*See* 2/4/22 Order, ECF No. 998.) The Court directed the parties to meet and confer to seek agreement and, if agreement could not be reached, to set forth their respective positions in the joint letter preceding the February 24, 2022 conference. (*See id*.) Although the parties reached agreement as to other Plaintiff groups, they failed to reach agreement as to BlackRock and PIMCO.

[2] In setting a default 7-deposition limit for the BlackRock and PIMCO groups, the Court is mindful of the provision in paragraph 8 of the Deposition Protocol that, "[f]or Rule 30(b)(6) depositions directed to an organization, each seven-hour period of deposition (whether a single witness or multiple witnesses, and whether on a single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for party fact depositions." (*See* Dep. Protocol, ECF No. 186, ¶ 8.)

BlackRock and PIMCO groups. The Court finds that this limit is proportional to the needs of the case.

2. As addressed by the Court on the record during the February 24 telephone conference, if Rule 30(b)(6) testimony is to be sought from any particular Plaintiff or Defendant, the following procedure shall be followed: Prior to conducting depositions of percipient witnesses who were or are employed by the Plaintiff or Defendant, the party seeking such depositions shall serve on that Plaintiff or Defendant a notice, pursuant to Rule 30(b)(6), describing with reasonable particularity the matters for which examination will be sought. In this way, a Plaintiff or Defendant may designate a percipient witness to testify regarding one or more topics without that witness needing to testify at deposition more than once.

3. No later than April 12, 2022, at 6:00 p.m. EST, the parties shall file a joint letter regarding the status of discovery and any existing disputes.

4. The parties are directed to appear for a Telephone Conference in this action on Thursday, April 14, 2022, at 2:00 p.m. EST. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated: New York, New York
February 25, 2022

_____
STEWART D. AARON
United States Magistrate Judge

2