UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allianz Global Investors GmbH, et al., | Case No.: 1:18-cv-10364 |
| Plaintiffs, | |
| -against- | |
| Bank of America Corporation, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A HAGUE CONVENTION REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO TAKE TESTIMONY OVERSEAS**

Pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. § 1781(b)(2), Plaintiffs respectfully move the Court to issue a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Letter of Request") to take testimony overseas of Serge Sarramegna pursuant to the Federal Rules of Civil Procedure. Mr. Sarramegna resides in France and is a former foreign exchange ("FX") trader for Defendant HSBC Bank PLC ("HSBC") from July 2002 to October 2014.

Plaintiffs allege that HSBC was part of a conspiracy with competitor banks to manipulate the FX market. During the relevant time period (2003-2013), Mr. Sarramegna participated in numerous multi-bank chat rooms with FX traders from competitor banks where he exchanged information about spreads to charge consumers and coordinated trading to manipulate spreads and benchmark rates. Mr. Sarramegna's knowledge about communications in those chat rooms, how they were then used by FX traders, and how those discussions impacted FX prices are all highly relevant to Plaintiffs' claims relating to the manipulation of spreads and benchmark rates. Because Mr. Sarramegna resides in France, and is outside the Court's subpoena power, Plaintiffs are able

to secure his testimony only by a Letter of Request.  For those reasons, as more fully explained below, the Court should issue the Letter of Request, which is attached as Exhibit A to the Declaration of Daniel L. Brockett in Support of Plaintiffs' Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas ("Brockett Declaration"), filed concurrently herewith.

## ARGUMENT

### I.    REQUESTS TO PERMIT PARTIES TO TAKE EVIDENCE IN FOREIGN COUNTRIES ARE ISSUED ROUTINELY

Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §1781(b)(2) grant this Court authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Elliot Assocs. v. Republic of Peru*, No. 96 CIV. 7917, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997). "A court will not ordinarily weigh the evidence to be elicited by deposition." *Id.* (*citing DBMS Consultants v. Computer Assoc's Intern.*, 131 F.R.D. 367, 369 (D. Mass. 1990)); *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2083 (3d ed.) ("there must be some good reason to deny a party the particular type of judicial assistance it seeks"). "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *See Netherby Ltd. v. Jones Apparel Grp., Inc*., No. Civ. 04-7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *Allianz Global Investors GmbH, et al., v. Bank of America Corporation, et al.*, No. 18-cv-10364 (LGS) (SDA), 2020 WL 5439545, at *1-2 (S.D.N.Y. Sep. 9, 2020) (issuing letter of request pursuant to the Hague Convention to take testimony in France).

## II.      THE EVIDENCE SOUGHT BY PLAINTIFFS IS RELEVANT

In Section 10 of the Letter of Request, Plaintiffs identify a number of topics for Mr. Sarramegna's deposition that are relevant to Plaintiffs' claims. The testimony of Mr. Sarramegna concerning each of these topics is relevant to the claims that Defendants conspired to fix FX spreads, spot prices and benchmark rates.

Mr. Sarramegna's background and employment as a former FX trader for Defendant HSBC, as well as his general knowledge of the FX market, are relevant to establishing the bases for Mr. Sarramegna to testify about mechanics of the alleged conspiracy. Letter of Request, Section 10, Topic A. Mr. Sarramegna's testimony is also relevant to Plaintiffs' allegations that FX traders had strong social and professional ties with traders at co-conspirator banks, creating opportunities for collusion. *Id.*

Mr. Sarramegna's testimony regarding his participation in multi-bank chat rooms and communications with FX traders from other Defendants between 2003-2013 is relevant to prove the alleged conspiracy. *Id.* at Topics C-E.  Plaintiffs have alleged that Defendants communicated directly with each other via multiple chat rooms to share confidential customer information and coordinate trading activity with competitors to manipulate spreads, prices and benchmark rates. The incriminating names for these chat rooms including "The Cartel" or "The Mafia" support the inference they were used for anticompetitive purposes. *Id.* at Topics C-E.  This is the exact kind of direct "smoking gun" evidence that can prove antitrust conspiracies. Thus, Mr. Sarramegna's testimony regarding his participation in these chat rooms is also highly relevant to Plaintiffs' claims.

Specifically, Mr. Sarramegna was an active participant in multi-bank chat rooms with FX traders at co-conspirator Defendant banks, including but not limited to, ████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

For example, in one chat, █████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

        Mr. Sarramegna's testimony regarding his chat room communications is relevant to demonstrate his knowledge of and participation in the conspiracy, including the meanings of communications in which he was a participant and how he and others in the chatroom used that information to trade FX on behalf of their respective banks. Mr. Sarramegna's testimony is also

necessary to explain at trial communications through other media for which written evidence does not exist, such as phone calls and text messages that were not preserved.

Mr. Sarramegna's testimony regarding HSBC's policies on electronic communications, information sharing, and antitrust compliance is also relevant to Plaintiffs' claims. *Id.* at Topics F-G. Plaintiffs intend to prove that Defendants lacked compliance measures and/or knew of and either failed to prevent or encouraged violations of compliance policies. Plaintiffs also intend to prove that Defendants' own policies acknowledge that sharing confidential customer information and engaging in coordinated trading with competitor banks was improper and constituted market manipulation. Accordingly, Mr. Sarramegna's testimony concerning HSBC's policies, the enforcement (or lack thereof) of those policies, and his knowledge of FX traders' compliance (or lack thereof) with those policies is also relevant to establishing Plaintiffs' claims.

Mr. Sarramegna's testimony regarding his compensation and HSBC's profit and loss from FX trading is relevant to show a motive to conspire both at the corporate and individual trader level. *Id.* at Topics H-I. This testimony also bears on injury to Plaintiffs. Mr. Sarramegna's testimony regarding his knowledge of HSBC's algorithms is relevant to the interrelationship of FX prices between trading platforms. *Id.* at Topic I.

Finally, Mr. Sarramegna's testimony regarding any investigation of his or other FX traders' conduct in the FX market during the alleged conspiracy period is relevant to establish liability at trial. *Id.* at Topic J. Various regulatory authorities have sanctioned HSBC, and Mr. Sarramegna's knowledge of the conduct alleged in those agencies' orders or findings is relevant to establish liability.

As shown above, Mr. Sarramegna possesses information relevant to Plaintiffs' claims that Defendants conspired to fix FX spreads and benchmark rates. Moreover, some of this information,

such as Mr. Sarramegna's testimony as to what he meant in chat rooms, how he interpreted the chats of his alleged fellow co-conspirators, and what he did with that information while trading on behalf of HSBC, is solely within his possession. Mr. Sarramegna's testimony is thus necessary for the fair determination of this proceeding, and because he resides outside of the subpoena power of the Court, the Letter of Request should issue to preserve his testimony for use at trial.

## **CONCLUSION**

For the foregoing reasons, the Court should grant this motion and issue the Letter of Request attached as Exhibit A to the Brockett Declaration.


Dated: March 21, 2022                      By: /s/ Daniel L. Brockett
                                           Daniel L. Brockett
                                           51 Madison Avenue, 22nd Floor
                                           New York, New York 10010-1601
                                           (212) 849-7000
                                           Counsel for Plaintiffs