UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allianz Global Investors GmbH, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>Bank of America Corporation, et al.,<br><br>Defendants. | Case No.: 1:18-cv-10364 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ISSUANCE OF A HAGUE CONVENTION REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO TAKE TESTIMONY OVERSEAS**

Pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. § 1781(b)(2), Plaintiffs respectfully move the Court to issue a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the taking of Evidence Abroad in Civil or Commercial Matters ("Letter of Request") to take testimony overseas of Robert De Groot pursuant to the Federal Rules of Civil Procedure. Defendants have indicated that while they disagree with the allegations in our supporting motions, they do not oppose the issuance of the revised letters of request. Mr. De Groot resides in the United Kingdom and is a former foreign exchange ("FX") trader for Defendants Citigroup Global Markets ("Citi") and BNP Paribas ("BNPP").

During the relevant period (at least 2003-2013), Mr. De Groot participated in numerous multi-bank chat rooms with FX traders from competitor banks. Mr. De Groot's knowledge of information discussed in those chat rooms, how the information was then used by FX traders, and how those discussions impacted FX prices are all highly relevant to Plaintiffs' claims and his testimony is necessary for a fair determination of these proceedings. Because Mr. De Groot resides in the United Kingdom, and is outside the Court's subpoena power, Plaintiffs will be able to secure Mr. De Groot's testimony only through a Letter of Request. For those reasons, as more fully

explained below, the Court should issue the Letter of Request, which is attached as Exhibit A to the Declaration of Daniel L. Brockett in Support of Plaintiffs' Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas ("Brockett Declaration"), filed concurrently herewith.

**ARGUMENT**

I.   **REQUESTS TO PERMIT PARTIES TO TAKE EVIDENCE IN FOREIGN COUNTRIES ARE ISSUED ROUTINELY.**

Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §1781(b)(2) grant this Court authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Elliot Assocs. v. Republic of Peru*, No. 96 CIV. 7917, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997). "A court will not ordinarily weigh the evidence to be elicited by deposition." *Id*. (*citing DBMS Consultants v. Computer Assoc's Intern.*, 131 F.R.D. 367, 369 (D. Mass. 1990)); *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2083 (3d ed.) ("there must be some good reason to deny a party the particular type of judicial assistance it seeks."). Instead, "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *See Netherby Ltd. v. Jones Apparel Grp., Inc*., No. Civ. 04-7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *Elliot Assocs*., 1997 WL 436493, at *2 (granting plaintiff's request for letters rogatory to take testimony in the United Kingdom).

II.  **THE EVIDENCE SOUGHT BY PLAINTIFFS IS RELEVANT**

In Section 10 of the Letter of Request, Plaintiffs identify a number of topics for Mr. De Groot's deposition that are relevant to Plaintiffs' claims. The testimony of Mr. De Groot concerning each of these topics is relevant to the claims that Defendants conspired to fix FX spreads, spot prices, and benchmark rates.

Mr. De Groot's background and employment, as a former FX trader for Defendants Citi and BNPP, as well as his general knowledge of the FX market, are relevant to establishing the foundation for Mr. De Groot to testify about the mechanics of the alleged conspiracy. Mr. De Groot's testimony is also relevant to Plaintiffs' allegations that FX traders had strong social and professional ties with traders at co-conspirator banks, creating opportunities for collusion. Section 10, Topic A, *infra*.

Mr. De Groot's testimony regarding his participation in multi-bank chat rooms and communications with FX traders from other Defendants between at least 2003-2013 is relevant to prove the alleged conspiracy. Section 10, Topics C-E, *infra*. Plaintiffs have alleged that Defendants communicated directly with each other via multibank chat rooms to share market-sensitive information and coordinate trading activity with competitors. The incriminating nature of the names of these chat rooms like "The Cartel" or "The Mafia" support the inference they were used for anticompetitive purposes. Thus, Mr. De Groot's testimony regarding his participation in these chat rooms is highly relevant to plaintiffs' claims.

Specifically, Mr. De Groot was an active participant in multi-bank chat rooms with FX traders with other Defendants, including but not limited to, ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

3

███████████████████████████████████████████

███████████████████████████████

Mr. De Groot's testimony regarding his chat room communications is relevant to demonstrate his knowledge of the alleged conspiracy, including the meanings of his communications, his understanding of what FX traders communicated to each other, and how he used that information to trade FX on behalf of Defendants Citi and BNPP. Mr. De Groot's testimony is also necessary to explain at trial communications through other media for which written evidence does not exist, such as text messages and phone calls.

Mr. De Groot's testimony regarding his knowledge of Citi's and BNPP's policies regarding electronic communications, information sharing, and antitrust compliance is relevant to Plaintiffs' claims. Section 10, Topics F-G, *infra*. Plaintiffs intend to prove that Defendants lacked compliance measures and/or knew of and either failed to prevent or encouraged violations of compliance policies. Plaintiffs also intend to show that Defendants' own policies acknowledged that the sharing of confidential information and coordinated activity to fix benchmark rates or agree on spreads and spot prices are improper. Accordingly, Mr. De Groot's testimony concerning his knowledge of the banks' enforcement of (or lack thereof) and FX traders' compliance (or lack thereof) with Citi's and BNPP's internal policies is relevant to establishing Plaintiffs' claims.

Mr. De Groot's testimony regarding his own and Citi's and/or BNPP's profit and loss in FX is relevant to show a motive to conspire both at the corporate and individual trader level. Section 10, Topics H-I, *infra*. This testimony also bears on alleged injury to Plaintiffs. Mr. De Groot's testimony regarding his knowledge of Citi's and/or BNPP's algorithms is relevant to the interrelationship of FX prices between trading platforms.

Finally, Plaintiffs allege that Mr. De Groot's testimony regarding any investigation of his or other FX traders' conduct in the FX market during the alleged conspiracy period is relevant to establish liability at trial. Section 10, Topic J, *infra*. Various regulatory agencies have sanctioned Citi and BNPP and Mr. De Groot's knowledge of the conduct alleged in those agencies' orders or findings is relevant to establish liability.

As shown above, Mr. De Groot possesses information relevant to Plaintiffs' claims that Defendants conspired to fix FX spreads and prices. Moreover, some of this information, such as Mr. De Groot's testimony as to what he meant in chat rooms, how he interpreted the chats of his alleged fellow co-conspirators, and what he did with that information while trading on behalf of Citi and BNPP, is solely within his possession. Mr. De Groot's testimony is thus necessary for the fair determination of this proceeding, and because he resides outside of the subpoena power of the Court, the Letter of Request should issue to preserve his testimony for use at trial.

## **CONCLUSION**

For the foregoing reasons, the Court should grant this unopposed motion and issue the Letter of Request attached as Exhibit A to the Brockett Declaration.

DATED: April 11, 2022

        QUINN EMANUEL URQUHART &
          SULLIVAN, LLP

By: /s/ Daniel L. Brockett
   Daniel L. Brockett
   NY State Bar No.

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

Attorneys for Plaintiffs

5