USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Allianz Global Investors GmbH et al.,

                      Plaintiffs,

-against-

Bank of America Corporation et al.,

                      Defendants.

1:18-cv-10364 (LGS) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a telephone conference with the parties on June 9, 2022, addressing the parties' discovery disputes (*see* 6/7/22 Joint Ltr., ECF No. 1085 (unredacted), ECF No. 1086 (redacted)), and having considered the parties' submissions and arguments, the Court hereby ORDERS, as follows:

1.    The Court quashes Plaintiffs' Rule 30(b)(6) Topics 6 and 7 (Defendants' efforts used to preserve documents and data) and Topic 14 (Defendants' policies and practices for retaining, storing and verifying data). The Court finds that such topics are not proportional to the needs of the case. If gaps are identified by Plaintiffs in document productions made by a specific Defendant, then Plaintiffs shall meet and confer with that Defendant about such gaps. If Plaintiffs believe that such gaps have not been adequately explained, and efforts at compromise have failed, they may seek leave of Court to serve targeted interrogatories and/or to take targeted Rule 30(b)(6) testimony. Any issues with respect to the integrity of Defendants' (or Plaintiffs') data shall be addressed if and when they arise. In addition, Plaintiffs may seek written discovery from Defendants regarding the dates when litigation holds were put in place.

2. The Court quashes Plaintiffs' Rule 30(b)(6) Topic 30 (Defendants' knowledge of susceptibility of FX market to manipulation). The Court finds that this topic is better suited to questioning of percipient witnesses and/or service of contention interrogatories. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (authorizing Court to order discovery by means that are "more convenient, less burdensome, or less expensive"). Defendants may assert objections, as appropriate, based upon privilege grounds.

3. The Court quashes Plaintiffs' Rule 30(b)(6) Topic 32 (Defendants' consummated, proposed, direct or indirect agreements, commitments or understandings between or among Defendants relating to FX trading). The Court finds that this topic is not proportional to the needs of the case. For example, this topic would impose undue burdens on Defendants in preparing Rule 30(b)(6) designees to testify, given the myriad "agreements, commitments or understandings" that this topic conceivably could encompass.

4. The Court quashes Plaintiffs' 30(b)(6) Topic 42 (compliance with orders, settlements, pleas, immunity deals and cooperation agreements relating to FX trading). The Court finds that this topic is not proportional to the needs of the case. In addition, the Court notes that this topic seeks testimony that appears to be inadmissible under Federal Rule of Evidence 407.[1]

---

[1] Plaintiffs argue that they are seeking the subject testimony for a purpose permissible under Rule 407, *i.e.*, to show that Defendants had the ability to control their employees' conduct. However, an analogous purpose was found to be impermissible by the Second Circuit. *See SEC v. Geon Indus., Inc.*, 531 F.2d 39, 52 (2d Cir. 1976) ("the subsequent taking of measures [*i.e.*, introduction of new regulation requiring employee to obtain manager approval before engaging in certain conduct] which would have made a violation less likely normally cannot be considered as proving that failure to take them earlier was negligent" (citing Fed. R. Evid. 407)).

2

5. The Court quashes Plaintiffs' Rule 30(b)(6) Topics 43 and 45 (Defendants' substantive communications with regulatory authorities). Taking into account, *inter alia*, other related topics on which testimony shall be given (*see* 6/7/22 Joint Ltr. at 8), the discovery available from related litigation (*see id*. at 16) and the burdens that would be imposed on Defendants in preparing Rule 30(b)(6) designees to testify, the Court finds that these topics are not proportional to the needs of the case.

6. The Court quashes Defendants' Rule 30(b)(6) damages topic. Defendants may obtain discovery regarding Plaintiffs' damages during the expert discovery phase of the case. *Cf*. 6 J. Moore, Moore's Federal Practice § 26.22[4][c][ii], at 26-108 to 26-109 (3d ed. 2021) (where damages calculations were "appropriately the subject of expert evidence," damages disclosure obligation "would be controlled by the expert testimony disclosure rules").

7. The parties shall meet and confer regarding the custodial production for Danelle Reimer.

8. The parties' Joint Letter Motion to seal (ECF No. 1084) is GRANTED. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). Filing the unredacted version of ECF No. 1086 under seal is necessary to prevent the unauthorized dissemination of confidential business information.

9. No later than Tuesday, June 14, 2022, the parties shall file a joint letter setting forth proposed dates for the next discovery conference and corresponding joint letter.

**SO ORDERED.**

Dated: New York, New York
June 10, 2022

                                                                        _____
                                                                        STEWART D. AARON
                                                                        United States Magistrate Judge