UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Allianz Global Investors GmbH et al.,

Plaintiffs,

-against-

Bank of America Corporation et al.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2022

1:18-cv-10364 (LGS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is Defendants' motion challenging the assertion of attorney-client privilege by BlackRock with respect to a document containing certain FX-related "talking points." (Defs.' 6/17/22 Ltr. Mot., ECF No. 1111.) BlackRock had produced this document in 2021, but later clawed it back pursuant to the provisions of the provisions of Section 5.3 of the Stipulation and Second Amended Order of Confidentiality entered in this action ("Confidentiality Order").[1] (*See id*. at 2.) Defendants now seek to challenge the designation of the subject document pursuant to Section 5.5 of the Confidentiality Order.[2] (*See id*. at 1.)

The document in question is titled at the top of each of its four pages "FX Fix Talking Points" and is dated November 6, 2013. (*See* Defs.' 6/17/22 Ltr. Mot., Ex. A, ECF No. 1111-1, at

---

[1] Under Section 5.3 of the Confidentiality Order, "[i]f the Disclosing Party believes that Privileged Material was produced, the Disclosing Party [notifies] in writing any party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Federal Rule of Civil Procedure 26." (Confidentiality Order, ECF No. 767, at 12.)

[2] Under Section 5.5 of the Confidentiality Order, if "the party to whom the Privileged Material . . . was produced seek[s] to challenge the designation . . . of such material as privileged or protected, it [notifies] the Disclosing Party in writing . . . ." (Confidentiality Order at 14.) Then, after meeting and conferring, "[i]f the parties cannot resolve their disagreement, the objecting party . . . promptly present[s] the issue to the Court for a determination of the Disclosing Party's claim of privilege or protection." (*Id*.)

PDF pp. 4-7.) The document was prepared by and/or with the assistance of BlackRock's in-house attorneys. (*See* Pls.' 6/24/22 Ltr. Resp., ECF No. 1131, at 1; Defs.' Reply, ECF No. 1133, at 2.) Each page of the document bears the legend at the top "Privileged and Confidential – FOR INTERNAL USE ONLY." (*See id*.) The document contains three headings, "FX Fix Talking Points," "WMR Benchmarks, Background" and "Questions and Answers." (*See id*.)

## LEGAL STANDARDS

"Where, as here, subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law." *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001) (citation omitted); *see also* Fed. R. Evid. 501. "The attorney-client privilege is one of the 'oldest recognized privileges for confidential communications.'" *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)). "Its purpose is to 'encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Id*.

"The broad outlines of the attorney-client privilege are clear: '(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 119 F.3d 210, 214 (2d Cir. 1997) (quoting *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d 1032, 1036 (2d Cir. 1984)). "[S]ince the attorney-client privilege stands in derogation of the public's right to every man's evidence, it

[should] be strictly confined within the narrowest possible limits consistent with the logic of its principle." *Id*. (quotations omitted). "The burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." *Id*.

## DISCUSSION

The Court carefully has reviewed the "FX Fix Talking Points" document and finds that it is not covered by the federal attorney-client privilege, because the document "contemplates disclosure of its contents to a third party." *See A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 07-CV-00929 (WWE) (HBF), 2014 WL 657688, at *2 (D. Conn. Feb. 20, 2014); *see also In Re Bulow*, 828 F.2d 94, 102 (2d Cir. 1987) (noting earlier Second Circuit opinion (*i.e.*, *United States v. Tellier*, 255 F.2d 441, 447 (2d Cir. 1958)) holding that conversation "was not privileged because it was not intended to be confidential, but was meant to be passed on to third parties"); *cf*. *ADT Sec. Servs., Inc. v. Swenson*, No. 07-CV-02983 (JRT) (AJB), 2010 WL 276234, at *3 (D. Minn. Jan. 15, 2010), *aff'd in part, rev'd in part on other grounds*, 2010 WL 2954545 (D. Minn. July 26, 2010) (finding "talking points" not privileged "because they are inherently meant to be shared, which traditionally waives claims of privilege").

BlackRock argues that "the challenged document itself was not intended to be and was not disclosed to third parties," and therefore that it is privileged. (*See* Pls.' 6/24/22 Ltr. Resp. at 3 (emphasis omitted).) Regardless of whether the document itself was intended to be disclosed to third parties, the contents were intended to be shared. The challenged document was provided to BlackRock personnel to be used as an aid in talking with their clients and in answering the clients' questions. Since the contents of the document were intended to be shared with third parties, the document is not privileged. *See In re Blue Cross Blue Shield Antitrust Litig.*, No. 13-

CV-20000 (RDP), 2019 WL 5076548, at *3 (N.D. Ala. June 4, 2019) (finding talking points drafted by attorney that were designed to be shared or discussed at board meeting not privileged).

