October 31, 2022

**<u>UNDER SEAL</u>**

Honorable Stewart D. Aaron
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

Re:   *Allianz Global Investors GmbH, et al.* v. *Bank of America Corp., et al.*,
       No. 18 Civ. 10364 (LGS) (SDA) (S.D.N.Y. 2018)

Dear Judge Aaron,

The parties jointly write to advise the Court that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Accordingly, below the parties propose an expert discovery schedule that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and request other schedule-related relief, including the withdrawal of the pending motions to compel.

This is a complicated case. It involves approximately 30 parties, antitrust claims that span over a decade, millions of transactions in the largest financial market in the world (FX), and large volumes of data about those transactions. In these circumstances, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, the parties agree that the experts will need a meaningful amount of time to continue their econometric and other analyses of the enormous record in this case in order to prepare expert reports. Given these issues, the parties do not believe it is feasible to complete expert discovery in six months, as contemplated by the Amended Civil Case Management Plan and Scheduling Order, entered in 2019. ECF 329, ¶ 9.b.

Accordingly, subject to the Court's approval, the parties have agreed to the following expert schedule:[1]

| Opening Reports | March 17, 2023 |
|---|---|
| Responsive Reports | August 18, 2023 |
| Rebuttal Reports | October 31, 2023 |
| End of Expert Discovery | December 15, 2023 |

---

[1]   The agreement of this schedule is intended to be without prejudice to the parties' rights to request modification pursuant to the normal rules of practice.

███████████████████████████████████████ and subject to the Court's approval of the foregoing expert discovery schedule, the parties have also agreed to withdraw their pending motions to compel at ECF Nos. 1173 and 1174 without prejudice ██████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████████████████.

Tangentially, the parties jointly request confirmation that a 30(b)(6) deposition may proceed after October 31.  One Plaintiff's sole 30(b)(6) designee (who is also a percipient witness) suffered a serious medical event just before the previously scheduled date.  Plaintiffs have informed Defendants that the witness is still recovering.  In light of this, the parties have agreed to hold the deposition after October 31, ████████████████████████████████████████ ███████ ███████████████████ █████████████████████████████████████████ ████.[2]

In addition, the parties report that certain foreign authorities have scheduled proceedings after October 31 in connection with the Court's Hague requests to obtain evidence overseas, or are still processing such requests.  *See* ECF 1108-09.  Specifically, a Danish court recently scheduled proceedings regarding the testimony of two former PFA employees for November 7 (with two additional witnesses not yet scheduled), while the Amsterdam district court has scheduled the testimony of a former Portigon employee for December 1.[3]

The parties thus respectfully request that the Court adopt their proposed expert discovery schedule and deem the motions at ECF Nos. 1173 and 1174 withdrawn without prejudice.  The parties also respectfully request approval for the aforementioned four fact depositions to take place after October 31, 2022.[4]

---

[2]  In deference to the witness's medical privacy, the Plaintiff involved and the witness are not named herein.

[3]  The parties also have a dispute regarding 30(b)(6) testimony of CalSTRS.  Defendants intend to move to compel on this discrete issue, ████████████████████████████████████████ ████████████████████████████████ ███████████████████████████████

[4] As noted, to the parties' knowledge, the Danish authorities have not yet scheduled any proceedings with respect to the testimony of two of the four former PFA employees covered by the Court's Hague request to the Danish authorities.  *See* ECF 1108.  To the extent that the Danish authorities schedule such proceedings, the parties agree that they will meet and confer, as necessary, before raising any objections related thereto to this Court, and that they will not raise any such objection solely on the basis that the proceedings and/or testimony are scheduled to occur after October 31, 2022.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Jeffrey R. Resetarits*<br>Jeffrey J. Resetarits<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 848-4000<br>jeffrey.resetarits@shearman.com<br><br>*Counsel for Defendants Bank of America Corporation, Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith Inc.* | */s/ Daniel L. Brockett*<br>Daniel L. Brockett<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor,<br>New York, New York 10010<br>Tel: (212) 849-7000<br>danbrockett@quinnemanuel.com<br><br>*Counsel for Plaintiffs* |