October 31, 2022

**Via ECF**

Honorable Stewart D. Aaron
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

Re:     *Allianz Global Inv. GmbH, et al. v. Bank of America Corp., et al.*, No. 1:18-cv-10364
        (LGS) (SDA) (S.D.N.Y)

Dear Judge Aaron:

We write on behalf of Defendants pursuant to FRCP 37 seeking an order compelling CalSTRS to
appear for a second 30(b)(6) deposition.

CalSTRS' 30(b)(6) witness testified in mid-August and was unable to answer any questions
about "non-CMP" trading—a substantial category of FX trading that CalSTRS is seeking
damages for in this litigation, and which falls squarely within multiple of the 30(b)(6) deposition
topics that the CalSTRS witness was supposed to be prepared to address.  Defendants repeatedly
raised this deficiency with CalSTRS following the deposition.  CalSTRS never disputed that its
30(b)(6) preparation was materially deficient, but delayed for weeks in responding substantively
to Defendants' correspondence.  Eventually—on the eve of the filing of the parties' September
discovery dispute letter, and as a condition imposed by Defendants for *not* raising this dispute at
that time—CalSTRS finally agreed to appear for a second 30(b)(6) deposition.

After ignoring for several more weeks Defendants' repeated attempts to schedule the deposition,
late last week, CalSTRS suddenly reneged on its agreement, stating that it would only provide
supplemental *written* testimony pertaining to non-CMP trading.  This about-face contravened
CalSTRS' obligation to testify orally on the designated 30(b)(6) topics and its own agreement.

Accordingly, as explained further below, the Court should compel a second 30(b)(6) deposition.[1]

## I.     CalSTRS Failed to Prepare its 30(b)(6) Witness Adequately

Defendants took the deposition of Glenn Hosokawa in his capacity as CalSTRS' 30(b)(6)
witness on August 17 and 18, 2022.  During that deposition, Mr. Hosokawa testified that
CalSTRS entered into FX trades during the relevant period broadly in one of two ways: (1)
through its internally managed Currency Management Program (or "CMP"), which sat within
CalSTRS' Fixed Income portfolio, or (2) outside of the CMP, usually through external asset
managers and/or State Street in connection with investments made by CalSTRS' other portfolios

---

[1] As Defendants stated in the joint letter filed contemporaneously with this letter, Defendants would be willing to
schedule the supplemental 30(b)(6) deposition of CalSTRS in a manner that is consistent with the schedule proposed
in the joint letter.  (*See* ECF No. 1183.)

(e.g., Global Equities, Real Estate, and Private Equity). (*See, e.g.*, Hosokawa Tr. at 52:6-53:9.) Yet, despite Mr. Hosokawa's acknowledgement that CalSTRS engaged in non-CMP trading and that CalSTRS was asserting claims against Defendants on account of such trades, Mr. Hosokawa testified repeatedly that he had no knowledge of such non-CMP trades or trading. (*See, e.g.*, Tr. at 294:23-295:13 ("Anything outside of what we did internally that managed FX or that traded FX, I would not know how they did it.").) Nor did CalSTRS apparently attempt to prepare Mr. Hosokawa to provide any of this information. In addition to conceding his lack of knowledge as to these issues, Mr. Hosokawa testified repeatedly that he had done nothing to educate himself regarding CalSTRS' non-CMP trading. (*See, e.g.*, Tr. at 133:8-15 (stating that "[he] did not" prepare to testify about non-CMP trading).)

There is no question that CalSTRS' preparation of Mr. Hosokawa to testify as its 30(b)(6) witness was materially deficient, and CalSTRS has never disputed this point. Information relating to CalSTRS' non-CMP trading falls squarely within the scope of the topics in Defendants' Amended Notice of 30(b)(6) Deposition of CalSTRS (the "Notice") (attached as **Exhibit A**).[2] Based on the information Plaintiffs have disclosed in discovery, it appears that CalSTRS' non-CMP trades represent a significant portion—perhaps as much as one-third—of the trading that CalSTRS has purported to put at issue in this case. Insofar as CalSTRS intends to continue asserting claims on account of such trades, CalSTRS has impermissibly precluded Defendants from developing substantial and potentially dispositive defenses to those claims, including, for example, lack of privity with Defendants and lack of damages under CalSTRS' alleged theories of harm.

## II.    CalSTRS Must Provide Oral Testimony as to its Non-CMP Trading

Although there does not appear to be any dispute regarding the existence of a material deficiency that CalSTRS must remedy, to Defendants' surprise given the parties' prior communications, there is a dispute regarding how CalSTRS will remedy the deficiency. For at least two reasons, the Court should reject CalSTRS' last-minute attempt to substitute *written* testimony for the oral testimony that it has failed to provide.