The two cases cited by BlackRock (*see* Pls.' 6/24/22 Ltr. Resp. at 3) do not alter the result here. In *Radio Today v. Westwood One*, No. 87-CV-08299 (MBM), 1989 WL 2733 (S.D.N.Y. Jan. 12, 1989), the memoranda that Judge Mukasey found to be privileged contained pure legal advice. "[T]he function of the memoranda in question was to inform the staff of what lawyers had said the staff could and could not say to radio station representatives who called to inquire about the replacement of 'Flashback' with 'Backtrack.'" *Id*. at *1.[3] Here, by contrast, the document in question does not contain legal advice. Rather, the contents of the document were intended to be shared with others. The second case cited by BlackRock, *In re: Bard IVC Filters Prod. Liab. Litig*., No. 15-MDL-02641 (PHX) (DGC), 2016 WL 3970338 (D. Ariz. July 25, 2016), which in any event was decided under Arizona privilege law, not federal law, provides no useful guidance. In that case, a document that "involve[d] talking points from [defendant's] in-house counsel with respect to an earnings call that will address ongoing litigation" was found to be privileged. *See id*. at *12. The court's opinion in *Bard* does not disclose the contents of the document in question,[4] and thus is not helpful to the analysis here.

---

[3] The dispute in the *Radio One* case involved a rock-and-roll radio program called "Flashback" and a radio program with a similar format called "Backtrack." *See Radio Today, Inc. v. Westwood One, Inc*., 684 F. Supp. 68 (S.D.N.Y. 1988).

[4] The parties in *Bard* described the contents of the document in question differently. Plaintiffs contended that Defendants "failed to establish that the communication [contained in the document] reveals a request for or rendering of advice from a lawyer," while Defendants contended that the document was "providing legal advice regarding communica[ti]ons relating to Bard products which are the subject of litigation." *See Bard*, No. 15-md-02641, ECF 1476-5 at PDF p. 16 (D. Ariz. Apr. 18, 2016).

4

The Court has considered the legend that appears on each page of the document (*i.e.*, "Privileged and Confidential – FOR INTERNAL USE ONLY"), but finds on the facts in this case that the legend does not provide circumstantial evidence that BlackRock intended the contents of the document to be privileged. *See In re Grand Jury Proc.*, No. M-11-189 (LAP), 2001 WL 1167497, at *10 (S.D.N.Y. Oct. 3, 2001) ("While the determination of whether a document is privileged does not depend upon the technical requirement of a privilege legend, the existence of such a legend *may* provide circumstantial evidence that the parties intended certain communications to be privileged." (emphasis added)); *see also Nat'l Day Laborer Org. Network v. United States Immigr. & Customs Enf't*, 486 F. Supp. 3d 669, 692 (S.D.N.Y. 2020) (a legend "is not itself dispositive as to whether the privilege applies"). Again, it is clear that the contents of the "FX Fix Talking Points" document were intended to be provided to third parties and thus that it was not intended by BlackRock to keep the contents of such document privileged.

## CONCLUSION

By reason of the foregoing, the Court finds that the "FX Fix Talking Points" document is not privileged and may be used by the Defendants.[5]

The Court DENIES WITHOUT PREJUDICE the motions to seal that were filed by the parties at ECF Nos. 1110, 1130 and 1132 since they seek to seal the entirety of the documents filed at ECF Nos. 1111, 1131 and 1133. Given the disposition of the foregoing privilege dispute, there is no basis to seal the documents filed, together with their exhibits, in their entirety. However, it appears that the documents may contain sensitive business information. Thus, no later than July

---

[5] The Court does not address whether the subject document will be used "in evidence," as Defendants request. (*See* Defs.' 6/17/22 Ltr. Mot. at 1 and 3.) As Plaintiffs properly note, "[q]uestions of admissibility— as opposed to discoverability—are reserved for Judge Schofield." (*See* Pls.' 6/24/22 Ltr. Resp. at 1 n.1.)

15, 2022, BlackRock shall file proposed redacted versions of the documents filed at ECF Nos. 1111, 1131 and 1133 that redacts only those portions of such documents that BlackRock contends are deserving of confidential treatment.

**SO ORDERED.**

Dated:   New York, New York
         July 1, 2022

_____
STEWART D. AARON
United States Magistrate Judge