*First*, it has long been settled that Plaintiffs would provide *oral* testimony regarding the noticed 30(b)(6) topics. Earlier this year, the parties heavily negotiated (and litigated) which topics would be addressed through oral testimony and which could be addressed through written discovery. (*See* Order, ECF No. 1089 (resolving disputes as to the scope and propriety of the parties' respective 30(b)(6) notices).) The resulting Notice required oral testimony on all of the topics included therein as to all categories of trades—including non-CMP trades—on which

---

[2] *See, e.g.*, Topic 16 (seeking information relating to the "identities and locations of any third parties that executed or intermediated any FX transactions that [CalSTRS] claim[s] to be in-scope in the Action (e.g., custody banks or prime brokers), including [CalSTRS'] understanding of (a) the contract(s) that governed or gave rise to such transactions, (b) whether the third parties executed in-scope FX transactions in an agency or principal capacity, and (c) how the prices, rates, or spreads for such transactions were set"); *see also* Topics 4-5, 7-10, 15 (seeking information relating to various aspects of CalSTRS' FX trading, including, among other things, CalSTRS' evaluation of FX dealers and trading counterparties, electronic trading platforms, and the circumstances under which CalSTRS entered into different types of FX instruments).

CalSTRS is asserting claims in this action.[3]  The only reason that Defendants have not already received the required oral testimony is that CalSTRS failed to prepare its witness adequately. The remedy for that deficiency is for CalSTRS to appear for a second 30(b)(6) deposition.  *See Lehal v. U.S. Marshal Serv.*, 2017 WL 4862781, at *2, 7 (S.D.N.Y. Oct. 17, 2017) (compelling party to appear for a second 30(b)(6) deposition where, as here, the party "[p]roduc[ed] an unprepared witness[, which] is tantamount to a failure to appear") (citation omitted).

*Second*, it is particularly inappropriate for CalSTRS to attempt to substitute written testimony in light of its prior agreements and assurances to Defendants.  The relevant correspondence is attached to this letter as **Exhibit B.**  In brief:

- Defendants raised the deficiency on August 26, and repeatedly thereafter, but CalSTRS did not respond substantively until September 16, when it stated—in response to Defendants' repeated demands for a second deposition—that it would indeed provide "supplemental testimony" regarding non-CMP trading.  (Ex. B at 6-7, 10-11.)[4]

- Defendants sought to clarify the nature of the offered "supplemental testimony," including by requesting a meet and confer—a request CalSTRS ignored.  Defendants set forth in detail their understanding that CalSTRS was agreeing to prepare a second 30(b)(6) witness on various specific points relating to non-CMP trading, and CalSTRS responded by confirming that it "agreed subject to CalSTRS' previously served objections and responses and the agreements reached between the parties."  (Ex. B at 4-7.)  Defendants took CalSTRS at its word and withdrew the dispute from the September 20 discovery letter.  (Ex. B at 4; *see also* ECF No. 1166 at 1.)

- Late last week, after weeks of ignoring Defendants' attempts to schedule the second 30(b)(6) deposition, CalSTRS said it would only provide written supplemental testimony, apparently taking the position that its prior assurances had never explicitly stated that it was agreeing to provide oral testimony.  CalSTRS has offered no reason why it cannot prepare a second 30(b)(6) witness.  (Ex. B at 1.)

Having initially failed to provide the required oral testimony, and having repeatedly assured Defendants that it would do so, CalSTRS should not be permitted to renege and avoid its clear discovery obligations.

---

[3] To the extent CalSTRS harbored objections to preparing a 30(b)(6) witness to testify orally as to its non-CMP trading, it could have and should have raised those objections during the parties' negotiations.  Indeed, the Notice excluded several topics that were included in Defendants' initial 30(b)(6) notice to CalSTRS because CalSTRS had negotiated for (and Defendants agreed to) their being addressed through written discovery rather than oral examination.

[4] As an alternative, Defendants offered to forgo an additional 30(b)(6) deposition of CalSTRS if CalSTRS in turn agreed to withdraw its claims based on non-CMP trades.  (Ex. B at 10-11.)

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Paul S. Mishkin*
Paul S. Mishkin
Charlotte M. Savino
Eric M. Kim
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
paul.mishkin@davispolk.com
charlotte.savino@davispolk.com
eric.kim@davispolk.com

*Attorneys for Defendants The Royal Bank of*
*Scotland plc and NatWest Markets Securities Inc.*